Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**DEBTORS' FIRST OMNIBUS MOTION TO REJECT CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT
TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY
RULE 6006 AS OF THE PETITION DATE**

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT COUNTERPARTY OR LESSOR OF THE DEBTORS, PLEASE REVIEW EXHIBIT 1, ATTACHED HERETO, TO DETERMINE IF THIS MOTION AFFECTS YOUR RIGHTS THEREUNDER.**

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 501 W. 10TH STREET, ROOM 204, FORT WORTH, TEXAS 76102 BEFORE CLOSE OF BUSINESS ON JULY 18,**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

4883-2036-7653

**2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

Corsicana Bedding, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors' First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 as of the Petition Date* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On June 25, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to

manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. An official committee of unsecured creditors has yet to be appointed in these Chapter 11 Cases. Further, no trustee or examiner has been requested or appointed in these Chapter 11 Cases.

4. A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Michael Juniper in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "Juniper Declaration")[2], which was filed on the Petition Date and is incorporated by reference in this Motion.

5. As set forth in the First Day Declarations, the Debtors' business operations have historically involved manufacturing and shipping mattresses and foundations across many product lines, including innerspring, memory foam, air bladder, hybrid models and bed-in-a-box products. The Debtors are headquartered in Texas but operate out of offices and manufacturing plants across the United States. In connection with the operation of their businesses, the Debtors have entered into executory contracts and leases with various vendors and lessors, certain of which are no longer necessary for the Debtors' ongoing business operations.

## Relief Requested

6. By this Motion, pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form of **Exhibit A** (the "Proposed Order"), authorizing and approving the rejection of the executory contracts and unexpired leases listed on **Exhibit 1** of the

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Juniper Declaration.

Proposed Order (the "Contracts")³. The Debtors further request that rejection of the Contracts be authorized and approved as of the Petition Date (the "Effective Date"), which is the date by which the Debtors anticipate that they will no longer be receiving services under the Contracts and will have returned any leased equipment or made such equipment available to the applicable counterparty for pickup.

## Basis for Relief Requested

A.   **Rejection of the Contracts is Supported by the Debtors' Sound Business Judgment**

7.   Section 365(a) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Rejection under section 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Gaur. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (citation omitted). Bankruptcy courts use the business judgment standard to determine whether to approve a lease or contract rejection. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Inst. Inv. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'"). Under the business judgment standard, rejection is appropriate where such rejection would benefit the bankruptcy estate and courts generally defer to the Debtor's judgment absent bad faith or abuse. *See In re Pisces Energy, LLC*, Case No. 09-36591-H5-11, 2009 WL

---

³ Inclusion of an unexpired lease or contract on Exhibit 1 shall not constitute an admission by the Debtors that such unexpired lease or contract is executory or that there are any unperformed obligations under such unexpired lease or contract.

7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("[T]he [business judgment] rule as applied to a bankrupt's decision to reject an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.") (citations omitted).

8. Bankruptcy Rule 6006(f) allows a debtor to file an omnibus motion to reject multiple executory contracts or unexpired leases. FED. R. BANKR. P. 6006(f). Such an omnibus motion to reject multiple contracts and leases must (1) conspicuously state the parties subject to the rejection, (2) list such parties alphabetically and identify their contract or leases, (3) be numbered consecutively with other omnibus motions, and (4) be limited to no more than 100 executory contracts or unexpired leases. *Id.*

9. In the sound exercise of their business judgment, the Debtors have determined that rejecting the Contracts is in the best interests of their estates and creditors. The Debtors have carefully reviewed the necessity of the Contracts and the fees and expenses associated with the Contracts. The Debtors, in their business judgment, believe that the cost and burden to the Debtors and their estates of maintaining the Contracts outweighs any benefits that the Debtors or their estates might receive. The Contracts are not necessary to the Debtors' business going forward but are a drain on the Debtors' resources. Thus, rejection of the Contracts would benefit the Debtors' estates.

10. Additionally, the Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006. The Debtors have listed the parties that are subject to this Motion and counterparties to the Contracts in **Exhibit 1** and those parties are listed alphabetically. This Motion is numbered consecutively and no more than 100 Contracts are listed for rejection herein.

11. Based on the foregoing facts and circumstances, the Debtors submit that the rejection of the Contracts is supported by sound business judgment and is necessary, prudent, and is in the best interests of the Debtors' estates and the Debtors' creditors.

**B.    The Effective Date for Rejection of the Contracts is Appropriate**

12. The Debtors request that the rejection of the Contracts be effective as of the Effective Date, which is the date by which the Debtors anticipate that they will no longer be receiving services under the Contracts and will have returned any leased equipment or made such equipment available to the applicable counterparty for pickup. Although rejection of an executory contract or unexpired lease is generally effective as of the date of the entry of an order of the court approving such rejection, there is substantial authority for permitting retroactive rejection if the Debtor is no longer receiving the benefit of the executory contract or unexpired lease. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of the date the motion to reject was filed or the date the leased space was vacated); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) ("nothing precludes a bankruptcy court, based on the equities of the case, from approving the trustee's rejection of a non-residential real property lease retroactively to an earlier date."); *see also In re Mid-Cities Home Med. Equip. Co., Inc.*, Case No. 19-41232-ELM-11 (Bankr. N.D. Tex. May 17, 2019) (Docket No. 140) (order granting debtor's omnibus motion to reject retroactively to the date the premises were vacated).

