RESET

# CHECKLIST FOR LENGTHY MOTIONS AND ORDERS PERTAINING TO CASH COLLATERAL AND POST-PETITION FINANCING

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: Corsicana Bedding, LLC, et al. | ) | CASE NO. 22-90016-elm11 |
| | ) | |
| | ) | HEARING: Monday, June 27, 2022 at 3:30 p.m. CT |
| | ) | |
| **DEBTOR** | ) | |

## ATTORNEY CHECKLIST CONCERNING MOTIONS AND ORDERS PERTAINING TO USE OF CASH COLLATERAL AND POST-PETITION FINANCING (WHICH ARE IN EXCESS OF TEN (10) PAGES)

Motions and orders pertaining to cash collateral and post-petition financing matters tend to be lengthy and complicated. Although the Court intends to read such motions and orders carefully, it will assist the Court if counsel will complete and file this checklist. All references are to the Bankruptcy Code (§) or Rules (R).

PLEASE NOTE:

"*"   Means generally not favored by Bankruptcy Courts in this District.
"**"  Means generally not favored by Bankruptcy Courts in this District without a reason and a time period for objections.

If your motion or order makes provision for any of the following, so indicate in the space provided:

### CERTIFICATE BY COUNSEL

This is to certify that the following checklist fully responds to the Court's inquiry concerning material terms of the motion and/or proposed order:

> Yes, at Page/Exhibit
> Y means yes; N means no
> N/A means not applicable
> (Page Listing Optional)

*Enter Y, N, or N/A*

1. Identification of Proceedings:
   - (a) Preliminary or final motion/order (circle one) .................................. Preliminary
   - (b) Continuing use of cash collateral (§ 363) ........................................ Y
   - (c) New financing (§ 364) ..................................................................... Y
   - (d) Combination of §§ 363 and 364 financing ...................................... Y
   - (e) Emergency hearing (immediate and irreparable harm) .................. Y

2. Stipulations:
   - (a) Brief history of debtor's businesses and status of debtor's prior relationships with lender ................................................................. Y
   - (b) Brief statement of purpose and necessity of financing ................... Y
   - (c) Brief statement of type of financing (i.e., accounts receivable, inventory) ........................................................................................ Y
   - ** (d) Are lender's pre-petition security interest(s) and liens deemed valid, fully perfected and non-avoidable ........................................ Y
     - (i) Are there provisions to allow for objections to above? ........... Y
   - (e) Is there a post-petition financing agreement between lender and debtor? ............................................................................................ Y
     - (i) If so, is agreement attached? ................................................. Y
   - ** (f) If there is an agreement are lender's post-petition security interests and liens deemed valid, fully perfected and non-avoidable? ................. Y
   - (g) Is lender undersecured or oversecured? (circle one) ..................... See note 1
   - (h) Has lender's non-cash collateral been appraised? ......................... N
     - (i) Insert date of latest appraisal ................................................. N/A
   - (i) Is debtor's proposed budget attached? ........................................... Y
   - (j) Are all pre-petition loan documents identified? ............................... Y
   - (k) Are pre-petition liens on single or multiple assets? (circle one) ..... Mulitple
   - (l) Are there pre-petition guaranties of debt? ..................................... Y
     - (i) Limited or unlimited? (circle one) ............................................ Unlimited

3. Grant of Liens:
   - * (a) Do post-petition liens secure pre-petition debts? ............................ Y
   - * (b) Is there cross-collateralization? ...................................................... Y
   - ** (c) Is the priority of post-petition liens equal to or higher than existing liens? ............................................................................................... Y
   - ** (d) Do post-petition liens have retroactive effect? ................................ Y
   - (e) Are there restrictions on granting further liens or liens of equal or higher priority? ............................................................................... Y
   - * (f) Is lender given liens on claims under §§ 506(c), 544-50 and §§ 522? ......................................................................................... N
   - ** (i) Are lender's attorneys fees to be paid? ................................... Y
     - (ii) Are debtor's attorneys fees excepted from § 506(c)? ............ N
   - * (g) Is lender given liens upon proceeds of causes of action under §§ 544, 547 and 548? .................................................................... Y. note 2

Note 1: The Debtors have two proposed DIP Facilities. The DIP Term Loan Facility is undersecured. The Revolver DIP Facility is oversecured.

Note 2: Subject to Final Order.

