Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Martha Wyrick
State Bar No. 24101606
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: martha.wyrick@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER
## AUTHORIZING THE DEBTORS TO FILE THE
## DEBTORS' KEY EMPLOYEE INCENTIVE PLAN UNDER SEAL
## PURSUANT TO  11 U.S.C. § 107 AND FED. R. BANKR. P. 9018

Corsicana Bedding, LLC and its debtor affiliates, as debtors and debtors-in-possession in

the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors'*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

*Motion for Entry of an Order Authorizing Debtors to File the Debtors' Key Employee Incentive Plan Under Seal Pursuant to 11 U.S.C. § 107 and Fed. R. Bankr. P. 9018* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

## Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## General Background

2.      On June 25, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108. No trustee or examiner has been requested or appointed in these Chapter 11 Cases.

3.      On July 8, 2022, the U.S. Trustee appointed an official committee of unsecured creditors in these Chapter 11 Cases (the "Committee").

4.      A detailed description of the Debtors and their businesses, and the facts and circumstances regarding the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Mike Juniper in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Doc. No. 15] (the "First Day Declaration"). The facts and circumstances regarding the

4853-4038-3525

Motion are set forth in greater detail in the *Declaration of Michael Juniper in Support of Debtors' Motion for Entry of an Order: (I) Approving Debtors' Key Employee Incentive Plan and (II) Granting Related Relief* (the "Juniper KEIP Declaration"), which is attached as Exhibit C to the KEIP Motion (as defined below).

## Background Relevant to this Motion

5.      On the date hereof, the Debtors filed the *Debtors' Motion for Entry of an Order: (I) Approving Debtors' Key Employee Incentive Plan and (II) Granting Related Relief* (the "KEIP Motion").  Pursuant to the KEIP Motion and as described more fully therein, the Debtors seek entry of an order authorizing them to, among other things, implement a key employee incentive plan (the "KEIP").  The KEIP is attached to the KEIP Motion as Exhibit B.

6.      The KEIP contains identifying information of the proposed KEIP Participants (as defined in the KEIP Motion), including their names and their potential KEIP payments (collectively, the "Confidential Information"), which the Debtors submit should appropriately be protected from public disclosure.

## Relief Requested

7.      By this Motion, the Debtors respectfully request entry of an order pursuant to section 107(b) of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedure, and Rule 9077-1 of the Local Bankruptcy Rules, substantially in the form attached to this Motion as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to (a) file the redacted version of the Confidential Information, and (b) file the unredacted version of the Confidential Information under seal.  In addition, the Debtors request that the Court direct parties to redact the Confidential Information related to the KEIP that may be contained in any filed pleadings.

4853-4038-3525

## Basis for Relief Requested

8.     Section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Moreover, section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

9.     Bankruptcy Rule 9018 sets forth the procedure by which a party may obtain a protective order authorizing the filing of a document under seal. Bankruptcy Rule 9018 reads in relevant part:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

10.     Local Bankruptcy Rule 9077-1 provides:

> (a) Permitted or Required by Statute or Rule.
>
> A party may file under seal any document that a statute or rule requires or permits to be so filed. The term "document," as used in this rule, means any pleading, motion, other paper, or physical item that the Federal Rules of Bankruptcy Procedure permit or require to be filed.
>
> (b) Motions to File Documents Under Seal.

4853-4038-3525

If no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the Presiding Judge.

(c) Procedure.

When a party files a document under seal or a motion for leave to file a document under seal, the party must submit with the motion the original and a judge's copy of the document to be filed under seal, along with an electronic copy of the document on electronic media. The original of the document must be referenced as an exhibit to the motion. If leave to file the document under seal is granted, the Bankruptcy Clerk must file the original of the document under seal.

Local Bankruptcy Rule 9077-1.

11.     Once the Court determines that a party in interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (stating that section 107(b)(1) of the Bankruptcy Code creates an exception to the general rule that court records are open to examination by the public); *see also In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (stating that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury.").

12.     Courts have also stated that commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See In re Meyrowitz*, No. 06-31660-bjh-11, 2006 WL 6544093, at *2 (Bankr. N.D. Tex. Oct. 27, 2006); *see also In re Orion Pictures Corp.*, 21 F.3d at 28 (stating that to invoke section 107(b)(1) of the Bankruptcy Code, a party has to show only that the information it wishes to seal is "confidential commercial" in nature).

