

**CLERK, U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed August 1, 2022**

_____
**United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORSICANA BEDDING, LLC, *et al.*, | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

### ORDER GRANTING IN PART, AND DENYING IN PART, MOTION FOR EXPEDITED HEARING

On July 29, 2022, Englander Sleep Products, LLC ("**Movant**") filed (1) *Englander Sleep Products, LLC's Motion for Relief from the Automatic Stay* [Docket No. 220] (the "**Lift Stay Motion**"), and (2) *Englander Sleep Products, LLC's Motion for Expedited Hearing on Motion for Relief from the Automatic Stay* [Docket No. 228] (the "**Motion to Expedite**"). Pursuant to the Motion to Expedite, noting that a tentative auction with respect to the Debtors' proposed sale of certain assets has been scheduled for August 12, 2022, at 10:00 a.m. (Central Time) (the "**Auction**") under the terms of the Court's recently entered order approving bid procedures [Docket No. 215] (the "**Bid Procedures Order**"), Movant requests that the Lift Stay Motion be set for hearing prior to the Auction because its resolution "will potentially determine the conduct and outcome of the Auction" inasmuch as, if the stay relief is granted, it would allegedly "alter the assets being bid on at the auction." *See* Motion to Expedite, ¶¶ 6 and 10. Thus, Movant suggests that, for efficiency and the avoidance of potentially duplicative sales processes, it would be advisable to determine the Lift Stay Motion prior to the Auction to provide certainty to the sale process. *See id.*, ¶ 11.

Movant reports in the Motion to Expedite that while both the Debtors and Blue Torch Finance, LLC ("**Blue Torch**") (whose affiliate is the designated stalking horse bidder) oppose a hearing on the Lift Stay Motion prior to the Auction, they are not opposed to having the Lift Stay

Motion set on the same date and at the same time as the sale hearing that has been set pursuant to the Bid Procedures Order – *i.e.*, August 16, 2022, at 1:30 p.m. (Central Time) (the "**Sale Hearing**"). *See id.*, ¶ 8. Separately, both the Debtors and the Official Committee of Unsecured Creditors ("**Committee**") have filed formal written objections to the Motion to Expedite (collectively, the "**Objections**"). *See* Docket Nos. 229 and 237. Through their Objections, the Debtors and the Committee acknowledge the interplay between the matters alleged within the Lift Stay Motion and the sales process, implicitly thereby also recognizing the potential risks associated with moving forward with the Auction prior to resolution of such matters; however, the Debtors and the Committee also raise the concern that the sales process may be adversely impacted if a proceeding(s) involving the matters at issue in the Lift Stay Proceeding is (are) conducted prior to the Sale Hearing. Neither the Debtors nor the Committee are opposed to having the Lift Stay Motion set for hearing at the same time as the Sale Hearing.[1]

Having now considered the Motion to Expedite and the Objections, the Court finds that the Movant has failed to substantiate how its rights would be prejudiced if the Lift Stay Motion is not heard prior to the Auction, and thus has correspondingly failed to present sufficient cause to grant the request for a hearing on the Lift Stay Motion prior to the Auction. The Court does find, however, that the Movant has established sufficient cause to grant the request for an expedited final hearing on the Lift Stay Motion at the same time as the Sale Hearing. Therefore, it is hereby:

**ORDERED** that the Motion to Expedite be and is hereby GRANTED IN PART, AND DENIED IN PART, as follows:

1. A final evidentiary hearing on the Lift Stay Motion shall be conducted on **August 16, 2022, at 1:30 p.m. (prevailing Central Time)**, before the Honorable Edward L. Morris, U.S. Bankruptcy Court, at the Eldon B. Mahon U.S. Courthouse, 501 W. Tenth Street, Room 204, Fort Worth, Texas 76102 and by WebEx videoconference at https://us-courts.webex.com/meet/morris.

2. A deadline of **5:00 p.m. (prevailing Central Time) on August 12, 2022,** is hereby fixed for the filing and service of any objections to the Lift Stay Motion.

3. The Movant and all objectors shall comply with the provisions of N.D. Tex. L.B.R. 9014-1(c).

4. All other relief requested within the Motion to Expedite is denied.

### END OF ORDER ###

---

[1] The Committee additionally asserts within its objection that the matters raised within the Lift Stay Motion are not matters that can be determined on motion, but rather require an adversary proceeding. In being amenable to a setting on the Lift Stay Motion at the same time as the Sale Hearing, the Committee has not waived its right to assert such grounds for objection in response to the Lift Stay Motion.