## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| Corsicana Bedding, LLC, *et al*, | § | Case No. 22-90016-elm11 |
|  | § |  |
| Debtors.[1] | § | (Jointly Administered) |
|  | § |  |
|  | § |  |

## APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISOR EFFECTIVE AS OF JULY 11, 2022

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, #1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 24, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

The Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby submits this application (the "Application") for entry of an order pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rules 2014-1 and 2016-1, authorizing the employment and retention of Alvarez & Marsal North America, LLC (together with its and its affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and employees, "A&M"), as financial advisor to the Committee, effective as of July 11, 2022. In support of this Application, the Committee relies on the declaration of Mark Greenberg (the "Greenberg Declaration"), attached hereto as **Exhibit B** incorporated herein by reference, and respectfully states as follows:

## JURISDICTION

1.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over the Debtors' chapter 11 cases and this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The relief requested is consistent with the U.S. Trustee Guidelines. Venue of these cases in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code. Relief is also proper pursuant to Bankruptcy Rule 2014 and Local Rules 2014-1 and 2016-1. Compensation will be in accordance with sections 330 and 331 of the Bankruptcy Code.

## BACKGROUND

3.      On June 25, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

4.  The Debtors continue to operate their business as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No request has been made for the appointment of a trustee or an examiner.

5.  On July 8, 2022 (the "Formation Date"), the United States Trustee for Region 6 (the "U.S. Trustee") appointed the Committee pursuant to Bankruptcy Code section 1102. The Notice of Appointment of Committee of Unsecured Creditors [Docket No. 95] was filed on July 8, 2022.

6.  On July 11, 2022, the Committee selected A&M to provide financial advisory services to the Committee.

## RELIEF REQUESTED

7.  By this Application, the Committee requests entry of an order, in the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code sections 328 and 1103(a) of the Bankruptcy Code, and Bankruptcy Rule 2014(a) approving the employment and retention of A&M as financial advisor to the Committee in these chapter 11 cases.

8.  The Committee requests that A&M's retention be effective as of July 11, 2022.

9.  The Committee is familiar with the professional standing and reputation of A&M. The Committee understands and recognizes that A&M has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in chapter 11 cases on behalf of debtors and creditors throughout the United States.

10. The services of A&M are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value

of their estates and to reorganize successfully. Further, A&M is well qualified and able to represent the Committee in a cost-effective, efficient, and timely manner.

**SCOPE OF SERVICES**

11.    The Committee and A&M arrived at a mutual agreement as to the substantial efforts that will be required in this engagement as described herein. Subject to further order of the Court, A&M will provide such advisory services to the Committee and its legal advisors as A&M and the Committee deem appropriate and feasible over course of these chapter 11 cases, including but not limited to the following:

(a)    Assist in the assessment and monitoring of cash flow budgets, liquidity and operating results;

(b)    Assist in the review of Court disclosures, including the Schedules of Assets and Liabilities, the Statements of Financial Affairs, and Monthly Operating Reports;

(c)    Assist in the review of the Debtors' cost/benefit evaluations with respect to the assumption or rejection of executory contracts and/or unexpired leases;

(d)    Assist in the analysis of any assets and liabilities and any proposed transactions for which Court approval is sought;

(e)    Assist in the review of the Debtors' proposed key employee retention plan and key employee incentive plan;

(f)    Attend meetings with the Debtors, the Debtors' lenders and creditors, potential investors, the Committee and any other official committees organized in these chapter 11 cases, the U.S. Trustee, other parties in interest, and professionals hired by the same, as requested;

(g)    Assist in the review of any tax issues;

(h)    Assist in the investigation and pursuit of causes of actions;

(i)    Assist in the review of the claims reconciliation and estimation process;

(j)    Assist in the evaluation of the Debtors' business plan;

(k)    Assist in the review of the sales or dispositions of the Debtors' assets;

(l)     Assist in the valuation of the Debtors' enterprise and equity, and the analysis of debt capacity

(m)     Assist in the review and/or preparation of information and analysis necessary for the confirmation of a plan in these chapter 11 cases;

(n)     Participating in hearings before the Court with respect to matters based upon which A&M has provided advice, including, as relevant, coordinating with the Committee's counsel with respect to such participation; and

(o)     Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary, consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 cases.

12.     In order for A&M to perform the services set forth above, it will be necessary for A&M personnel to have access to certain books, records and reports of the Debtors and to have discussions with the Debtors' personnel. Accordingly, the Committee understands that, to the extent A&M is not given the Debtors' cooperation or access to the Debtors' personnel, books and records and other sources of data, A&M's ability to provide the services set forth above will be limited.

13.     Because of the limitations in this proposed retention, the depth of A&M's analysis and verification of the data are limited. It is understood by the Committee that A&M is not being requested to perform an audit and that A&M will rely on the accuracy and validity of the data disclosed to A&M or supplied to A&M by, or on behalf of, employees and representatives of the Debtors or the Committee. A&M is not updating, nor is A&M under any obligation to update, data submitted to A&M or reviewing any other areas unless specifically requested by the Committee.

14.     The Committee understands that the services to be rendered may include a review and assessment of projections and other forward-looking statements and that numerous

factors can affect the actual results of the Debtors' operations, which may materially and adversely differ from those projections and other forward-looking statements.

