Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
bwallen@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

*Proposed Counsel for the Official Committee of Unsecured Creditors*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORSICANA BEDDING, LLC, *et al.*, | § | Case No. 22-90016-ELM-11 |
| | § | |
| | § | Jointly Administered |
| | § | |
| | § | |
| Debtors.[1] | § | |

## MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AN ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION

> **NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT EARLE CABELL FEDERAL BUILDING, 1100 COMMERCE STREET, #1254, DALLAS, TEXAS 75242-1496 BEFORE CLOSE OF BUSINESS ON AUGUST 24, 2022, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

> **ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED, A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**
>
> **IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.**

The Official Committee of Unsecured Creditors (the "Committee") of Corsicana Bedding, LLC, *et al.* (the "Debtors") hereby moves this Court (the "Motion") for the entry of an order pursuant to sections 105(a), 107(b), and 1102(b)(3)(A) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), clarifying the requirement of the Committee to provide access to confidential or privileged information to creditors. In support of the Motion, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 105(a), 107(b), and 1102 of the Bankruptcy Code and Bankruptcy Rule 9018.

## BACKGROUND

4. On June 25, 2022 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the Northern District of Texas (the "Court") under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and

managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On July 8, 2022, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. The Committee consists of the following seven (7) members: (i) Axle Logistics, LLC; (ii) FedEx Corporate Services, Inc.; (iii) Iskeceli Celik Yay Tel Yan Urunleri A.S.; (iv) JB Hunt; (v) KKGF, LLC d/b/a UT&C; (vi) TWE Nonwovens US, Inc.; and (vii) Yilmar Dis Ticaret Ltd. Sirketi.

## RELIEF REQUESTED

6. Section 1102(b)(3) of the Bankruptcy Code states, in relevant part, that a creditors' committee appointed under section 1102(a) of the Bankruptcy Code shall "provide access to information for creditors who (i) hold claims of the kind represented by that committee; and (ii) are not appointed to the committee." 11 U.S.C. § 1102(b)(3)(A). However, section 1102(b)(3)(A) does not indicate how a creditors' committee should provide "access to information," or what information can be appropriately provided, to creditors nor does the associated legislative history provide any guidance.

7. The lack of specificity in section 1102(b)(3)(A) creates significant issues for debtors and creditors' committees. Typically, a debtor and other parties will share various confidential and other non-public proprietary information with a creditors' committee (the "Confidential Information").[2] Creditors' committees then use this Confidential Information to

---

[2] For purposes of this Motion, the term "Confidential Information" shall mean all non-public documents, agreements, records, reports, data, forecasts, appraisals, projections, business plans, interpretations, audit reports, and all other non-public information, written, visual or oral regardless of how transmitted, concerning the Debtors' financial condition or performance, the Debtors' business operations, including, without limitation, any and all information relating to the Debtors' suppliers and customers, the valuation of the Debtors and/or their assets, or the sale of the Debtors' assets provided to the Committee by the Debtors, and prepared by, or on behalf of, or furnished by, or on behalf of, the Debtors (whether or not marked confidential), or any other materials provided to the Committee by or on behalf of the Debtors, as well as derivations, summaries, and analyses of the same.

assess, among other things, a debtor's capital structure, opportunities for the restructuring of a debtor's business in chapter 11, potential asset sales, potential litigation, the results of any revised operations of the debtor, and the debtor's overall prospects for reorganization or liquidation under a chapter 11 plan.  Section 1102(b)(3)(A) raises the question of whether a creditors' committee could be required to share another party's (including a debtor's) Confidential Information with any creditor.  In this case, the Committee expects the Debtors and other parties to provide, among other things, information about asset sales, valuations of properties, information pertaining to potential litigation claims, and historical financial and related information which may be confidential under section 107 of the Bankruptcy Code, Rule 9018 of the Federal Rules of Bankruptcy Procedures, and applicable state or federal law.

8.  In this case, absent appropriate protections, the Debtors and other parties might be unwilling or unable to share Confidential Information with the Committee, thereby impeding the Committee's ability to function effectively.  As such, given the importance of the issue, the Committee seeks an order of the Court clarifying the requirement of the Committee to provide access to information to exclude Confidential Information.

