# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| CORSICANA BEDDING, LLC, *et al.*,[1] | ) ) ) | Case No. 22-90016-ELM-11 |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | ) | **Related to Docket No. 211** |

## STIPULATION WITH PREPETITION AGENTS DETERMINING CERTAIN COMMITTEE RIGHTS PURSUANT TO FINAL POSTPETITION FINANCING ORDER

This stipulation (this "Stipulation") is entered into by and among: (a) the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), (b) Wingspire Capital LLC, as administrative agent (the "Prepetition ABL Agent"), on behalf of itself and the lender parties to that certain *Credit Agreement* dated as of April 28, 2021 (as amended, restated, or otherwise modified from time to time, the "Prepetition ABL Credit Agreement"), and (c) Blue Torch Finance, LLC, as administrative agent and collateral agent (the "Prepetition Term Loan Agent"), on behalf of itself and the lender parties to that certain *Financing Agreement* dated as of April 28, 2021 (as amended, restated, or otherwise modified from time to time, the "Prepetition Term Loan Agreement"). The Committee, the Prepetition ABL Agent, and the Prepetition Term Loan Agent are collectively referenced herein as the "Parties."

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019); Thetford Leasing LLC (7227); Olive Branch Building, LLC (7227); Eastern Sleep Products Company (1185); Englander-Symbol Mattress of Mississippi, LLC (5490); Hylton House Furniture, Inc. (5992); Luuf, LLC (3450); Symbol Mattress of Florida, Inc. (4172); Symbol Mattress of Pennsylvania, Inc. (3160); Symbol Mattress of Wisconsin, Inc. (0871); Symbol Mattress Transportation, Inc. (1185); and Master Craft Sleep Products, Inc. (4961). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

WHEREAS, on June 25, 2022, the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code before the United States Bankruptcy Court for the Northern District of Texas, Fort Worth Division (the "Court").

WHEREAS, on July 28, 2022, the Court entered the *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Expense Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing Use of Cash Collateral; and (IV) Granting Related Relief* [Docket No. 211] (the "Final Order").[2] The Final Order, among other things, set a Challenge Period expiring on, with respect to the Committee, the earlier of (A) September 6, 2022, or (B) the General Objection Deadline (*i.e.*, August 15, 2022) with respect to the Sale of the Assets (as such terms are defined in the Sale Motion), by which the Committee could assert a Challenge with respect to the Debtors' various stipulations, waivers, and admissions in favor of the Prepetition Secured Parties under the Final Order.

WHEREAS, in order to clarify certain matters among the Parties with respect to the Final Order, the Parties have agreed to enter into this Stipulation.

NOW, THEREFORE, the Parties, by and through their respective undersigned counsel, hereby stipulate and agree as follows:

1. The Prepetition Collateral securing the obligations under the Prepetition ABL Credit Agreement and the Prepetition Term Loan Agreement does not include, and/or the Prepetition ABL Agent and the Prepetition Term Loan Agent do not have a perfected or otherwise enforceable security interest in, the following assets of the Debtors or the proceeds

---

[2] Each capitalized term that is not defined herein will have the meaning ascribed to such term in the Final Order.

thereof, as of the Petition Date:[3] (a) any owned real estate; (b) any leased real estate; (c) any commercial tort claims; (d) any money or currency that is on-hand at the Debtors or maintained in any deposit account at any bank or financial institution that has not entered into a control agreement with the Prepetition ABL Agent or the Prepetition Term Loan Agent or is not otherwise under the control of the Prepetition ABL Agent or the Prepetition Term Loan Agent; *provided that*, the Prepetition Collateral does include money or currency that constitute the identifiable proceeds of other Prepetition Collateral; (e) any vehicles or other equipment subject to a certificate of title (whether a paper title certificate, an electronic certificate, or other evidence of title under applicable law) to the extent such lien is not noted on such certificate of title; (f) any licenses or permits to the extent that a pledge of such licenses or permits is otherwise prohibited by the terms thereof or applicable non-bankruptcy law; (g) any insurance policies; *provided that*, the Prepetition Collateral does include the proceeds of insurance arising from a loss of property in which the Prepetition ABL Agent and the Prepetition Term Loan Agent otherwise have a perfected lien or a refund of any applicable insurance policy premiums; and (h) any Excluded Assets (as defined in the Prepetition Documents).