13. Here, the equities weigh in favor of granting the relief requested with respect to the Contracts as of the Effective Date. As of the Effective Date, the Debtors anticipate that they will no longer be receiving services under the Contracts and will have returned any leased equipment or made such equipment available to the applicable counterparty for pickup. The

Contracts are no longer of value to the Debtors' estates and rejection effective as of the Effective Date will permit the Debtors to avoid paying for unnecessary services, thereby minimizing the Debtors' administrative expense obligations.

### Reservation of Rights

14. Nothing contained herein is intended or shall be construed as (i) an admission as to the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's rights to dispute the amount of, basis for or validity of any claim or lien against the Debtors, (iii) an admission of any unperformed obligations on the part of the Debtors pursuant to any unexpired lease or contract, or (iv) an admission that any unexpired lease or contract is executory. The Debtors expressly reserve their rights to contest any claim arising under any unexpired lease or contract to which the Debtors may be party.

### Notice

15. Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (ii) the Debtors' secured creditors; (iii) any party whose interests are directly affected by this specific pleading; (iv) those persons who have formally appeared and requested notice and service in these proceedings pursuant to Bankruptcy Rules 2002 and 3017; (v) counsel for the Agent to the proposed DIP Lenders; (vi) counsel for any official committees appointed by this Court; (vii) the 20 largest unsecured creditors of each of the Debtors; and (viii) all governmental agencies having a regulatory or statutory interest in these cases (collectively, the "Notice Parties"). Based on the urgency of the circumstances surrounding this Motion and the nature of the relief requested herein, the Debtors respectfully submit that no further notice is required.

WHEREFORE the Debtors respectfully request that the Court (i) grant the Motion and (ii) grant such other and further relief as is just and proper.

**HAYNES AND BOONE, LLP**

By: */s/ David L. Staab*
Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Joint Administration Requested |

**ORDER GRANTING DEBTORS' FIRST OMNIBUS MOTION TO
REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED
LEASES PURSUANT TO BANKRUPTCY CODE § 365 AND
BANKRUPTCY RULE 6006 AS OF THE PETITION DATE**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

4883-2036-7653

On this date the Court considered the *Debtors' First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006 as of the Petition Date* (the "Motion")[2] of Corsicana Bedding, LLC, *et al.* (collectively, the "Debtors"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. Pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006, the Contracts included on **Exhibit 1** attached hereto are hereby rejected as of the Petition Date without further order of the Court and without the need for further action by the Debtors or any other party.

3. Any claims based on the rejection of the Contracts shall be filed in accordance with the bar date for filing proofs of claims.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

### # # # END OF ORDER # # #

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

4883-2036-7653

**Submitted by:**

Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

4883-2036-7653

## Exhibit 1

**List of Executory Contracts and Unexpired Leases**

| # | Counterparty Name | Counterparty Address | Debtor Counterparty | Contract Description | Contract Start Date |
|---|---|---|---|---|---|
| 1. | La Cuna Encantada, S.A. de C.V. | Poniente 150 no. 800, Industrial Vallejo, Azcapotzalco C.P. 02300, Ciudad de México, México | Corsicana Bedding, LLC | Innerspring requirements contract | 10/9/2020 |
| 2. | AGRO International GmbH & Co. KG | Senfdamm 21, 49152 Bad Essen, Germany | Corsicana Bedding, LLC | Terms and conditions for purchase agreements for innersprings | 1/1/2021 |
| 3. | Moran Real Estate Properties, Ltd. | 3001 U.S. 287, Corsicana, Texas 75109 | Corsicana Bedding, LLC | Unexpired lease for warehouse located at 1101 N. Hwy. 75, Corsicana, Texas 75110 | 9/29/2015 |
| 4. | LaPorte Property, as agent and beneficiary of Lake County Trust Company as Trustee U/T #5148 dated November 2, 1999 | c/o Sheldon Simborg Partner & Beneficiary of Trust Simborg Industrial Real Estate, Inc. 1133 West 175th St. Homewood, Illinois 60430 | Corsicana Bedding, LLC | Unexpired lease for manufacturing plant located at 0755 S 500 W., LaPorte, Indiana 46350 | August 2020 |
| 5. | Highwoods Realty Limited Partnership | HIGHWOODS REALTY LIMITED PARTNERSHIP c/o Highwoods Properties, Inc. 3100 Smoketree Court, Suite 600 Raleigh, North Carolina 27604 | Corsicana Bedding, LLC | Unexpired lease for office space located at 7027 Albert Pick Road, Suite 104 Greensboro, North Carolina 27409 | 5/19/2021 |

4883-2036-7653