*Enter Y, N, or N/A*

4. Administrative Priority Claims:
   - (a) Is lender given an administrative priority? ..... Y
   - (b) Is administrative priority higher than § 507(a)? ..... N
   - (c) Is there a conversion of pre-petition secured claim to post-petition administrative claim by virtue of use of existing collateral? ..... Y

5. Adequate Protection (§ 361):
   - (a) Is there post-petition debt service? ..... Y
   - (b) Is there a replacement/addition 361(*l*) lien? (circle one or both) ..... Y
   - ** (c) Is the lender's claim given super-priority? (§ 364(c) or (d)) [designate] ..... 364(c)
   - (d) Are there guaranties? ..... Y
   - (e) Is there adequate Insurance coverage? ..... Y
   - (f) Other? ..... Y

6. Waiver/Release Claims v. Lender:
   - ** (a) Debtor waives or release claims against lender, including, but not limited to, claims under §§ 506(c), 544-550, 552, and 553 of the Code? ..... Y, note 3
   - ** (b) Does the debtor waive defenses to claim or liens of lender? ..... Y

7. Source of Post-Petition Financing (§ 364 Financing):
   - (a) Is the proposed lender also the pre-petition lender? ..... Y
   - (b) New post-petition lender? ..... N
   - (c) Is the lender an insider? ..... N

8. Modification of Stay:
   - ** (a) Is any modified lift of stay allowed? ..... Y
   - ** (b) Will the automatic stay be lifted to permit lender to exercise self-help upon default without further order? ..... N
   - (c) Are there any other remedies exercisable without further order of court? ..... Y
   - (d) Is there a provision that any future modification of order shall not affect status of debtor's post-petition obligations to lender? ..... Y

9. Creditors' Committee:
   - (a) Has creditors' committee been appointed? ..... N
   - (b) Does creditors' committee approve of proposed financing? ..... N/A

10. Restrictions on Parties in Interest:
    - ** (a) Is a plan proponent restricted in any manner, concerning modification of lender's rights, liens and/or causes? ..... Y
    - ** (b) Is the debtor prohibited from seeking to enjoin the lender in pursuant of rights? ..... Y
    - ** (c) Is any party in interest prohibited from seeking to modify this order? ..... N

Note 3: The proposed surcharge waiver includes a waiver of the Debtors' ability to surcharge pursuant to section 506(c) of the Bankruptcy Code against any DIP Collateral and, **subject to entry the Final Order,** the Prepetition Collateral, and any right of the Debtors under the "equities of the case" exception in section 552(b) of the Bankruptcy Code.

*Enter Y, N, or N/A*

| | | | |
|---|---|---|---|
| | (d) | Is the entry of any order conditioned upon payment of debt to lender? | Y |
| | (e) | Is the order binding on subsequent trustee on conversion? | Y |
| 11. | Nunc Pro Tunc: | | |
| | (a) | Does any provision have retroactive effect? | N |
| 12. | Notice and Other Procedures: | | |
| | (a) | Is shortened notice requested? | Y |
| | (b) | Is notice requested to shortened list? | Y |
| | (c) | Is time to respond to be shortened? | Y |
| | (d) | If final order sought, have 15 days elapsed since service of motion pursuant to Rule 4001(b)(2)? | N |
| | (e) | If preliminary order sought, is cash collateral necessary to avoid immediate and irreparable harm to the estate pending a final hearing? | Y |
| | (f) | Is a Certificate of Conference included? | Y |
| | (g) | Is a Certificate of Service included? | N |
| | (h) | Is there verification of transmittal to U.S. trustee included pursuant to Rule 9034? | N |
| | (i) | Has an agreement been reached subsequent to filing motion? | N/A |
| | | (i) If so, has notice of the agreement been served pursuant to Rule 4001(d)(4)? | N/A |
| | | (ii) Is the agreement in settlement of motion pursuant to Rule 4001(d)(4)? | N/A |
| | | (iii) Does the motion afford reasonable notice of material provisions of agreement pursuant to Rule 4001(d)(4)? | N/A |
| | | (iv) Does the motion provide for opportunity for hearing pursuant to Rule 9014? | N/A |

SIGNED this the 25th day of June, 2022.

HAYNES AND BOONE, LLP

Firm: _____

By: /s/ Eli O. Columbus
_____

Attorney's Name: Eli O. Columbus

Texas Bar No.: 24028062

Address: 301 Commerce Street, Suite 2600
Fort Worth, TX 76102

Telephone Number: 817-347-6600

Identification Role in Case: Proposed Counsel to Debtors

# COMMENTS TO CASH COLLATERAL AND DIP FINANCING CHECKLIST

1. **Interim vs. Final Orders**

    a. Stipulations in preliminary or interim orders should be minimized. Notice is generally not adequate to test the validity of stipulations, and they should be avoided to the extent not absolutely necessary to the interim approval process.

    b. Simply state the nature of notice given; do not recite notice was "sufficient and adequate" since that is usually not the case particularly on the first day. The order should simply note that the financing is being approved pursuant to Bankruptcy Rule 4001(c)(2) authorizing such financing to avoid immediate and irreparable harm.

    c. Adequate protection for the use of pre-petition cash collateral may be granted to the extent of a diminution of collateral. The court will not approve on an interim basis language that adequate protection is granted in the form of replacement liens on post-petition assets based on stipulations that "use of cash collateral shall be deemed a dollar for dollar decrease in the value of the pre-petition collateral." At the final hearing, the court will consider evidence to determine the extent to which the lender's pre-petition collateral has or is likely to diminish in value. That evidence will inform the extent to which adequate protection will be granted.

    d. The court expects that other parties in interest will be involved in the process of developing an interim cash collateral order to the extent practicable. If the court finds that the debtor and lender have not made reasonable efforts to afford the best notice possible, preliminary relief will not be granted until parties in interest have had a reasonable opportunity to review and comment on any proposed interim order.

    e. Bankruptcy Rule 4001(b) and (c) limit the extent to which the court may grant relief on less than 15 days' notice. The debtor and the lender must negotiate interim orders within the confines of that authority. Interim orders shall be expressly without prejudice to the rights of parties in interest at a final hearing.