4853-4038-3525

13.     The Confidential Information includes information regarding the KEIP Participants, including their names, as well as their potential KEIP payments, which the Debtors submit needs to be protected from public disclosure. If such information were to be made public, confidential information would be disclosed to the detriment of the Debtors, their estates, their creditors and their employees. In particular, the Debtors submit that the disclosure of such Confidential Information may make it easier for competing employers to lure away eligible employees whose services are critical to preserving value for the benefit of the Debtors' estates. Additionally, the public disclosure of the names of the KEIP Participants may cause harm or distress to such employees, thus lowering employee morale and disrupting the restructuring process.

14.     Creditors and parties-in-interest in these Chapter 11 Cases will not be prejudiced by allowing the Debtors to file the Confidential Information under seal. Simultaneous with the filing of this Motion, the Debtors will deliver a physical copy of the Confidential Information to the Court, the Office of the United States Trustee, counsel to the DIP Agents (as defined in the KEIP Motion), and counsel to the Committee.

15.     Under the circumstances, the Debtors believe that the relief requested in this Motion is in the best interest of the Debtors, their estates, and all creditors.

## **Notice**

16.     Notice of this Motion will be provided to the parties listed on the Debtors' complex service list in accordance with the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* (collectively, the "Notice Parties").

4853-4038-3525

## **Conclusion**

**WHEREFORE**, based on the foregoing, the Debtors respectfully request that the Court

(i) grant the Motion, and (ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 15th day of July 2022.


By: */s/ Eli O. Columbus*
Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Martha Wyrick
State Bar No. 24101606
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: martha.wyrick@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

4853-4038-3525

## Exhibit A

## Proposed Order

**IN IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' MOTION FOR ENTRY OF AN ORDER
AUTHORIZING THE DEBTORS TO FILE THE
DEBTORS' KEY EMPLOYEE INCENTIVE PLAN UNDER SEAL
PURSUANT TO 11 U.S.C. § 107 AND FED. R. BANKR. P. 9018**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

4853-4038-3525

Upon the *Debtors' Motion for Entry of an Order Authorizing Debtors to File the Debtors'*
*Key Employee Incentive Plan Under Seal Pursuant to 11 U.S.C. § 107 and Fed. R. Bankr. P. 9018*
(the "Motion")[2] of Corsicana Bedding, LLC, *et al.* (collectively, the "Debtors"); and the Court
having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C.
§ 1334 and the *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc*,
Miscellaneous Rule No. 33 (N.D. Tex. August 3, 1984); and consideration of the Motion and the
requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that
venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper
notice of the Motion having been provided, and it appearing that no other or further notice need
be provided; and the Court having reviewed the Motion; and the Court having held a hearing on
the Motion; and all objections, if any, to the Motion have been withdrawn, resolved, or overruled;
and the Court having determined that the legal and factual bases set forth in the Motion establish
just cause for the relief granted herein; and upon all of the proceedings had before the Court and
after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      The Debtors are authorized to file the unredacted version of the Confidential
Information under seal.

3.      All parties are directed to redact any Confidential Information which may be
contained in any pleadings filed in these Chapter 11 Cases.

4.      The Confidential Information shall remain under seal for no longer than one year
from the date of entry of this Order, unless the Court orders otherwise.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

4853-4038-3525

5.     The only entities permitted to review the Documents are those entities specified herein unless the Court specifically rules otherwise: (1) the judge presiding over this case, (2) the law clerk to whom the matter is assigned internally by the presiding judge, (3) the Courtroom Deputy responsible for this matter, (4) the Clerk of the Court, (5) the presiding judge and staff of any appellate tribunal; (5) the Office of the United States Trustee; (6) the Committee and the Committee's professionals; (7) the DIP Agents and the DIP Agents' professionals; (8) the Debtors and the Debtors' professionals, and (9) certain additional parties at the Debtors' discretion.

6.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #   END OF ORDER   # # #

**Submitted by:**

Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Martha Wyrick
State Bar No. 24101606
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: martha.wyrick@haynesboone.com

**PROPOSED ATTORNEYS FOR DEBTORS**

4853-4038-3525