15.     All advice (written or oral) provided by A&M to the Committee in connection with this engagement is intended solely for the benefit and use of the Committee in considering the matters to which this engagement relates.

16.     In the provision of services to the Committee, it is expected that the Committee and third parties will provide to A&M certain personally identifiable information or other personal data regarding employees, creditors and other constituents, the processing or transfer of which may be subject to Data Protection Laws.  "Data Protection Laws" means all applicable U.S. and foreign national, federal, state and/or local laws, rules, regulations or other binding instruments in relation to the processing or protection of personal data, including, but not limited to, the EU General Data Protection Regulation (GDPR).  In furtherance thereof, the Committee acknowledges and agrees: it is expected that such information (and work product containing such information) will be transferred by A&M, on behalf of the Committee, to third parties including other agents and professionals of the Committee acting within this matter (i.e., the Committee's counsel and  other advisors) as well as, at the Committee's direction, other constituents in the Debtors' cases, including but not limited to creditors and their representatives as well as any applicable judicial, regulatory or governmental bodies.  A&M agrees to comply with Data Protection Laws in connection with the services being provided by A&M to the Committee.

17.     From time to time, Alvarez & Marsal North America, LLC may utilize the services of the employees of its affiliates in the performance of services hereunder.  Such affiliates

are wholly-owned by Alvarez & Marsal North America, LLC's parent company and certain employees.

## PROFESSIONAL COMPENSATION

18.     The Committee has agreed to the following compensation, in addition to certain indemnification obligations described below, for the services to be provided by A&M in these chapter 11 cases:

    (a)     Hourly Rates: A&M will be paid by the Debtors for the services of A&M professionals at the following hourly rates, subject to periodic adjustments:

| | | |
|---|---|---|
| a. | Managing Directors | $975-$1,295 |
| b. | Directors | $750-$950 |
| c. | Associates | $550-$750 |
| d. | Analysts | $425-$525 |

    (b)     Expense Reimbursement: A&M will be reimbursed for reasonable expenses incurred in connection with this engagement such as travel, lodging, third party duplication, messenger and telephone charges; reasonable expenses include any reasonable legal fees incurred for A&M's defense of its retention application and fee applications submitted in these chapter 11 cases, subject to Court approval.

19.     The proposed order provides that A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable the Local Rules and any further orders of this Court for all services performed and expenses incurred since July 11, 2022.

## INDEMNIFICATION PROVISIONS

20.     The Committee has agreed that neither A&M nor any of its agents, representatives, members or employees shall have any liability (whether direct or indirect, in contract or tort or otherwise), to the Committee for, or in connection with, the engagement of A&M

contemplated hereunder except for any such liability for losses, claims, damages or liabilities incurred by the Committee that are finally judicially determined by the Court to have primarily resulted from the gross negligence or willful misconduct of A&M.

21.    As part of the overall compensation payable to A&M, subject to paragraphs 23 and 24 below and the Order approving this Application, the Committee has agreed to request that the Court require the Debtors to indemnify, defend and hold harmless A&M and its affiliates and their respective personnel ("Indemnified Parties") for any claims arising from, related to, or in connection with A&M's engagement and to request that this Court enter an order approving such indemnification obligation.  The Committee and A&M believe that such provisions are customary and reasonable for financial advisory engagements in chapter 11.

22.    In addition,  subject to paragraphs 23 and 24 below, in the event that, at any time whether before or after termination of the engagement, as a result of, or in connection with, A&M's engagement and its personnel's role hereunder, A&M or any Indemnified Party is required to produce any of its personnel (including former employees) for examination, deposition or other written, recorded or oral presentation, or A&M or any of its personnel (including former employees) or any other Indemnified Party is required to produce or otherwise review, compile, submit, duplicate, search for, organize or report on any material within such Indemnified Party's possession or control pursuant to a subpoena or other legal (including administrative) process, the Committee requests that the Court approve the Debtors' obligation to reimburse the Indemnified Party for its out-of-pocket expenses, including the reasonable fees and expenses of its counsel, and to compensate the Indemnified Party for the time expended by its personnel based on such personnel's then current hourly rate.

23.     The Debtors shall have no obligation to indemnify an Indemnified Party for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from the Indemnified Party's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to the Indemnified Party's bad faith, gross negligence or willful misconduct but determined by this Court, after notice and a hearing pursuant to paragraph 24 below, to be a claim or expense for which the Indemnified Party is not entitled to receive indemnity under the terms of this Application.

24.     If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, an Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations described above, including, without limitation, the advancement of defense costs, the Indemnified Party must file an application therefore in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph 24 is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by A&M for indemnification, contribution or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify A&M.

25.     Because A&M and its professional service provider affiliates and subsidiaries comprise a consulting firm (the "Firm") that serves clients on an international basis in numerous cases, both in and out of court, it is possible that the Firm may have rendered or will render services to, or have business associations with, other entities or people which had, have or may have relationships with the Committee members.  The Firm will not be prevented or restricted

by virtue of providing the services to the Committee in connection with these chapter 11 cases from providing unrelated services to other entities or individuals, including entities or individuals whose interests may be in competition or conflict with the Committee members, provided the Firm makes appropriate arrangements to ensure that the confidentiality of information is maintained.