9.  Section 1102(b)(3)(A) could also be read to permit the disclosure of attorney-client privileged information (or information protected by any other applicable privilege or doctrine).  Such a reading of the statute raises the question of whether the Committee could be required to disclose another party's or its own privileged information (collectively, the "<u>Privileged Information</u>").[3]  Clearly, any obligation to disseminate Privileged Information could hamstring Committee counsel's ability to effectively communicate with and advise the

---

[3] For the purposes of this Motion, the term "Privileged Information" shall mean any information subject to the attorney-client or some other state, federal, or other jurisdictional law privilege (including attorney-work product), whether such privilege is solely controlled by the Committee or is a joint or common interest privilege with the Debtors or some other party.

4

Committee. Thus, the Committee seeks an order of the Court clarifying that the Committee is not obligated under section 1102 to provide access to any Privileged Information. However, the Committee should be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information was not Confidential Information, and (b) the relevant privilege was held and controlled solely by the Committee.

10. When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)). However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . the intention of the drafters, rather than the strict language, controls." *Id*. at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotation omitted)).

11. The Committee respectfully submits that section 1102(b)(3)(A) is unclear and ambiguous. The statute simply requires a creditors' committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) could be read as requiring a creditors' committee to provide access to all information provided to it by any party, or developed through the exercise of its investigative function, regardless of whether the information is confidential, privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates securities laws disclosure requirements (where applicable). *See* 17 C.F.R. §§ 243.100 to 243.103 (2005).

12. The legislative history for section 1102 does not provide any further guidance on this point and merely reiterates that language of section 1102(b)(3). *See* H.R. Rep. No. 109-31,

109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments from these creditors and, pursuant to court order, make additional reports and disclosures available to them."). As such, the Court should look to other sections of the Bankruptcy Code for guidance regarding whether Congress intended to require committees to disclose confidential information pursuant to section 1102(b)(3). Based on the terms of the Bankruptcy Code and Bankruptcy Rules, it is clear that Congress could not have intended for a creditors' committee to be required to provide unfettered access to every type and kind of information that a creditors' committee receives from another party. If this had been the intention, section 1102(b)(3) would then frustrate other provisions of the Bankruptcy Code and Bankruptcy Rules, such as section 107(b) of the Bankruptcy Code or Bankruptcy Rule 9018.

13. Section 107(b)(1) of the Bankruptcy Code provides that "on request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to trade secret or confidential research, development, or commercial information." The language of section 107(b)(1) is mandatory, not permissive. *Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24, 27 (2d Cir. 1994) (providing that the protections of section 107(b)(1) are mandatory upon request).

14. That any interpretation of section 1102(b)(3) must be in keeping with the mandatory provisions of section 107(b)(1) is further supported by Bankruptcy Rule 9018, which states, in relevant part, that "on motion or on its own initiative, with or without notice, the court may make any order which justice requires to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bankr. P. 9018. As a result, section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018

strongly suggest that this Court should protect the Confidential Information and all Privileged Information from disclosure to general creditors.

15. In addition, section 105(a) of the Bankruptcy Code empowers the Court to "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." The Committee submits the requested relief is necessary for the Committee to fulfill its obligations as set forth under section 1103(c) of the Bankruptcy Code. Moreover, the requested relief is appropriate and within the Court's authority.

16. The relief sought by the Committee is not only for the benefit of the Debtors and the Committee, but for the benefit of all constituents in that it ensures the proper functioning of the chapter 11 process. Further, the Committee needs the benefit of the relief sought in this Motion to ensure that it does not breach any confidentiality provisions in its bylaws. A creditors' committee cannot be put in a position of either violating the statute or breaching a confidentiality agreement and thereby subjecting itself to suit by the Debtors and potentially other parties

17. Finally, the risk to the Committee of having to provide its constituency with access to Privileged Information creates obvious and serious problems. If the Committee believes that there could be a risk that Privileged Information would need to be turned over to such creditors, with the possible loss of the relevant privilege as that time, the entire purpose of such privilege would be eviscerated, and both the Debtors and the Committee would likely be unable to obtain the independent and unfettered advice and consultation that such privileges are designed to foster. Indeed, unless it is made clear that the risk of dissemination of Privileged Information does not exist, the estate representation structure envisioned by the Bankruptcy Code would become immediately dysfunctional.