2. The Prepetition ABL Agent and the Prepetition Term Loan Agent acknowledge that the Committee disputes whether the lien and security interest granted in favor of the Prepetition Secured Parties by Debtor Olive Branch Building, LLC in its 42.8601% limited liability company interest in non-Debtor Englander Sleep Products, LLC is valid and enforceable, and all rights of the Committee as to such asset are reserved notwithstanding the expiration of the Challenge Period.

---

[3] For the avoidance of doubt, this Stipulation does not take into account or in any way affect the liens and security interests granted to the Prepetition ABL Agent and/or the Prepetition Term Loan Agent, as adequate protection, pursuant to the Final Order.

3. All rights of the Committee are preserved to contest: (i) the allowance of any interest (or default rate interest) paid or accrued under the Prepetition ABL Credit Agreement and the Prepetition Term Loan Agreement; (ii) the accuracy of the calculation of the amount of any principal, interest, fees, costs or charges paid or accrued under the Prepetition ABL Credit Agreement and the Prepetition Term Credit Agreement; (iii) the reasonableness pursuant to section 506(b) of the Bankruptcy Code of the amounts of any fees, costs or charges to the extent provided for under the Prepetition ABL Credit Agreement and the Prepetition Term Credit Agreement, and (iv) any adequate protection or diminution claim that may be asserted by the Prepetition ABL Agent, the Prepetition Term Loan Agent, or any individual lender against the Debtors' estates.

4. Except as set forth in paragraphs 1, 2 and 3 above, the Committee shall not assert any Challenge Proceeding against the Prepetition Secured Parties, in their capacities as such.

5. This Stipulation will be binding and effective upon execution by the Parties hereto. This Stipulation may not be amended or modified without the written consent of the Parties. This Stipulation may be executed in counterparts by facsimile or other electronic transmission, each of which will be deemed an original, and all of which when taken together will constitute one document.

6. Except as expressly set forth in paragraphs 1, 2 and 3 above, nothing herein shall (or shall be deemed to) modify, amend or derogate from the Final Order. The Court will retain jurisdiction over all matters related to this Stipulation and the Final Order.

*[Remainder of page intentionally blank]*

Dated: August 11, 2022

Respectfully submitted,

*/s/ Michael D. Warner*
Michael D. Warner (TX Bar No. 00792304)
Benjamin L. Wallen (TX Bar No. 24102623)
PACHULSKI STANG ZIEHL & JONES LLP
440 Louisiana Street, Suite 900
Houston, TX 77002
Tel: (713) 691-9385
Facsimile: (713) 691-9407
mwarner@pszjlaw.com
bwallen@pszjlaw.com

Robert J. Feinstein (admitted *pro hac vice*)
Bradford J. Sandler (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, NY 10017-2024
Tel: (212) 561-7700
Facsimile: (212) 561-7777
rfeinstein@pszjlaw.com
bsandler@pszjlaw.com

*Proposed Counsel to the Official Committee of Unsecured Creditors*

/s/ *Deborah M. Perry*
Deborah M. Perry (TX Bar Number 24002755)
MUNSCH HARDT KOPF & HARR, P.C
500 N. Akard Street, Suite 3800
Dallas, Texas 75201-6659
Telephone: 214-855-7565
Email: dperry@munsch.com


Adam C. Harris (Admitted pro hac vice)
Abbey Walsh (Admitted pro hac vice)
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022-4611
Telephone: 212-756-2000
Email: Adam.harris@srz.com
Email: Abbey.walsh@srz.com

Counsel to the Prepetition Term Loan Agent


*/s/ Shawn R. Fox*
Shawn R. Fox (Admitted pro hac vice)
Brian I. Swett (Admitted pro hac vice)
McGuireWoods LLP
1251 Avenue of the Americas, 20th Floor
New York, New York 10020
Telephone:    212.548.2100
Email: sfox@mcguirewoods.com
Email: bswett@mcguirewoods.com

Demetra Liggins (State Bar No. 24026844)
Texas Tower 845 Texas Ave., 24th Floor
Houston, TX 77002
Telephone: (713) 353-6661
Email: dliggins@mcguirewoods.com


Counsel to the Prepetition ABL Agent

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2022, a true and correct copy of the above and foregoing has been served by electronic transmission to all registered CM/ECF users appearing in these cases.

*/s/ Michael D. Warner*
Michael D. Warner