2. **Stipulations**

    a. The lender may request a stipulation as to the amount, validity, priority and extent of the pre-petition documents. The stipulation will only be approved if the order provides the stipulation is binding on other parties in interest only after the passage of an appropriate period of time (customarily 90 days) during which the parties in interest will have the opportunity to test the validity of the lien and the allowance of the claim.

3. **Grant of Liens**

    a. Liens granted in the cash collateral and DIP financing orders may not secure pre-petition debts. Financing orders should not be used to elevate a pre-petition lender's collateral inadequacy to a fully secured status.

    b. Avoidance actions are frequently one of the few sources of recovery for creditors other than secured lenders. Orders granting liens on these unencumbered assets for the benefit of the lender will require a showing of extraordinary circumstances. In most cases the adequate protection grant will protect the lender since the lender will have a super priority under § 507(b) that will give the lender who suffers a failure of adequate protection a first right to payment out of the proceeds from such actions before payment of any other expenses of the Chapter 11 case. Avoidance actions in the event of a conversion to Chapter 7 may be the only assets available to fund the trustee's discharge of his or her statutory duties.

    c. Similarly, limitations on the surcharge of the lender's collateral under § 506(c) are disfavored. The secured creditor may be the principal beneficiary of the proceedings in Chapter 11. Since the burden to surcharge requires a showing of direct benefit to the lender's collateral, lenders are not unreasonably exposed to surcharges of their collateral. And in light of the decision in Hartford Underwriter's Insurance Co. v. Union Planters Bank N.A. (In re Hen House Interstate Inc.), 530 U.S. 1, 120 S.Ct. 1942 (2000), only the DIP or the trustee may recover under § 506(c).

4. **Modification of Stay**

    a. Authority for unilateral action by lender without necessity to return to court to establish post-petition default or breach or at least a notice to parties in interest will not be approved. If the cash collateral or financing order provides for a termination of the automatic stay in the event of a default, parties in interest must have an opportunity to be heard before the stay lifts.

5. **Restrictions on Plan Process**

    a. The court will not approve cash collateral orders (or post-petition financing orders that are in substance cash collateral orders that have the effect of converting all the pre-petition liens and claims to post-petition liabilities under the guise of collecting pre-petition accounts and re-advancing them post-petition) that have the effect of converting pre-petition secured debt into post-petition administrative claims that must be paid in full in order to confirm a plan. That type of provision unfairly limits the ability and flexibility of the debtor and other parties in interest to formulate a plan. That type of provision, granted at the outset of a case, effectively compels the debtor to pay off the secured lender in full on the effective date and has the consequence of eviscerating § 1129(b).

  b. On the other hand, persons who are advancing new money to the debtor post-petition may include in financing orders provisions that the post-petition loans have a § 364(c)(1) super-super priority.

**6. Loan Agreements**

  a. If there will be a loan agreement, the language of the financing order does not need to restate all of the terms of the loan agreement. The financing motion should, however, summarize the essential elements of the proposed borrowing or use of cash collateral, such as, amount of loan facility, sublimits on availability, borrowing base formula, conditions to new advances, interest rate, maturity, events of default, limitation on use of funds and description of collateral.

**7. Professional Fees**

  a. To the extent consistent with the market for similar financings, the lender may request reimbursement of reasonable professional fees. The lender should provide reasonably detailed invoices to the debtor and the committees so a proper assessment of reasonableness can be made.

  b. The parties may agree on carve-outs for estate professionals. Lenders may exclude from the carve-out payment of professional fees for litigation of the extent, validity or perfection of the lender's claim as well as prosecution of lender liability suits. The carve-out should not, however, exclude the due diligence work by the committee or its professionals to determine whether a challenge to the lender is justified.

**8. Work Fees/Loan Fees**

Underwriting a substantial DIP loan may involve both direct out-of-pocket expenses and, at times, a certain lost opportunity cost. The debtor may move for the reimbursement of its lender's direct out-of-pocket expenses. The debtor and lender must be prepared to establish actual out-of-pocket costs, the reasonableness of the costs, and that the type of costs are actually paid in the market. On a case-by-case basis, the court will consider on an expedited basis the debtor's request to pay a reasonable up-front fee to a prospective DIP lender to reimburse it for direct out-of-pocket costs. In addition, in connection with approving a DIP loan facility, on motion of the debtor, the court will consider evidence of market rates and pricing for comparable loans in determining whether commitment fees, facility or availability fees, and other up-front or periodic loan charges are appropriate. The lender must provide evidence that it actually has provided or will provide the services customarily associated with these fees.