26.     The Committee respectfully submits that these indemnification provisions are reasonable for financial advisory engagements both out of court and in chapter 11 cases. Accordingly, as part of this Application, the Committee requests that this Court approve the indemnification provisions.

## NO DUPLICATION OF SERVICES

27.     The Committee believes that the services provided by A&M will not duplicate the services that other professionals will be providing to the Committee in these chapter 11 cases. Specifically, A&M will carry out unique functions and will use reasonable efforts to coordinate with the Committee, Pachulski Stang Ziehl & Jones LLP, and the other professionals retained in these chapter 11 cases to avoid the unnecessary duplication of services.

## A&M'S RELATIONSHIPS AND CONFLICTS DISCLOSURES

28.     The Committee believes that A&M has no connection with the Debtors, their creditors, or other parties in interest, except as otherwise set forth in the Greenberg Declaration. Pursuant to Bankruptcy Code section 1103(b), the Committee believes that, except as set forth in the Greenberg Declaration, A&M does not represent any other entity having an adverse interest in connection with the chapter 11 cases.

29.     A&M has conducted, and will conduct, an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, A&M will supplement its disclosure to this Court.

30. A&M has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## BASIS FOR RELIEF

31. By this Application, the Committee requests that the Court approve the compensation arrangements set forth herein pursuant to Bankruptcy Code sections 328(a), 330, and 1103(a). The compensation arrangements are highly beneficial to the Debtors' estates because they provide the proper inducement for A&M to act expeditiously and prudently with respect to the matters for which it will be employed.

32. The Committee has specifically selected A&M to serve as its financial advisor because of its extensive experience in advising debtors, individual creditors, creditors' committees, and other constituents in large chapter 11 cases. Pursuant to Bankruptcy Code section 328(a), the Committee may retain A&M on reasonable terms and conditions. The Committee submits that A&M's terms of compensation and expense reimbursement as set forth herein are reasonable.

## SATISFACTION OF LOCAL RULE 2014-1

33. Local Rule 2014-1 provides that an application for employment of a professional made within 30 days of such employment shall be deemed contemporaneous. This Application was filed within 30 days after the Committee's employment of A&M. The Committee therefore submits that the criteria set forth in Local Rule 2014-1 have been satisfied.

## NO PRIOR REQUEST

34. No prior application for the relief requested herein has been made to this or any other court.

## NOTICE

35.     Notice of this Application will be provided to the parties listed on the Debtors' complex service list in accordance with the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment* [Docket No. 55]. The Committee submits that such notice is sufficient and that no other or further notice be provided.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: August 3, 2022

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF CORSICANA BEDDING, LLC, et al.**
*/s/ Anita Huffman*
By: TWE Nonwovens US, Inc.
    Its: Authorized Representative

Solely in TWE Nonwovens US, Inc.'s capacity as Chair of the Official Committee of Unsecured Creditors of Corsicana Bedding, LLC, et al. and not in its individual capacity

**Exhibit A**
**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| **Corsicana Bedding, LLC**, *et al.*, | § | Case No. 22-90016-elm11 |
|  | § |  |
| Debtors.[1] | § | (Jointly Administered) |
|  | § |  |
|  | § |  |

**ORDER AUTHORIZING EMPLOYMENT AND RETENTION**
**OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS**
**FINANCIAL ADVISOR EFFECTIVE AS OF JULY 11, 2022**

Upon the application (the "Application")[2] of the Official Committee of Unsecured

Creditors (the "Committee") appointed in the chapter 11 cases of the above-captioned debtors and

debtors in possession (collectively, the "Debtors"), for entry of an order pursuant to sections 328,

and 1103 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the

employment and retention of Alvarez & Marsal North America, LLC (together with its and its

affiliates' and wholly owned subsidiaries' respective agents, independent contractors, and

employees, "A&M"), as financial advisor to the Committee, effective as of July 11, 2022; and

upon the Greenberg Declaration; and due and adequate notice of the Application having been given;

and it appearing that no other notice need be given; and it appearing that A&M does not represent

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

[2]    Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Application.

any adverse interest in connection with these cases; and it appearing that the relief requested in the

Application is in the best interest of the Committee; it is hereby

ORDERED that:

1.      The Application is approved as set forth therein.

2.      In accordance with Bankruptcy Code sections 328 and 1103, the Committee shall

employ and retain A&M effective as of July 11, 2022, as its financial advisor on the terms set forth

in the Application without the need for any further action on the part of A&M or the Committee

to document such retention.

3.      The terms of A&M's engagement, as set forth in the Application, including, without

limitation, the compensation provisions and the indemnification provisions, are reasonable terms

and conditions of employment and are hereby approved.  However, any of the Debtors' obligations

to indemnify the Indemnified Parties are subject to the following:

(a) all requests by an Indemnified Party for the payment of indemnification as set forth in

this Order shall be made by means of an application to the Court and shall be subject to

review by the Court to ensure that payment of such indemnity conforms to the terms of the

Application and this Order and is reasonable under the circumstances of the litigation or

settlement in respect of which indemnity is sought; provided, however, that in no event

shall an Indemnified Party be indemnified in the case of its own bad faith, breach of

fiduciary duty (if any), gross negligence or willful misconduct (including self-dealing);

(b) in no event shall an Indemnified Party be indemnified if the Debtors or a representative

of the estate, asserts a claim for, and a court determines by final order (which final order is

no longer subject to appeal) that such claim arose out of such Indemnified Party's own bad

faith, self-dealing, breach of fiduciary duty (if any), gross negligence or willful misconduct; and

(c) in the event an Indemnified Party seeks reimbursement from the Debtors for attorneys' fees and expenses in connection with the payment of an indemnity claim pursuant to this Order, the invoices and supporting time records from such attorneys shall be included in A&M's own applications, both interim and final, and such invoices and time records shall be subject to the United States Trustee's Guidelines for compensation and reimbursement of expenses and the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code.