18. Accordingly, bankruptcy courts in this district and throughout the Fifth Circuit that have considered this issue have issued orders clarifying that creditors' committees are not required to provide access to confidential or privileged information. *See, e.g., In re Studio Movie Grill Holdings, LLC*, Case No. 20-32633-SGJ (Bankr N.D. Tex. Jan. 11, 2021); *In re PHI, Inc.*, Case No. 19-30923-hdh11 (Bankr. N.D. Tex. June 11, 2019); *In re Buffet Partners, L.P.*, Case No. 14-30699 (Bankr. N.D. Tex. April 30, 2014); *see also In re Neiman Marcus Group LTD LLC*, Case No. 20-23519 (Bankr. S.D. Tex. Aug. 18, 2020); *In re Whiting Petroleum Corporation*, Case No. 20-32021 (DRJ) (Bankr. S.D. Tex. June 10, 2020); *In re EP Energy Corp.*, Case No. 19-35654 (Bankr. S.D. Tex. Feb. 5, 2020); *In re Sanchez Energy Corp.*, Case No. 19-34508 (Bankr. S.D. Tex. Nov. 15, 2019); *In re iHeartMedia, Inc.*, Case No. 18-31274 (Bankr. S.D. Tex. May 15, 2018); *In re Cobalt International Energy Inc.*, Case No. 17-36709 (Bankr. S.D. Tex. Feb. 8, 2018).

19. In order to carry out its statutory reporting obligations in an orderly manner, the Committee proposes the following protocol for providing access to information for creditors (the "Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code:

   a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity") (i) without further order of the Court, Confidential Information, and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   b. Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered

8

with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

    c.    <u>Creditor Information Requests</u>. If a creditor (the "<u>Requesting Creditor</u>") submits a written request to the Committee (the "<u>Information Request</u>") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an <u>in camera</u> review.

    d.    <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is

9

        information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors, may schedule a hearing with the Court seeking a ruling with respect to the Demand.

20.    The foregoing procedures are necessary, narrowly tailored rules designed to protect the interests of the Debtors, the Committee, and affected creditors.

21.    The Committee, through its proposed counsel, will also establish and maintain a website, until the earliest to occur of (i) dissolution of the Committee, (ii) dismissal or conversion of these chapter 11 cases, and (iii) a further order of the Court. For the sake of efficiency and economy and ease of access by creditors, the Committee proposes to keep creditors informed as required by the statute by directing them to the Committee's own web page at www.pszjlaw.com/corsicana.html to make non-confidential and non-privileged information available to unsecured creditors. The Committee website will contain links to the Court's CM/ECF website and posts of relevant pleadings, and will provide creditors with the information necessary to email or contact Committee counsel. Further, in order to facilitate recognition and ease of access for creditors, the Committee further requests permission to use the Debtors' logo on the website during the period that these chapter 11 cases are active.

22.    The potential disclosure of nonpublic or privileged information to creditors will not foster a reorganization of the Debtors but will likely cause serious harm to the Debtors' estates. Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3)(A) of the Bankruptcy Code, in order to maximize the value of the estates, the Committee respectfully requests that the relief herein be granted.

## CONCLUSION

WHEREFORE, the Committee respectfully requests that this Court enter an order granting the relief requested herein, and such other and further relief as this Court deems just and proper under the circumstances.

Dated: August 3, 2022

Respectfully submitted,

*/s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
bwallen@pszjlaw.com

-and-

Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| CORSICANA BEDDING, LLC, *et al.*, | § | Case No. 22-90016-ELM-11 |
| | § | |
| | § | Jointly Administered |
| | § | |
| | § | |
| Debtors.[1] | § | |

**ORDER CLARIFYING THE REQUIREMENTS TO PROVIDE**
**ACCESS TO CONFIDENTIAL OR PRIVILEGED INFORMATION**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for an Order (I) Establishing Information Sharing Procedures and (II) Granting*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

*Related Relief* (the "Motion")² filed by the Official Committee of Unsecured Creditors (the "Committee") of Corsicana Bedding, LLC, *et al.* (the "Debtors"), and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The relief requested in the Motion is granted.

2. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Confidential Information of the Debtors, or any other Entity, to any creditor with a claim of the kind represented by the Committee, except as provided below.

3. The Committee shall not be required pursuant to section 1102(b)(3)(A) of the Bankruptcy Code to provide access to any Privileged Information to any creditor with a claim of the kind represented by the Committee. Nonetheless, the Committee shall be permitted, but not required, to provide access to Privileged Information to any party so long as (a) such Privileged Information is not Confidential Information, and (b) the relevant privilege is held and controlled solely by the Committee.

---

² Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

4. The Committee shall implement the following protocol for providing access to information for creditors ("Creditor Information Protocol") in accordance with section 1102(b)(3)(A) and (B) of the Bankruptcy Code.

   a. Privileged and Confidential Information. The Committee shall not be required to disseminate to any entity (all references to "entity" herein shall be as defined in section 101(15) of the Bankruptcy Code, "Entity"): (i) without further order of the Court, Confidential Information and (ii) Privileged Information. In addition, the Committee shall not be required to provide access to information or solicit comments from any Entity that has not demonstrated to the satisfaction of the Committee, in its sole discretion, or to the Court, that it holds claims of the kind described in section 1102(b)(3) of the Bankruptcy Code.

   b. Information Obtained Through Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Bankruptcy Rule 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding, or other litigation shall not be governed by any order entered with respect to this Motion but, rather, by any order governing such discovery. Nothing herein shall obligate the Committee to provide any information the Committee obtains from third parties.

   c. Creditor Information Requests. If a creditor (the "Requesting Creditor") submits a written request to the Committee (the "Information Request") for the Committee to disclose information, pursuant to section 1102(b)(3)(A) of the Bankruptcy Code the Committee shall, as soon as practicable, but no more than thirty (30) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or the reasons the Information Request cannot be complied with. If the Response is to deny the Information Request because the Committee believes the Information Request implicates Confidential Information or Privileged Information that need not be disclosed (i) pursuant to the terms of this Order or otherwise under section 1102(b)(3)(A) of the Bankruptcy Code, (ii) because such disclosure is prohibited under applicable law, (iii) because such information was obtained by the Committee pursuant to an agreement to maintain it as confidential, or (iv) that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, seek to compel such disclosure for cause pursuant to a motion. Such motion shall be served and the hearing on such motion shall be noticed and scheduled. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or Privileged Information. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review.

3

    d. <u>Release of Confidential Information of Third Parties</u>. If the Information Request implicates Confidential Information of the Debtors (or any other Entity) and the Committee agrees that such request should be satisfied, or if the Committee on its own wishes to disclose such Confidential Information to creditors, the Committee may demand (the "<u>Demand</u>") for the benefit of the Debtors' creditors: (i) if the Confidential Information is information of the Debtors, by submitting a written request, each captioned as a "Committee Information Demand," to counsel for the Debtors, stating that such information will be disclosed in the manner described in the Demand unless the Debtors object to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand and (ii) if the Confidential Information is information of another Entity, by submitting a written request to such Entity and its counsel of record, with a copy to Debtors' counsel, stating that such information will be disclosed in the manner described in the Demand unless such Entity objects to such Demand on or before fifteen (15) days after the service of such Demand; and, after the lodging of such an objection, the Committee, the Requesting Creditor, such Entity, and the Debtors may schedule a hearing with the Court seeking a ruling with respect to the Demand.

5. The Committee may establish and maintain a website as described in the Motion. Nothing in this Order shall expand, restrict, affirm, or deny the right or obligation, if any, of the Committee to provide access or not to provide access, to any information of the Debtors to any party except as explicitly provided herein.

6. This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

###END OF ORDER###

Submitted by:
Michael D. Warner, Esq.
Pachulski Stang Ziehl & Jones LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
mwarner@pszjlaw.com