4.       A&M shall file applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331, such Bankruptcy Rules as may then be applicable, the Local Rules and such other procedures as may be fixed by order of this Court.

5.       To the extent that there may be any inconsistency between the terms of the Application and this Order, the terms of this Order shall govern.

6.       The Committee is authorized to take all actions it deems necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

7.       The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8.     This Court shall retain jurisdiction with respect to all matters arising or related to the implementation of this Order or A&M's services for the Committee.

Dated: _____, 2022

_____
HONORABLE EDWARD L. MORRIS
UNITED STATES BANKRUPTCY JUDGE

**Exhibit B**
**(Declaration)**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | **Chapter 11** |
| | § | |
| **Corsicana Bedding, LLC,** *et al.*, | § | **Case No. 22-90016-elm11** |
| | § | |
| **Debtors.**[1] | § | **(Jointly Administered)** |
| | § | |
| | § | |

**DECLARATION IN SUPPORT OF APPLICATION OF THE OFFICIAL**
**COMMITTEE OF UNSECURED CREDITORS AUTHORIZING EMPLOYMENT**
**AND RETENTION OF ALVAREZ & MARSAL NORTH AMERICA, LLC**
**AS FINANCIAL ADVISORS EFFECTIVE AS OF JULY 11, 2022**

Pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), I, Mark Greenberg, declare under penalty of perjury that:

1. I am a Managing Director with Alvarez & Marsal North America, LLC

(together with its and its affiliates' wholly owned subsidiaries' respective agents, independent

contractors and employees "A&M"), a financial advisory services firm with numerous offices

throughout the country. I submit this Declaration on behalf of A&M (this "Declaration") in

support of the application (the "Application") of the Official Committee of Unsecured Creditors

(the "Committee") of Corsicana Bedding, LLC and its affiliated debtors and debtors in possession

(collectively, the "Debtors"), for an order authorizing the employment and retention of A&M as

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax
identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227)
("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185)
("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton
House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida,
Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania");
Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc.
(1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The
location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

financial advisor under the terms and conditions set forth in the Application.[2] Except as otherwise noted,[3] I have personal knowledge of the matters set forth herein.

## **DISINTERESTEDNESS AND ELIGIBILITY**

2.      A&M, together with its professional service provider affiliates (the "<u>Firm</u>"), utilize certain procedures to determine the Firm's relationships, if any, to the parties that may have a connection to the Debtors. In implementing the Firm procedures, the following actions were taken to identify the Firm's relationships with such parties:

(a) In connection with the preparation of this Declaration, the Committee requested and obtained from the Debtors the list of potentially interested parties in the Debtors' Chapter 11 cases.  From that list, the Committee's professionals created the search list attached hereto as **Exhibit 1** which includes the following categories: Debtors; Other Names (Used in Last 8 Years); Current Officer and Directors; First Lien Lenders Agent; Bondholders Agent; Equity Holders; Committee Members;**,** Top Unsecured Creditors; Bankruptcy Judges/Clerk/Staff for the Northern District of Texas (Region 6); Attorneys/Staff for the Office of the United States Trustee for the Northern District of Texas (Region 6); and, Vendors[4] (the "<u>Potential Parties in Interest</u>").

(b) A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "<u>Client Database</u>").  The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

[3] Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by them.

[4] A&M conducted a search of 39 Vendors.  These Vendors were selected as they represent 85% of the total payments made to all of the Debtors' vendors within the 12 months prior to bankruptcy.

had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

(c) An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and certain significant Potential Parties in Interest or the Debtors, on the other hand,[5] (ii) any known connections or representation by the respondent and/or the Firm of any of those Potential Parties in Interest in matters relating to the Debtors; and (iii) any other conflict or reason why A&M may be unable to represent the Committee.

(d) Based on such review, known connections between the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in **Exhibit 2** annexed hereto.

3.      Based on the results of its review, A&M does not have a relationship with any of the parties on Exhibit 1 in connection with these proceedings except as otherwise described below.

4.      In addition to the relationships described on Exhibit 2, we note the following:

(a)      In 2020-21, A&M performed financial advisory services to the UCC of Frontier Communications Corporation and its affiliated debtors and debtors in possession (including Citizens Communications Co), who are Potential Parties in Interest and listed as utility providers to the Debtors.

(b)      Alvarez & Marsal Inc. ("A&M Inc."), an entity controlled by Bryan Marsal and Antonio Alvarez II, is the majority owner of Alvarez & Marsal Holdings, LLC ("A&M Holdings"). A&M Holdings is the sole owner of A&M. Messer's Marsal and

---

[5] In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family: (a) indirectly owns, through a public mutual fund or through partnerships in which certain A&M professionals have invested but as to which such professionals have no control over or knowledge of investment decisions, securities of the Debtors or other parties in interest; or (b) has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the Debtors' estates. It is also noted that in the course of our review it came to A&M's attention that A&M personnel hold de minimis investments, representing not more than 0.01% of the equity interests in the related entity, in various parties in interest, including but not limited to, AT&T, Bank of America, Comcast and Verizon Wireless.

Alvarez comprise the Board of Managers of A&M Holdings and two of the Board of Managers of A&M. Messer's Marsal and Alvarez, together with A&M Inc., indirectly control a significant interest in the general partner of A&M Capital, a private equity investment firm affiliated with A&M through its common management and ownership, and participation of employees described herein which manages various funds (the "A&M Capital Funds"). Also, certain A&M employees have invested in limited partnership interests in the A&M Capital Funds and, indirectly, their general partners and, from time to time, A&M and/or its professional service provider affiliates provide services to the A&M Capital Funds. The investments of the A&M Capital Funds are private equity investments in companies including Classic Brands, which is a leader of specialty sleep products and leather furniture sold in store chains nationwide and globally online. While Classic Brands is not a Potential Party in Interest in these cases, its products include mattresses and other sleep products that could potentially be in competition with certain products of the Debtors. In addition, as part of a group of domestic mattress producers, Corsicana Bedding filed petitions with the U.S. International Trade Commission ("ITC") in support of "antidumping" and "countervailing duty" claims related to the importation of mattresses from foreign countries by several mattress importers including Classic Brands. Those claims were resolved adversely to Classic Brands by ITC's Final Determination on or about May 10, 2021.

5.     A&M has provided and reasonably expects to continue to provide services unrelated to the Debtors' cases for the various entities shown on Exhibit 2. Except as otherwise described herein, A&M's assistance to these parties has been, and will be, related to providing various business advisory, performance improvement, financial restructuring, interim management, litigation support, investigatory or other consulting services in matters unrelated to the Debtors' Chapter 11 cases. To the best of my knowledge, no services adverse to the rights of the Committee have been provided to these parties in interest, nor does A&M's involvement in these cases compromise its ability to continue such consulting services.

6.     Further, as part of its diverse practice, A&M appears in numerous cases, proceedings and transactions that involve many different professionals, including attorneys, accountants and financial consultants, who may represent claimants and parties-in-interest in the Debtors' cases. Also, A&M has performed in the past, and may perform in the future, advisory services for various attorneys and law firms, and has been represented by several attorneys, law

firms and financial institutions, some of whom may be involved in these proceedings. In addition, A&M has in the past, currently is, and will likely in the future be working with or against other professionals involved in these cases in matters unrelated to the Debtors' chapter 11 cases. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create any interest materially adverse to the Committee herein in matters upon which A&M is to be employed.

7.      A&M is not believed to be a "Creditor" with respect to fees and expenses of any of the Debtors within the meaning of Section 101(10) of the Bankruptcy Code. Further, neither I nor any other member of the A&M engagement team serving this Committee, to the best of my knowledge, is a holder of any outstanding debt instruments or shares of the Debtors' stock.

8.      To the best of my knowledge, A&M does not have any connection with the employees within the U.S. Trustee's office in this District.

9.      To the best of my knowledge, A&M does not represent any other entity having an interest adverse to the Committee in connection with this case, and therefore believes it is eligible to represent the Committee under section 1103(b) of the Bankruptcy Code.

## **PROFESSIONAL COMPENSATION**

10.     A&M will apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Rules, orders of this Court and guidelines established by the Office of the United States Trustee.

11.     According to A&M's books and records, during the ninety-day period prior to the Debtors' petition date, A&M performed no professional services or incurred any reimbursable expenses on behalf of the Debtors.

12.     To the best of my knowledge, (a) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with the provisions of the Bankruptcy Code and (b) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these Chapter 11 cases.

13.     Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated:  August 3, 2022

*/s/ Mark Greenberg*
Mark Greenberg
Managing Director

**Exhibit 1**
**Potential Parties in Interest**

**Debtors:**
Corsicana Bedding, LLC
Thetford Leasing, LLC
Olive Branch Building, LLC
Eastern Sleep Products Company
Englander-Symbol Mattress of Mississippi,
LLC
Hylton House Furniture, Inc.
Luuf, LLC
Symbol Mattress of Florida, Inc.
Symbol Mattress of Pennsylvania, Inc.
Symbol Mattress of Wisconsin, Inc.
Symbol Mattress Transportation, Inc.
Master Craft Sleep Products, Inc.

**Equity Holders**
Blue Torch Capital
KKR
Long Pointe Capital

**Directors/Officers:**
Bradley Dietz
Eric Rhea
Matthew Khan
Robert W. Black
Scott Vogel

**Non-Debtor Affiliates:**
Corsicana Parent Co., LLC
Chesterfield Landco, L.L.C.
Eastern Sleep-Fort Wayne, LLC
Eastern Sleep-Poinciana, LLC
Symbol Mattress – Las Vegas LLC
Symbol Mattress of New England, Inc.
Symbol Mattress of Indiana, Inc.

**Court Personnel:**
Hon. Mark X. Mullin
Jennifer Calfee, Courtroom Deputy
Hon. Edward L. Morris
Jana McCrory, Courtroom Deputy
Robert P. Colwell, Clerk of Court

**Restructuring Professionals:**
CR3 Partners, LLC
Donlin Recano & Co., Inc.
Haynes and Boone, LLP
Houlihan Lokey

**Counsel to Proposed DIP Lenders:**
McGuireWoods
Munsch Hardt Kopf & Harr PC
Schulte Roth & Zabel LLP

**U.S. Trustee Personnel:**
William T. Neary, U.S. Trustee
Lisa L. Lambert, Assistant U.S. Trustee
Asher Bublick, Trial Attorney
Meredyth Kippes, Trial Attorney
Nancy S. Resnick, Trial Attorney
Erin Schmidt, Trial Attorney
Elizabeth Young, Trial Attorney

**Banks/Lenders/UCC Lien
Parties/Administrative Agents:**
Bank of America
Blue Torch Credit Opportunities Fund II, LP
Blue Torch Credit Opportunities KRS Fund LP
Blue Torch Credit Opportunities SBAF Fund LP
Blue Torch Credit Opportunities SC Master Fund LP
Blue Torch Credit SC Fund LLC
Blue Torch Finance, LLC
Blue Torch Holdings SBAF Fund LLC
Blue Torch KRS Fund LLC
Blue Torch Offshore Credit Opportunities Master
Fund II LP
BMO Harris Bank (fka M&I BANK)
BTC Credit Opportunities KRS Master Fund LP
BTC Credit Opportunities SBAF Fund LP
BTC Credit Opportunities SC Master Fund LP
BTC Holdings Fund II LLC
BTC Holdings KRS Fund LLC
BTC Holdings SBAF Fund LLC
BTC Holdings SC Fund LLC

BTC Offshore Holdings Credit Opportunities Master Fund II, LP
BTC Offshore Holdings Fund II-B LLC
Citizens Bank
Community National Bank & Trust
Dell Financial Services L.L.C.
Fifth Third Bank
First Community Bank, Tennessee
Leaf Capital Funding, LLC
Paypal Cash Account
Primis Financial Corp. (fka. Southern National Bancorp of Virginia Inc. & Sonabank)
Swiss Capital BTC OL Private Debt Fund L.P.
Swiss Capital BTC OL Private Debt Offshore SP
Swiss Capital BTC OL Private Debt Offshore SP, a Segregated Portfolio of Swiss Capital Private Debt (Offshore) Funds SPC
Synovus (fka First Bank of Jasper)
Truist, FL (fka BB&T, Florida)
Wingspire Capital LLC

**Contract Counterparties:**
Agro International
C3 Corporation
Cune Encantada
FXI, Inc.
JB Hunt Transport, Inc.
Schneider Trucking
UFP

**Governmental/Regulatory Agencies:**
Equal Employment Opportunity Commission
Internal Revenue Service
Office of the Attorney General
Office of the United States Attorney
Office of the United States Trustee
Securities & Exchange Commission
State Attorney General for Arizona
State Attorney General for Connecticut
State Attorney General for Indiana
State Attorney General for Florida
State Attorney General for Mississippi
State Attorney General for North Carolina

State Attorney General for Nevada
State Attorney General for Tennessee
State Attorney General for Texas
State Attorney General for Virginia
State Attorney General for Washington
State Attorney General for Wisconsin
Texas Comptroller of Public Accounts
Texas Workforce Commission
U.S. Department of Labor
U.S. Department of The Treasury
US Department of Justice

**Insurance-PFA Parties:**
Allianz Global Risk US Insurance Company
Aon Risk Services Northeast Inc. - New York,
Associated Industries Insurance Company Inc.
Axis Insurance Co.
Blue Cross Blue Shield
Certain Underwriters at Lloyds
Continental Insurance Company
Fidelity
Great American Insurance Company
Higginbotham
Obsidian Specialty Insurance Company
Peoples Premium Finance
Phoenix Insurance Company
Starstone Specialty Insurance Company
Travelers Indemnity Corporation of America
Travelers Property and Casualty Company of America
CNA Insurance Company
Travelers
AFCO Credit Corp.

**Known Affiliates – JV:**
Englander Sleep Products, LLC

**Litigation Parties:**
Koni Hospitality, Inc.

**Ordinary Course Professionals:**
Crowe LLP
Jones Walker LLP
**Landlords (Current & Former)**
3 LLC, dba MTP Net Lease Pool

3 LLC dba MTP 1100 S 12th St LLC
3001 Highway 287 LLC (benefit Morgan
  Stanley)
475 Willard Associates LLC
Albany Road- Mockingbird III LLC
Bal Bay Realty Ltd.
Bright Star Investment Properties LLC
Carpenter Company
Deep River Acquisition, LLC
Eastgate LLC
Forest Home Investors LLC dba Phoenix
  Glendale Industrial Investors LLC
Hepatica Hill Holdings LLC
Highwoods Realty Limited Partnership
International Market Cntrs Inc. dba WMCB
  Phase 2 SPE
LaPorte Property LLC
Moran Real Estate Properties Ltd.
Net Lease-Pool 3 LLC dba
  MTP 2001 Bellwood Rd LLC
Net Lease-Pool 3 LLC dba
  MTP 8300 Industrial Dr. LLC
NL Ventures XI Bellwood, L.L.C.
NL Ventures XI Olive Branch, L.L.C.
NL Ventures XI Watertown, L.L.C.
Phoenix Multistate Holdings One LLC dba
  Bartow Industrial Investors LLC
Phoenix Multistate Holdings One LLC dba
  Phoenix Greensboro Industrial Investors
LLC
Phoenix Multistate Holdings One LLC dba
  Phoenix Shelbyville Industrial Investors
LLC
Phoenix Multistate Holdings One LLC dba
  Phoenix Winlock Industrial Investors LLC
Phoenix Symbol JV LLC dba
  Phoenix Richmond Indstrl
Pinchal & Company, LLC
Rising Star Aviation holdings LLC
RY Holdings Property 300 LLC
Shelbourne Newington LLC
Uhlmann RV
Wharton Reading Industrial LLC

**Significant Competitors:**
Sealy Simmons

Temper Pedic

**Top 20 Creditors (by Legal Entity):**

**(Corsicana Bedding LLC – Top 20)**
Agro International
All American Poly Corporation
Axle Logistics LLC
Crowe LLP
Culp Inc.
Fedex
Future Foam, Inc.
FXI, Inc.
Iskeceli Celik Yay Tel Yan Urunleri
JB Hunt Transport, Inc.
Les Tricots Maxime Inc.
Ohm Systems Inc.
Pioneer & Legend Canada Ltd
Sidley Austin LLP
TWE Nonwovens US, Inc.
UFP Southwest LLC
United States Customs & Border Protection
UT+C
Visual Productions Group Inc.
Yilmar Dis Ticaret Ltd Sti

**(Eastern Sleep Products Company– Top
20)**
A To Z Packaging Enterprises, Inc.
C3 Corporation
Coyote Logistics LLC
Culp Inc.
Federal Express Corp.
FXI, Inc.
Hill Electrical, Inc.
Hill Express, Inc.
ID.Me Inc.
Ohm Systems Inc.
Packaging Corporation Of America
Pioneer & Legend Canada Ltd
Southside Woodcraft
Standard Fiber LLC
Tforce Freight
Thetford Associates, Inc.

UFP
UT+C
Wright Of Thomasville
Yilmar Dis Ticaret Ltd Sti

**(Englander-Symbol Mattress of Mississippi, LLC - Top 20)**
All American Poly Corporation
Bekaertdeslee USA Inc.
Carolina Industrial Resources
Carpenter Company
Culp Inc.
Custom Nonwoven, Inc.
Diamond Road Resawing LLCc
Estes Express Lines
FXI, Inc.
Jones Fiber Products LLC
Lava Experts In Knitting
Leggett & Platt Incorporated
Pioneer & Legend Canada Ltd
Precision Fabrics Group Inc.
Schneider National Inc.
Texas Pocket Springs Tech
TWE Nonwovens US Inc.
UFP
UT+C
Yilmar Dis Ticaret Ltd Sti

**(Luuf, LLC- Top 20)**
UT+C

**(Symbol Mattress of Florida, Inc. - Top 20)**
Fastening Solutions, Inc.

**(Symbol Mattress of Pennsylvania, Inc. - Top 20)**
NONE

**(Symbol Mattress of Wisconsin, Inc. – Top 20)**
A To Z Packaging Enterprises, Inc.
American & EFIRD, Inc.
Carpenter Company

FXI, Inc.
Green Bay Packaging Inc.
Jones Fiber Products LLC
Lava Experts In Knitting
Leggett & Platt Incorporated
Pioneer & Legend Canada Ltd
Precision Textiles LLC
Schneider National Inc.
Standard Fiber, LLC
Steel City Bedframe, LLC
Summit Logistics
Talalay Global Inc.
Travero Logistics, LLC
TWE Nonwovens US Inc.
UFP
UT+C
Yilmar Dis Ticaret Ltd Sti

**(Thetford Leasing, LLC - Top 20)**
NONE

**(Olive Branch Building, LLC- Top 20)**
NONE

**(Hylton House Furniture, Inc. - Top 20)**
NONE

**(Symbol Mattress Transportation, Inc. - Top 20)**
NONE

**(Master Craft Sleep Products, Inc. - Top 20)**
NONE

**Vendors:**
E.R. Carpenter Co.
Axle Logistics LLC
L&P Financial Services Co
Leggett & Platt Incorporated
Tforce Freight
Future Foam, Inc.
Fxi, Inc.
Yilmar Dis Ticaret Limited Sirketi
Pioneer & Legend Canada Ltd

UT + C
Carpenter Company
Agro International
Standard Fiber LLC
All American Poly Corporation
Diamond Road Resawing LLC
Elite Comfort Solutions LLC
Fedex
Saba North America LLC
Schneider National Inc.
A To Z Packaging Enterprises, Inc.
Sidley Austin LLP
The Travelers Indemnity Company
Hanes Companies, Inc.
Berry Global Films, LLC
C3 Corporation

La Cuna Encantada, S.A. De C.V.
Shelbourne Newington, LLC
Peoples Premium Finance
Future Coil LLC
SCS Texas LLC
Moran Real Estate Properties Ltd
Carolina Industrial Resources
Southside Woodcraft
Ropes & Gray LLP
Thetford Associates, Inc.
Steel City Bedframe, LLC
Holly G Strzelecki Dba Edge Transport
Fedex Freight
Dream Tech

**Exhibit 2**
**Connections**

### Current and Former Clients of A&M and/or its Affiliates[1]

Albany Road-Mockingbird III LLC
Allianz Global Risk US Insurance Company
Allied Waste Services Inc./Republic Services
Aon Risk Services Northeast Inc.
AT&T Universal Biller
Atmos Energy Gas
Axis Insurance Co.
Bank of America
Blue Cross Blue Shield
Blue Torch Capital
BMO Harris Bank (fka M&I Bank)
Centurylink
Certain Underwriters at Lloyds
Citizens Bank
CNA Insurance Company
Comcast Communications FL
Cox Business dba Cox Communications
Coyote Logistics LLC
Dell Financial Services L.L.C.
Direct Energy Business
Duke Energy
Fedex
Fidelity
Fifth Third Bank
First Community Bank, Tennessee
FXI, Inc.
Great American Insurance Company
JB Hunt Transport, Inc.
KKR
Leggett & Plat Incorporated
Long Pointe Capital

Northland Communications
Packaging Corporation of America
Paypal Cash Account
Phoenix Insurance Company
Puget Sound Energy
Synovus (Fka First Bank of Jasper)
T-Mobile USA Inc.
Talalay Global Inc.
Travelers Indemnity Company
TWE Nonwovens US, Inc.
Verizon Wireless
Waste Management Corp Svcs, Inc.

### Significant Equity Holders of Current and Former A&M Clients[2]

Allied Waste Services Inc./Republic Services
Allianz Global Risk US Insurance Company
AT&T Universal Biller
Axis Insurance Co.
Bank of America
Blue Cross Blue Shield
BMO Harris Bank (fka M&I Bank)
Centurylink
Certain Underwriters at Lloyds
Comcast Communications FL
Community National Bank & Trust
Corporation Service Company
Dell Financial Services L.L.C.
Duke Energy
Fidelity
Fifth Third Bank
First Community Bank, Tennessee

---

[1] A&M and/ or an affiliate is currently providing or has previously provided certain consulting or interim management services to these parties or their affiliates (or, with respect to those parties that are investment funds or trusts, to their portfolio or asset managers or their affiliates) in wholly unrelated matters.

[2] These parties or their affiliates (or, with respect to those parties that are investment funds or trusts, their portfolio or asset managers or other funds or trusts managed by such managers) are significant equity holders of clients or former clients of A&M or its affiliates in wholly unrelated matters.

KKR
Long Pointe Capital
Paypal Cash Account
Phoenix Insurance Company
Schneider National Inc.
State of California
Synovus (Fka First Bank of Jasper)
Travelers Indemnity Company
U.S. Department of the Treasury
Verizon Wireless

**Professionals & Advisors**[3]
Aon Risk Services Northeast Inc.
Corporation Service Company
Crowe LLP
Donlin Recano & Co, Inc.
Great American Insurance Company
Haynes and Boone, LLP
Houlihan Lokey
McGuireWoods
Munsch Hardt Kopf & Harr PC
Ropes & Gray LLP
Schulte Roth & Zabel LLP
Sidley Austin LLP

**Significant Joint Venture Partners**[4]
AT&T Universal Biller
Bank of America
KKR
Puget Sound Energy

**Board Members**[5]
Bradley Dietz
Scott Vogel

**Government and Regulatory**[6]
City of Glendale
City of Philadelphia, PA
City of Richmond, VA
Commonwealth of Massachusetts
Georgia Office of Secretary of State
Internal Revenue Service
Louisiana Department of Revenue
Office of the United States Attorney
Oklahoma Tax Commission
Securities & Exchange Commission
State Attorney General for Indiana
State of California
State of Connecticut
State of Florida
State of Michigan
State of Nevada
State of New Jersey
U.S. Department of Justice
U.S. Department of Labor

---

[3] These professionals have represented clients in matters where A&M was also an advisor (or provided interim management services) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[4] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in wholly unrelated matters.

[5] These parties or their affiliates are board members of other clients or former clients of A&M or their affiliates in wholly unrelated matters.

[6] A&M and/or an affiliate is currently providing or has provided certain consulting or interim management services to these government entities or regulatory agencies in wholly unrelated matters.

- 2 -

**A&M Vendors**[7]

Allianz Global Risk US Insurance Company
AT&T Universal Biller
Bank of America
BMO Harris Bank (fka M&I Bank)
Certain Underwriters at Lloyds
Cogent Communications, Inc.
Comcast Communications FL
Crowe LLP
Eastgate LLC
Fedex
Fidelity
Haynes and Boone, LLP
Houlihan Lokey
McGuireWoods
Munsch Hardt Kopf & Harr PC
Ropes & Gray LLP
Sidley Austin LLP
T-Mobile USA Inc.
Verizon Wireless

---

[7] These parties or their affiliates provide or have provided products, goods and/or services (including but not limited to legal representation) to A&M and/or its affiliates

DOCS_NY:46211.2 15806/001