**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

**NOTICE REGARDING POTENTIAL ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

TO ALL COUNTERPARTIES TO EXECUTORY CONTRACTS AND UNEXPIRED LEASES
ON THE ATTACHED EXHIBITS, PLEASE TAKE NOTICE OF THE FOLLOWING:

    a.   On July 28, 2022, the Court entered an order [Docket No. 215] (the "Bidding Procedures Order")[2] granting certain of the relief sought in the Motion, including, among other things, approving: (a) the bidding procedures for the Sale of the Assets (the "Bidding Procedures"); and (b) procedures for the assumption and assignment of Contracts (the "Assumption and Assignment Procedures").

    b.   On July 28, 2022, the Debtors filed their *Notice of (I) Debtors' Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Debtors' Proposed Cure Amounts* [Docket No. 219] (the "Original Cure Notice").

    c.   On August 11, 2022 the Debtors filed their *Notice Regarding (I) No Qualified Competing Bids, (II) Cancellation of Auction, and (III) Scheduling of Hearing Regarding Assumption and Assignment of Executory Contracts* [Docket No. 298] (the "August 11 Notice") designating Corsicana Acquisition, LLC (the "Stalking Horse Bidder") as the winning bidder for the sale of the Debtors' Assets.

    d.   As stated in the August 11 Notice, the hearing to consider the Debtors' request for authority to assume and assign, in the Stalking Horse Bidder's discretion, the contracts and leases identified in the Original Cure Notice (excluding the Removed Contracts (defined below), the "Assignable Contracts") will go forward on **Wednesday, August 24, 2022 at 1:30 p.m. Central Time** (the "Authorization Hearing"); *provided that* consideration of the following

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

[2] Any capitalized terms not defined herein shall have the meaning ascribed to them in the Bidding Procedures Order.

matters will **not** go forward at the Authorization Hearing but will, instead, be heard on separate dates and times:[3]

i. Issues that are the subject of the Englander Assumption Motion (as defined in the August 11 Notice), which is currently scheduled to go forward on August 23, 2022;

ii. Potential assumption and assignment of the lease by and between Corsicana, as tenant, and 1420 W Mockingbird LLC f/k/a Bal Bay Realty Ltd., as landlord, set forth as item 11 on the Original Cure Notice and the *Limited Objection and Reservation of Rights of 1420 W Mockingbird LLC fka Bal Bay Realty Ltd. To Notice of (I) Debtors' Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Docket No. 317] related thereto, which will likely be moot based upon the *Debtors' Third Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006* [Docket No. 344];

iii. Potential assumption and assignment of the leases by and between Eastern Sleep and Corsicana, as tenants, and Phoenix Glendale Industrial Investors LLC, Phoenix Multi-State Holdings One LLC, and Phoenix Richmond Industrial Investors LLC, as landlords (collectively, "Phoenix"), set forth as items 189, 202, 203, 204, 205 and 206 (collectively, the "Phoenix Leases") on the Original Cure Notice, and *Phoenix Investors, LLC's Objection to Proposed Cure Amounts Listed on Exhibit A to Debtors' Notice of (I) Debtors' Potential Assumption and Assignment of Executory Contracts and Unexpired Leases and (II) Proposed Cure Amounts* [Docket No. 318] (the "Phoenix Objection"), which will be scheduled for September 7, 2022 at 11:00 a.m. unless the Debtors and Phoenix have not resolved the Phoenix Objection prior to September 2, 2022 in which case the Phoenix Objection will be set a later time mutually agreeable to the Debtors and Phoenix or ordered by the Court;

iv. Potential assumption and assignment of the contract with UFP Southwest LLC and UFP Dallas d/b/a Bigs Packaging & Lumber (collectively, "UFP") set forth as item 268 on the Original Cure Notice, which remains subject to ongoing discussions between the Debtors and UFP and will be set, if necessary, at a later date; and

v. Potential assumption and assignment of the lease by and between Corsicana, as tenant, and Corsicana BTS, LLC, as landlord and successor-in-interest to Pinchal & Company ("Corsicana BTS"), set forth as item 207 on the Original Cure Notice, which remains subject to ongoing discussions between the Debtors and Corsicana BTS and will be set, if necessary, at a later date.

---

[3] For the avoidance of doubt, all objections to the potential assumption and assignment of the contracts and leases set forth in this paragraph d. are preserved. Further, the Debtors intend to supplement the Original Cure Notice with additional contracts and leases that they had not previously identified. Counterparties to such contracts and leases will have an opportunity to object as set forth in the Assumption and Assignment Procedures, and any such supplement will not be addressed at the Authorization Hearing.

e. In addition to two of the leases with XTRA Leasing, LLC ("XTRA") that were identified as items 284 and 286 on the Original Cure Notice, the Debtors have identified six additional trailer leases that were omitted from the Original Cure Notice but which the Debtors may elect to assume and assign (collectively with items 284 and 286 on the Original Cure Notice, the "XTRA Leases") at the aggregate Cure Amount of $5,526.48, as agreed to by the Debtors and Counsel for XTRA. The XTRA Leases relate to the following unit numbers and account numbers:

| Unit Number | Account Number |
|---|---|
| U32301 | 042051785 |
| U80124 | 042051716 |
| W40946 | 042052543 |
| W42141 | 042052544 |
| W43843 | 042051717 |
| W43877 | 042051787 |
| W48242 | 042051718 |
| W48808 | 042051723 |

f. Information regarding the Stalking Horse Bidder's ability to perform under the Assignable Contracts that are ultimately assumed and assigned to the Stalking Horse Bidder is set forth in the *Declaration of Michael Juniper in Support of Sale of Debtors' Assets to Stalking Horse Bidder* [Docket No. 339] filed on August 20, 2022 and attached hereto as **Exhibit A**.

g. The Debtors have determined that they do not intend to request authority to assume and assign certain contracts and leases identified on **Exhibit B** attached hereto (the "Removed Contracts"), which were included on the Original Cure Notice inadvertently, have been previously rejected or addressed through Court order, or are subject to pending motions to assume or reject. For each of the Removed Contracts, **Exhibit B** identifies (i) the corresponding item number on the Original Cure Notice; (ii) the Contract Counterparty's name and address; (iii) the Debtor entity name; (iv) the title of contract; (v) the contract type; (vi) the reason for removal from the Original Cure Notice; and (vii) the effective date of rejection, if applicable.

h. Attached hereto as **Exhibit C** is the proposed form of order that the Debtors will present to the Court at the Authorization Hearing in connection with their request for authority to assume and assign the Assignable Contracts to the Stalking Horse Bidder.

i. The Stalking Horse Bidder has not yet determined which Assignable Contracts will be assumed and assigned to the Stalking Horse Bidder as Assumed Contracts and which will be designated as Excluded Contracts (as each term is defined in the Stalking Horse APA). Upon the Stalking Horse Bidder's determination of the final list of Assumed Contracts, the Debtors will file and serve the definitive list of the Assumed Contracts and Excluded Contracts.

j. The Debtors are filing this notice to provide a summary status update regarding cure amounts and assumption and assignment to contract counterparties. In the event of any

inconsistency between this notice and any Order of the Court or the Stalking Horse APA, the terms of such Orders and the Stalking Horse APA shall control.

DATED this 22nd day of August, 2022.

By: _/s/ Ian T. Peck_____

Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
Eli O. Columbus
State Bar No. 24028062
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile:  817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: eli.columbus@haynesboone.com

**ATTORNEYS FOR DEBTORS**

**EXHIBIT A**

**Declaration of Michael Juniper**

Stephen M. Pezanosky
State Bar No. 15881850
Ian T. Peck
State Bar No. 24013306
David L. Staab
State Bar No. 24093194
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: ian.peck@haynesboone.com
Email: david.staab@haynesboone.com

**ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

## DECLARATION OF MICHAEL JUNIPER IN SUPPORT OF SALE OF
## DEBTORS' ASSETS TO STALKING HORSE BIDDER

Pursuant to 28 U.S.C. § 1746, I, Michael Juniper, hereby submit this declaration (this

"Declaration") under penalty of perjury, to the best of my knowledge, information and belief:

1.     My background and qualifications are set forth in the *Declaration of Michael*

*Juniper in Support of Chapter 11 Petitions and First Day Motions*, Docket No. 15 (the "First Day

Declaration"), which is incorporated herein by reference. I am submitting this Declaration in

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch"); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

support of the *Debtors' Amended Motion Pursuant to Bankruptcy Code §§ 105(a), 363, and 365, and Bankruptcy Rules 2002, 6004, and 6006, for Entry of an Order (A) Approving Sale and Bidding Procedures and Limited Bid Protections in Connection with Sale of Assets of the Debtors, (B) Authorizing the Sale of Assets Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (C) Granting Related Relief* [Docket No. 108] (the "<u>Sale Motion</u>")[2] and the sale to the Stalking Horse Bidder.

2.      Except as otherwise indicated herein, all facts set forth in this Declaration are based upon my personal knowledge, discussions with other members of the Debtors' management team and the Debtors' advisors, review of relevant documents and information concerning the Debtors' operations, financial affairs, and restructuring initiatives, or represent my opinions and beliefs based upon my professional experience and knowledge of the Debtors and their operations. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis. I am authorized to submit this Declaration on behalf of the Debtors.

<u>**The DIP Facilities and Related Milestones**</u>

3.      I am familiar with the fact that the Debtors needed third-party financing to continue operations while conducting a robust sale and marketing process during the pendency of these Chapter 11 Cases. I understand that on June 28, 2022, the Court entered the *Interim Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing the Use of Cash Collateral; (IV) Scheduling Final Hearing; and (V) Granting Related Relief* [Docket No. 53] (the "<u>Interim DIP Order</u>"), granting approval for the Debtors to

---

[2] Capitalized terms used but not defined herein shall have the meanings set forth in the Sale Motion.

4892-3731-3837

obtain interim postpetition financing from the DIP Secured Parties (as defined in the Interim DIP Order). I understand further that on July 28, 2022, the Court entered its *Final Order Pursuant to 11 U.S.C. §§ 105, 361, 362, 363, 364, 503 and 507 (I) Authorizing the Debtors to Obtain Senior Secured Superpriority Postpetition Financing; (II) Granting (A) Liens and Superpriority Administrative Claims and (B) Adequate Protection to Certain Prepetition Lenders; (III) Authorizing the Use of Cash Collateral; and (IV) Granting Related Relief* [Docket No. 211] (the "Final DIP Order") approving the DIP Facilities (as defined in the Final DIP Order) on a final basis. This financing was critical in giving the Debtors the means to implement a marketing and sale process during the Bankruptcy Cases.

4.       In advising the Debtors regarding debtor-in-possession financing and the sale and marketing of their Assets, I developed an understanding of the Sale process milestones (the "Milestones") required under the terms of the DIP Facilities. Specifically, the DIP Facilities require the Debtors to achieve, among others, the following Milestones related to the Sale:

- No later than 60 days after the Petition Date, or by August 24, 2022, the Bankruptcy Court shall have entered one or more orders authorizing and approving the sale of all or substantially all of the Debtors' assets pursuant to one or a series of related or unrelated transactions, and such order(s) shall be in a form and substance reasonably acceptable to the DIP Secured Parties; and

- No later than 75 days after the Petition Date, or by September 8, 2022, the approved sale(s) of all or substantially all of the Debtors' assets shall have been consummated.

Final DIP Order at Ex. D. It is my understanding that the Milestones were a key component of consideration for the DIP Secured Parties, without which they were unwilling to provide the DIP Facilities.

## The Sale and Marketing Process

5.       Additional background information regarding the development of the Bidding

3

Procedures and Sale timeline may be found in the *Declaration of Michael Juniper in Support of the Bidding Procedures in Connection with the Sale of Assets of Debtors* [Docket No. 182] (the "Juniper Bid Procedures Declaration"), which is incorporated herein by reference.

6.     Given the extensive sale and marketing efforts carried out by the Debtors and Houlihan Lokey, which efforts began prior to the Petition Date, I believe that the Debtors and Houlihan Lokey had sufficient time to conduct a robust marketing and solicitation process under the Milestones to ensure that a market-tested purchase price was obtained. With the Debtors' assistance, Houlihan Lokey prepared a detailed confidential information memorandum and compiled information regarding the Assets for placement in a virtual data room (the "VDR") that was made accessible to prospective buyers to conduct due diligence. Initial outreach to prospective buyers began on June 20, 2022, and the Bid Deadline was set on August 10, 2022. Thus, including prepetition marketing efforts, the Debtors and Houlihan Lokey spent nearly two months soliciting Qualified Bids in an effort to determine the highest and best offer for the Sale.

7.     Throughout the process, and particularly in the weeks leading up to the Bid Deadline, the Debtors and Houlihan Lokey spent substantial time engaging with prospective buyers in an effort to solicit Qualified Bids for purposes of an auction. As diligence requests continued to be made, the Debtors and Houlihan Lokey identified and uploaded significant additional material to meet these information requests. In addition, Houlihan Lokey scheduled numerous calls with prospective buyers as they conducted their due diligence.

8.     After nearly two months of marketing their Assets, the Debtors received one partial bid before the Bid Deadline expired, which was submitted by Englander Sleep Products, L.L.C. ("Englander"). Whereas the Stalking Horse APA contemplates the acquisition of substantially all of the Debtors' assets in exchange for a credit bid of $125,000,000, cash component of $200,000,

the Stalking Horse Bidder's assumption or refinancing of the over $25 million ABL Facility, and the assumption of the Assumed Liabilities, the only asset Englander proposed to purchase in its bid was Olive Branch's membership interest in Englander, in exchange for significantly less consideration than provided for in the Stalking Horse APA and without Englander's assumption of any significant liabilities. Therefore, Englander's bid was a Partial Bid as defined in the Bidding Procedures Order. Pursuant to paragraph 4.a. of the Bidding Procedures Order, after consulting with the Consultation Parties, the Debtors exercised their discretion to determine that Englander's Partial Bid should not be considered a Qualified Bid. Thus, the Debtors ultimately canceled the Auction because they received no Qualified Bids other than the Stalking Horse APA.

9.  The Debtors, with the assistance of Houlihan Lokey, conducted the marketing and sale process for the Assets in a manner that was thorough, fair, designed to maximize value and in compliance with the Bid Procedures Order in all material respects. All prospective buyers that expressed a potential interest in the Assets were afforded a full, fair, and reasonable opportunity to conduct diligence and submit offers for the Assets and to object or otherwise be heard with respect to the process. At all times, the Debtors' discussions with prospective buyers for the Assets were conducted in good faith and at arm's length, and by parties who were (or had the opportunity to be) represented by their own counsel and advisors. It is, therefore, my opinion that the Stalking Horse APA is the result of a value-maximizing process that was carried out effectively and represents the best and highest offer for the Debtors' Assets.

### Consideration Pursuant to the Stalking Horse APA

10.  Closing of the Stalking Horse APA will result in value to the Debtors' estates in excess of $165 million, including, without limitation, the following components:

(a)  a **$125,000,000** credit bid consisting of (i) all outstanding DIP Term Loan Obligations (as defined in the Final DIP Order) as of the Closing Date and (ii) a

portion of the Prepetition Term Loan Obligations (as defined in the Final DIP Order);

(b)      the $**200,000** Cash Purchase Price (as defined in the Stalking Horse APA);

(c)      assumption or refinancing in cash of all obligations outstanding under the ABL Facility (which includes the DIP Revolver Facility, each as defined in the Final DIP Order), which total in excess of $**25,000,000**;

(d)      assumption of the Assumed Liabilities identified in section 2.3 of the Stalking Horse APA (collectively, the "Assumed Liabilities"), which include, among other things:

- government charges or fees related to the Purchased Assets first arising and accruing on and after the Closing Date (other than Taxes attributable to a Pre-Closing Tax Period, as each term is defined in the Stalking Horse APA), which are currently estimated to total $**100,000**;

- accounts payable incurred by the Debtors in the ordinary course of business from and after the commencement of the Chapter 11 Cases, which are currently estimated to total $**2,000,000**;

- estimated claims entitled to priority under section 503(b)(9) of the Bankruptcy Code and identified by the Debtors, which are currently estimated to total $**5,904,000**;

- the Debtors' obligation to pay the Sale Transaction Fee pursuant to the terms of that certain Engagement Letter between the Sellers and Houlihan Lokey Capital, Inc., dated June 8, 2022, which is currently estimated to total $**850,000** (after application of certain credits and interim payments);

- fees payable to A&G Real Estate Partners, LLC, which are currently estimated to total $**100,000-150,000**;

- liabilities arising from the Debtors' Customer Programs (as defined in the *Debtors' Emergency Motion for Entry of an Order Authorizing the Debtors to Honor Certain Prepetition Obligations to Customers and to Otherwise Continue Customer Programs in the Ordinary Course of Business* [Docket. No. 11]), which are estimated to be $**1,500,000** – $**1,700,000** in the aggregate as of the date hereof;

- accrued and unpaid liabilities pursuant to 28 U.S.C. § 1930(a) as of the Closing Date, which are currently estimated to total $**0**;

- all liabilities and obligations of the Sellers in respect of any Transferred Employee (as defined in the Stalking Horse APA), which are currently estimated to total **$2,300,000** in the aggregate as of the date hereof;

- amounts payable with respect to any Permitted Liens (as defined in the Stalking Horse APA) in connection with any financing of the Stalking Horse Bidder, Assigned Contracts,[3] and any statutory liens for taxes, assessments or other government charges, the amount of which are currently unknown;

- all liabilities under the KEIP (as defined in the *Order Granting Debtors' Motion for Entry of An Order: (I) Approving Debtors' Key Employee Incentive Plan and (II) Granting Related Relief* [Docket No. 282] (the "KEIP Order")), which are estimated to total $**550,000**; and

- any other unpaid liabilities of the Debtors that constitute allowed administrative expense claims as of the Closing Date and set forth in the Approved Budget (as defined in the Stalking Horse APA), the amount of which are currently unknown;

and

(e)     payment of Cure Amounts in connection with Assigned Contracts, which amounts will not be established until definitive decisions are made regarding which contracts will be assigned to the Stalking Horse Bidder but are currently estimated to total **$2 million**.

11.     The Assumed Liabilities represent a substantial portion of the total consideration that the Stalking Horse Bidder has agreed to pay to acquire the Debtors' Assets pursuant to the Stalking Horse APA. It is my opinion that a Sale to the Stalking Horse Bidder provides the best and perhaps only means of satisfying all such obligations of the Debtors. Further, all valid lienholders either support the transaction, will be paid in full, or their liens will remain attached to the Assets as Permitted Liens. For this reason, it is my opinion that the terms of the Stalking Horse APA adequately protect all lienholders.

12.     It is my opinion, based on my familiarity with the Debtors' going-concern value as established by the Stalking Horse APA as compared with the liquidation value of their Assets, that

---

[3] The term "Assigned Contracts" as used herein shall have the definition set forth in the Stalking Horse APA.

4892-3731-3837

the total consideration to be paid under the Stalking Horse APA will result in substantially more value to the estates and their creditors than any other alternative, including a chapter 7 liquidation.

**The Stalking Horse Bidder's Financial Ability to Close
and Satisfy Post-Closing Obligations**

13.     During the course of negotiations regarding the terms of the DIP Facilities and of the Stalking Horse APA, I have had the opportunity to work closely with the Debtors' Prepetition Term Loan Lenders and have become generally familiar with the financial wherewithal of the Prepetition Term loan Lenders. The Stalking Horse Bidder is an acquisition vehicle formed by Debtors' Prepetition Term Loan Lenders, who have historically loaned the Debtors in excess of $130 million in funded debt.

14.     The Debtors and CR3 have worked together closely with the Stalking Horse Bidder to develop certain financial forecasts of the results of post-closing operations of the business.  The results of these efforts are set forth in the financial projections attached hereto as **Exhibit A** (the "Financial Projections").  My team at CR3 and the Debtors used the Financial Projections to evaluate the likelihood that the Stalking Horse Bidder would be able to satisfy its post-closing obligations pursuant to the Stalking Horse APA from (i) working capital that is being purchased by the Stalking Horse Bidder pursuant to the Stalking Horse APA; (ii) debt financing from the Debtors' existing ABL Facility that is being assumed by the Stalking Horse Bidder; (iii) additional working capital funding that will be provided by the Stalking Horse Bidder (in the form of either debt or equity) and (iv) the revenues generated by the business post-closing.

15.     Based upon (i) my review and analysis of the Debtors' business as it will exist after it is acquired by the Stalking Horse Bidder and (ii) my collaborative work with the Debtors' management team (which will likely be hired by the Stalking Horse Bidder at the closing of the Sale to serve those same roles post-closing), other CR3 personnel, and the Stalking Horse Bidder,

8

I believe that the Financial Projections are reasonable and that Stalking Horse Bidder has the financial capability to satisfy all obligations necessary to close the transaction pursuant to the terms of the Stalking Horse APA, and to perform its post-closing obligations under the Stalking Horse APA.

### Assumption and Assignment, Related Cures, and Adequate Assurance

16.     The Stalking Horse APA contemplates the potential assumption and assignment of certain Contracts and Leases in connection with the Sale to the Stalking Horse Bidder. Under my direction, a team of the Debtors' employees is working with the Debtors' professionals, in consultation with the Stalking Horse Bidder, to review all of the Debtors' executory contracts and unexpired leases to determine which are necessary for continued operations and contain favorable terms. I expect that this process will be completed prior to the 75-day post-closing deadline contained in the Stalking Horse APA for designation of which Contracts and Leases will become the Assigned Contracts.

17.     The Debtors and their professionals also reviewed the Debtors' invoices, books and records to determine the amounts necessary to cure such contracts and unexpired leases in the event they were to be assumed and assigned.  Based on this review, the Debtors prepared and filed the Notice of (I) Debtors' Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Debtors' Proposed Cure Amounts [Docket No. 219] (the "Original Cure Notice"), which will be modified or supplemented by subsequent notices (together with the Original Cure Notice, the "Cure Notices"). Each of the Cure Notices include an exhibit that lists each contract and unexpired lease identified for potential assumption and assignment and the Cure Amounts for each contract or lease.  I believe the amounts set forth in the Cure Notices accurately reflect the amount necessary to cure any defaults under the Contracts and Leases identified therein.  To the extent that certain counterparties to the Contracts or Leases have disputed

the Cure Amounts in a timely manner, the Debtors may attempt to resolve such cure amounts or bring them before the Bankruptcy Court for appropriate rulings.

18.     Pursuant to the Stalking Horse APA, the Stalking Horse Bidder is obligated to pay Cure Amounts in connection with the Assigned Contracts.  As noted above, the Stalking Horse Bidder has not yet completed the process of designating which Contracts and Leases will become Assigned Contracts.  When such process is complete, I believe the Stalking Horse Bidder has the financial ability to satisfy the Cure Amounts for the Assigned Contracts. Moreover, as noted above, and as indicated in Financial Projections, the benefits to be conferred on the business through (i) the operational improvements designed by the Debtors' management and either already implemented or in process of implementation; (ii) the elimination of significant debt by virtue of the Stalking Horse Bidder's credit bid; (iii) the rejection of several burdensome contracts and leases during the Bankruptcy Case, the Stalking Horse Bidder projects sufficient post-closing working capital and liquidity to satisfy operational expenses, including post-closing obligations under Assigned Contracts.  Accordingly, I submit that the counterparties to the Assumed and Assigned Contracts are adequately assured of the Stalking Horse Bidders' future performance under the Assigned Contracts.

### Good Faith of the Stalking Horse Bidder and No Successor Liability

19.     Neither the Debtors nor the Stalking Horse Bidder have engaged in any conduct that would cause or permit the Stalking Horse APA to be avoided under section 363(n) of the Bankruptcy Code. Specifically, the Stalking Horse Bidder has not acted in a collusive manner with any person or entity, and the Purchase Price was not controlled by any agreement among the bidders but was, instead, the result of good faith, arms'-length negotiations between the Stalking Horse Bidder and the Debtors, who were both  represented by professional advisors.

20.     The Stalking Horse Bidder is purchasing the Assets in good faith and is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code. Specifically: (i) the Stalking Horse Bidder did not cause the Debtors' bankruptcy cases; (ii) the Stalking Horse APA was heavily negotiated by the Stalking Horse Bidder and the Debtors with the assistance of professional advisors over a significant time period of time; (iii) the Stalking Horse Bidder disclosed all payments to be made by the Stalking Horse Bidder in connection with the Sale; (iv) the Stalking Horse Bidder recognizes that the Debtors were free to deal with any other party interested in purchasing the Assets; (v) no common identity of directors, managers, or officers exists among the Stalking Horse Bidder and the Debtors; (vi) the negotiation and execution of the Stalking Horse APA was at arms'-length and in good faith, and at all times the Stalking Horse Bidder and the Debtors were represented by competent counsel of their choosing; (vii) the Stalking Horse Bidder complied in all material respects with the Bidding Procedures; and (viii) the Stalking Horse Bidder has not acted in a collusive manner with any person or entity.

21.     But for the protections afforded to the Stalking Horse Bidder under the Bankruptcy Code and the Sale Order, the Stalking Horse Bidder would not have offered the consideration contemplated in the Stalking Horse APA and would be unwilling to consummate the transactions set forth in the Stalking Horse APA. If the Sale of the Assets were not free and clear of all liens, claims, encumbrances, and interests, or if the Stalking Horse Bidder would—or in the future could—be liable for any such liens, claims, encumbrances, and interests, other than any liens, claims, or encumbrances expressly assumed pursuant to the Stalking Horse APA, the Stalking Horse Bidder would not be willing to consummate the transactions to acquire the Assets.

22.     The total consideration to be provided for under the Stalking Horse APA reflects the Stalking Horse Bidder's reliance on the Sale Order to provide, pursuant to sections 105(a)

and 363(f) of the Bankruptcy Code, that, upon the Sale closing, the Debtors have title to, possession of, and the right to transfer the Assets free and clear of all liens, claims, encumbrances, and interests (other than liens and claims expressly assumed in the Stalking Horse APA).

23.     None of the transactions contemplated by the Stalking Horse APA, including, without limitation, the Sale or the assumption and assignment of the Assigned Contracts, is being undertaken for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof.

24.     The Stalking Horse Bidder has been working internally and with its counsel towards consummation of the transactions contemplated by the Stalking Horse APA and expects to continue that work if the Sale to the Stalking Horse Bidder is approved by the Bankruptcy Court.

### Debtors' Authority to Close Sale and Security of Personally Identifiable Information

25.     As the Debtors' Chief Restructuring Officer, I am responsible for working with the CEO of the Debtors' parent company, Eric Rhea, and its board of directors (collectively, the "Corporate Team") to make ordinary-course business decisions that will best position the Debtors to succeed in their operations on a go-forward basis. It is the opinion of the Corporate Team that a Sale to the Stalking Horse Bidder represents the best path forward to preserve the value of the Debtors as a going concern. Accordingly, the Debtors have obtained the requisite corporate authorizations and consents from the Corporate Team to enter into the Stalking Horse APA and satisfy the obligations set forth therein.

26.     To the extent personally identifiable information ("PII") is transferred to the Stalking Horse Bidder, the Debtors will work with the Stalking Horse Bidder to ensure compliance with any existing policies regarding PII.

4892-3731-3837

## Conclusion

27.     Having worked with the Debtors and counsel to negotiate the terms of the Stalking Horse APA, having reviewed the Stalking Horse APA in detail, and having participated in the marketing and sale process for the Assets, it is my opinion that the terms and condition set forth in the Stalking Horse APA, including the Purchase Price, are fair and reasonable, represent the highest and best offer received for the Assets, and the sale of the Assets in accordance with the provisions of the Stalking Horse APA is in the best interests of the Debtors' estates. Accordingly, I respectfully submit that the Sale to the Stalking Horse Bidder is in the best interests of the Debtors' estates and should be approved pursuant to the terms of the Stalking Horse APA.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: August 20, 2022

/s/ Michael Juniper
Michael Juniper
Chief Restructuring Officer

4892-3731-3837

**<u>Exhibit A</u>**

FINANCIAL PROJECTIONS

**Corsicana Acquisition (NewCo)**

**Post-Close Weekly Cash Flow Forecast[1]**

| Values in $000s<br>Week Ending | FCST<br>Wk 1<br>9/17/22 | FCST<br>Wk 2<br>9/24/22 | FCST<br>Wk 3<br>10/1/22 | FCST<br>Wk 4<br>10/8/22 | FCST<br>Wk 5<br>10/15/22 | FCST<br>Wk 6<br>10/22/22 | FCST<br>Wk 7<br>10/29/22 | FCST<br>Wk 8<br>11/5/22 | FCST<br>Wk 9<br>11/12/22 | FCST<br>Wk 10<br>11/19/22 | FCST<br>Wk 11<br>11/26/22 | FCST<br>Wk 12<br>12/3/22 | FCST<br>Wk 13<br>12/10/22 | FCST<br>Wk 14<br>12/17/22 | FCST<br>Wk 15<br>12/24/22 | FCST<br>Wk 16<br>12/31/22 | FCST<br>Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Customer Collections | 5,223 | 5,223 | 5,223 | 4,984 | 4,984 | 4,984 | 4,984 | 5,513 | 5,646 | 5,646 | 3,388 | 5,683 | 5,738 | 5,738 | 4,590 | 4,590 | 82,136 |
| Other Collections | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - |
| **Total Cash Receipts** | **5,223** | **5,223** | **5,223** | **4,984** | **4,984** | **4,984** | **4,984** | **5,513** | **5,646** | **5,646** | **3,388** | **5,683** | **5,738** | **5,738** | **4,590** | **4,590** | **82,136** |
| **Operating Disbursements** | | | | | | | | | | | | | | | | | |
| Materials Purchase | (3,169) | (3,169) | (3,169) | (2,912) | (2,912) | (2,912) | (2,912) | (3,106) | (3,154) | (3,154) | (1,852) | (3,175) | (3,206) | (3,206) | (2,545) | (2,545) | (47,101) |
| Payroll & Benefits | (1,176) | (576) | (1,526) | (605) | (1,208) | (678) | (1,257) | (1,009) | (1,231) | (642) | (1,222) | (968) | (1,195) | (597) | (1,177) | (571) | (15,636) |
| Freight | (682) | (682) | (682) | (666) | (666) | (666) | (666) | (712) | (723) | (723) | (434) | (729) | (737) | (737) | (590) | (590) | (10,684) |
| Insurance | (990) | - | - | (330) | - | - | - | (330) | - | - | - | (330) | - | - | - | - | (1,980) |
| Rents & Utilities | (45) | (45) | (519) | (45) | (45) | (45) | (45) | (514) | (45) | (45) | (45) | (464) | (45) | (45) | (45) | (437) | (2,474) |
| Other | (205) | (255) | (205) | (307) | (307) | (307) | (357) | (205) | (265) | (265) | (315) | (230) | (205) | (205) | (205) | (255) | (4,088) |
| **Total Operating Disbursements** | **(6,268)** | **(4,727)** | **(6,100)** | **(4,865)** | **(5,137)** | **(4,607)** | **(5,237)** | **(5,875)** | **(5,418)** | **(4,829)** | **(3,868)** | **(5,896)** | **(5,388)** | **(4,790)** | **(4,561)** | **(4,397)** | **(81,963)** |
| **Oper. Cash Flow** | **(1,044)** | **496** | **(877)** | **119** | **(154)** | **376** | **(253)** | **(362)** | **228** | **817** | **(480)** | **(213)** | **350** | **948** | **29** | **193** | **173** |
| **Non-Operating Disbursements** | | | | | | | | | | | | | | | | | |
| Debt Service | - | - | (132) | - | - | - | - | (205) | - | - | - | - | - | - | - | (207) | (543) |
| Contract Cures / 503b(9) / KEIP | (3,823) | (2,000) | (1,904) | (100) | - | - | - | (100) | (550) | - | - | - | (100) | - | - | - | (8,577) |
| **Total Non-Operating Disbursements** | **(3,823)** | **(2,000)** | **(2,036)** | **(100)** | **-** | **-** | **-** | **(305)** | **(550)** | **-** | **-** | **-** | **(100)** | **-** | **-** | **(207)** | **(9,120)** |
| **Capital Contributions** | | | | | | | | | | | | | | | | | |
| Capital Contributions | 10,206 | - | - | - | - | - | - | - | - | - | - | - | - | - | - | - | 10,206 |
| **Net Cash Flow** | **5,339** | **(1,504)** | **(2,912)** | **19** | **(154)** | **376** | **(253)** | **(667)** | **(322)** | **817** | **(480)** | **(213)** | **250** | **948** | **29** | **(14)** | **1,259** |
| **Ending Book Cash[2]** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** | **450** |
| **ABL Lender Revolver Balance** | | | | | | | | | | | | | | | | | |
| **Ending Loan Balance** | **19,888** | **21,392** | **24,304** | **24,286** | **24,439** | **24,063** | **24,316** | **24,983** | **25,305** | **24,488** | **24,968** | **25,181** | **24,931** | **23,983** | **23,954** | **23,968** | |
| **Net Availability[3]** | **5,427** | **4,011** | **1,187** | **1,411** | **1,464** | **2,046** | **1,999** | **1,364** | **1,030** | **1,835** | **1,348** | **1,123** | **1,361** | **2,296** | **2,316** | **2,292** | |

**Notes:**

1) All amounts are forecasted and therefore unaudited; closing is estimated to occur week ended September 10th

2) Includes operating cash and the depository sweep (deposits in transit) accounts

3) Availabilty is based on the current ABL Lender revolver structure

**Corsicana Acquisition (NewCo)**

**Post-Close Monthly Financial Projection[1]**

| Values in $000s | FCST Dec'22 | FCST Jan'23 | FCST Feb'23 | FCST Mar'23 | FCST Apr'23 | FCST May'23 | FCST Jun'23 | FCST Jul'23 | FCST Aug'23 | FCST Sep'23 | FCST Oct'23 | FCST Nov'23 | FCST Dec'23 | Annual FCST FY23 | Annual FCST FY24 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Income Statement** | | | | | | | | | | | | | | | |
| Net Sales | 22,997 | 23,474 | 24,147 | 24,441 | 22,656 | 23,231 | 24,062 | 23,597 | 25,663 | 25,461 | 23,506 | 25,137 | 24,716 | 290,091 | 304,595 |
| Cost of Goods Sold | 20,225 | 20,503 | 20,992 | 21,223 | 19,860 | 20,293 | 20,929 | 20,573 | 22,131 | 21,992 | 20,503 | 21,728 | 21,419 | 252,146 | 263,195 |
| **Gross Profit** | 2,772 | 2,971 | 3,155 | 3,218 | 2,796 | 2,938 | 3,132 | 3,025 | 3,532 | 3,469 | 3,003 | 3,409 | 3,297 | 37,945 | 41,400 |
| *- % of Net Sales* | *12%* | *13%* | *13%* | *13%* | *12%* | *13%* | *13%* | *13%* | *14%* | *14%* | *13%* | *14%* | *13%* | *13%* | *14%* |
| | | | | | | | | | | | | | | | |
| Selling, General & Administrative | 2,555 | 2,536 | 2,562 | 2,573 | 2,504 | 2,526 | 2,558 | 2,540 | 2,620 | 2,612 | 2,537 | 2,600 | 2,583 | 30,751 | 31,309 |
| **Operating Income / (Loss)** | 217 | 435 | 593 | 645 | 292 | 412 | 574 | 484 | 912 | 857 | 466 | 809 | 714 | 7,194 | 10,091 |
| *- % of Net Sales* | *1%* | *2%* | *2%* | *3%* | *1%* | *2%* | *2%* | *2%* | *4%* | *3%* | *2%* | *3%* | *3%* | *2%* | *3%* |
| | | | | | | | | | | | | | | | |
| Interest Expense | (155) | (150) | (151) | (155) | (154) | (128) | (119) | (125) | (119) | (134) | (128) | (96) | (96) | (1,555) | (810) |
| State Income Taxes | (20) | (20) | (21) | (21) | (20) | (20) | (21) | (21) | (22) | (22) | (20) | (22) | (22) | (252) | (265) |
| **Net Income** | 42 | 265 | 421 | 469 | 118 | 263 | 435 | 339 | 771 | 701 | 317 | 691 | 596 | 5,386 | 9,015 |
| | | | | | | | | | | | | | | | |
| **Addbacks** | | | | | | | | | | | | | | | |
| Interest Expense | 155 | 150 | 151 | 155 | 154 | 128 | 119 | 125 | 119 | 134 | 128 | 96 | 96 | 1,555 | 810 |
| State Income Taxes | 20 | 20 | 21 | 21 | 20 | 20 | 21 | 21 | 22 | 22 | 20 | 22 | 22 | 252 | 265 |
| Depreciation[2] | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 410 | 4,920 | 4,920 |
| **EBITDA** | 627 | 845 | 1,003 | 1,055 | 702 | 822 | 984 | 894 | 1,322 | 1,267 | 876 | 1,219 | 1,124 | 12,114 | 15,011 |
| *- % of Net Sales* | *3%* | *4%* | *4%* | *4%* | *3%* | *4%* | *4%* | *4%* | *5%* | *5%* | *4%* | *5%* | *5%* | *4%* | *5%* |
| | | | | | | | | | | | | | | | |
| **Free Cash Flow** | | | | | | | | | | | | | | | |
| EBITDA | 627 | 845 | 1,003 | 1,055 | 702 | 822 | 984 | 894 | 1,322 | 1,267 | 876 | 1,219 | 1,124 | 12,114 | 15,011 |
| Less: Fixed Charges[3] | (217) | (212) | (214) | (218) | (216) | (190) | (181) | (187) | (183) | (198) | (191) | (160) | (159) | (2,308) | (1,575) |
| **Free Cash Flow** | 410 | 633 | 789 | 838 | 486 | 632 | 803 | 707 | 1,139 | 1,069 | 686 | 1,060 | 965 | 9,806 | 13,436 |

**Notes:**

1) All amounts are forecasted and therefore unaudited

2) Depreciation held constant at most recent "OldCo" rate until completion of fresh start accounting analysis

3) Fixed charges include interest expense, taxes and capital expenditures; management estimates approximately $500K per year in maintence capital needs

**EXHIBIT B**

**Contracts to be Removed from Original Cure Notice**

| Cure Notice # | Contract Counterparty Name & Address | Debtor Entity Name | Title of Contract | Contract Type | Reason for Removal | Effective Date of Rejection |
|---|---|---|---|---|---|---|
| 7 | AGRO INTERNATIONAL CMBH & CO. KG SENFDAMNM 21 BAD ESSEN, 49152 GERMANY | Corsicana Bedding, LLC | Business Agreement | Innersprings purchase agreement | The Debtors terminated all outstanding purchase agreements with this supplier prepetition. Item 7 was inadvertently included in the Original Cure Notice. | n/a |
| 8 | AGRO INTERNATIONAL CMBH & CO. KG MR. DOMINIK MEYER SENFDAMNM 21 BAD ESSEN, 49152 GERMANY | Corsicana Bedding, LLC | Master Supply Agreement | Agreement for supply of spring cores for mattresses | Rejected pursuant to *Order Granting Debtors' First Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Bankruptcy Code § 365 and Bankruptcy Rule 6006 as of the Petition Date* [Docket No. 213] (the "First Rejection Order") | June 25, 2022 |
| 141 | LA CUNA ENCANTADA, S.A. DE C.V. PONIENTE 150 N. 800 INDUSTRIAL VALLEJO AZCAPOTZALCO MEXICO CITY, 02300 MEXICO | Corsicana Bedding, LLC | Business Agreement | Innerspring requirements contract | Rejected pursuant to the First Rejection Order. | June 25, 2022 |
| 142 | LA CUNA ENCANTADA, S.A. DE C.V. RAMON DE PEDRO ESPINOLA PONIENTE 150 N. 800 INDUSTRIAL VALLEJO AZCAPOTZALCO MEXICO CITY, 02300 MEXICO | Corsicana Bedding, LLC | Purchase and Sale Agreement | Agreement for supply of spring cores for mattresses | The Debtors terminated all outstanding purchase agreements with this supplier prepetition. Item 142 was inadvertently included in the Original Cure Notice. | n/a |

| Cure Notice # | Contract Counterparty Name & Address | Debtor Entity Name | Title of Contract | Contract Type | Reason for Removal | Effective Date of Rejection |
|---|---|---|---|---|---|---|
| 150 | MORAN REAL ESTATE PROPERTIES, LTD. C/O CORSICANA BEDDING, INC. 3001 U.S. 287 CORSICANA, TX 75109 | Corsicana Bedding, LLC | Lease Agreement | Real Property Lease – 1101 N. Highway 75, Corsicana, TX 75110 | Rejected pursuant to the First Rejection Order. | June 25, 2022 |
| 151 | MORAN REAL ESTATE PROPERTIES, LTD. CARROLL E. MORAN PO BOX 209 CHATFIELD, TX 75105 | Corsicana Bedding, LLC | Lease Agreement dated September 29, 2015 and related Holdover Agreement with Corsicana Operating Co, LLC | 1101 N. Highway 75, Corsicana, Texas 75110 - warehouse | Item 151 is a duplicate of item 150 and was, therefore, rejected pursuant to the First Rejection Order. | n/a |
| 122 | HIGHWOODS REALTY LIMITED PARTNERSHIP C/O HIGHWOODS PROPERTIES, INC. ATTN: MANAGER, LEASE ADMINISTRATION AND LEGAL DEPARTMENT 3100 SMOKETREE COURT, SUITE 600 RALEIGH, NC 27604 | Corsicana Bedding, LLC | Office Lease | Real Property Lease – 7027 Albert Pick Road, Suite 104, Airpark East, Greensboro, NC 27409 | Rejected pursuant to the First Rejection Order. | June 30, 2022 |
| 143 | LAPORTE PROPERTY C/O SHELDON SIMBORG PARTNER & BENEFICIARY OF TRUST SIMBORG INDUSTRIAL REAL ESTATE, INC. 1133 WEST 175TH STREET HOMEWOOD, IL 60430 | Corsicana Bedding, LLC | Lease Agreement | Real Property Lease – 0755 S. 500 W., LaPorte, Indiana 46350 | Rejected pursuant to the First Rejection Order. | July 31, 2022 |
| 61 | CARPENTER CO. MR. H. A. CLAIBORNE, ILL 5016 MONUMENT AVENUE RICHMOND, VA 23230 | Eastern Sleep Products Company | Lease Agreement | Real Property Lease – B, 2700 Jefferson Davis Highway, Richmond, VA 23234 | Rejected pursuant to *Order Granting Debtors' Second Omnibus Motion to Reject Certain Unexpired Leases as of July 30, 2022, Pursuant to Bankruptcy Code § 365 and Bankruptcy Rule 6006* [Docket No. 230] (the "Second Rejection Order") | July 30, 2022 |

| Cure Notice # | Contract Counterparty Name & Address | Debtor Entity Name | Title of Contract | Contract Type | Reason for Removal | Effective Date of Rejection |
|---|---|---|---|---|---|---|
| 189 | PHOENIX RICHMOND INDUSTRIAL INVESTORS LLC C/O PHOENIX INVESTORS 401 E. KILBOURN AVE., SUITE 201 MILWAUKEE, WI 53202 | Eastern Sleep Products Company | Industrial Building Deed of Lease | Real Property Lease – 4901 Fitzhugh Avenue, Suite 300, Richmond VA 23230 | Rejected pursuant to the Second Rejection Order. | July 30, 2022 |
| 283 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Symbol Mattress of Wisconsin, Inc. | XTRA Lease Trailer U83733 | 53' Trailer | Inadvertently included on Original Cure Notice; counterparty and Debtors have no record of contract or associated trailer. | n/a |
| 286 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051786 | Storage Trailer - NC Plant | Subject to pending motion to reject. | August 19, 2022 (proposed) |
| 59 | BRIGHT STAR INVESTMENT PROPERTIES LLC KEVIN WHEELER PO BOX 8317 ENNIS, TX 75120 | Corsicana Bedding, LLC | Lease Agreement dated September 29, 2015 and related Holdover Agreement with Corsicana Operating Co, LLC | 2701 E. Highway 31, Corsicana, Texas 75109 - plant lease | Leased premises subject to *Agreed Order Regarding Bright Star's Motion for Relief from Automatic Stay* [Docket No. 268]. | n/a |
| 103 | ENGLANDER SLEEP PRODUCTS, L.L.C. KEVIN TOMAN 6801 W. 73RD STREET BEDFORD PARK, IL 60499 | Olive Branch Building, LLC | OPERATING AGREEMENT OF ENGLANDER SLEEP PRODUCTS, L.L.C. and related documents | Trademark license | Subject to pending motion to assume. | n/a |
| 11 | ALBANY ROAD-MOCKINGBIRD III LLC, C/O ALBANY ROAD REAL ESTATE PARTNERS LLC 155 FEDERAL STREET SUITE 1202 BOSTON, MA 02110 | Corsicana Bedding, LLC | Standard Office Lease and As Amended | Real Property Lease - 1420 W. Mockingbird Lane, Suite 800, Dallas. TX 75247 | Subject to pending motion to reject. | September 30, 2022 (proposed) |

**EXHIBIT C**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm-11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER (I) AUTHORIZING, BUT NOT DIRECTING, THE POTENTIAL
ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS
AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF**

Upon the amended motion [Docket No. 108] (the "<u>Motion</u>") of the above-captioned debtors

and debtors in possession (collectively the "<u>Debtors</u>"), pursuant to sections 105(a), 363 and 365 of

Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004 and 6006 of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("<u>Corsicana</u>"); Thetford Leasing LLC (7227) ("<u>Thetford</u>"); Olive Branch Building, LLC (7227) ("<u>Olive Branch</u>"); Eastern Sleep Products Company (1185) ("<u>Eastern Sleep</u>"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("<u>Englander Symbol</u>"); Hylton House Furniture, Inc. (5992) ("<u>Hylton House</u>"); Luuf, LLC (3450) ("<u>Luuf</u>"); Symbol Mattress of Florida, Inc. (4172) ("<u>Symbol Florida</u>"); Symbol Mattress of Pennsylvania, Inc. (3160) ("<u>Symbol Pennsylvania</u>"); Symbol Mattress of Wisconsin, Inc. (0871) ("<u>Symbol Wisconsin</u>"); Symbol Mattress Transportation, Inc. (1185) ("<u>Symbol Transportation</u>"); and Master Craft Sleep Products, Inc. (4961) ("<u>Master Craft</u>"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") seeking, among other things, entry of one or more orders: (a) authorizing the Debtors' entry into, and approving, the Asset Purchase Agreement, dated as of July 14, 2022 and effective as of June 29, 2022, by and among, *inter alia*, Corsicana Acquisition LLC (together with any designee thereof, the "Purchaser")[2] and the Sellers (as defined in the APA), and, solely for the purpose of the sections of the APA identified therein, the Lenders (as defined in the APA) party thereto (together with all schedules, exhibits, and ancillary documents related thereto, in each case, as may be amended, modified or supplemented from time to time in accordance with the terms thereof, including that certain First Amendment to the Asset Purchase Agreement dated as of July 26, 2022, collectively, the "APA", a copy of which is attached hereto as **Exhibit A**)[3], (b) authorizing and approving the sale of the Purchased Assets (the "Sale") free and clear of all liens, claims, liabilities, rights, encumbrances, and other interests (other than Assumed Liabilities), (c) authorizing the assumption and assignment of certain executory contracts and unexpired leases pursuant to the APA (collectively, the "Assignable Contracts"), and (d) granting related relief; and upon adequate and sufficient notice of a hearing before this Court on August 23, 2022 (the "Sale Hearing"); and this Court having approved the APA and the Sale at the Sale Hearing; and the Debtors' having filed their *Notice of Adjournment of Certain Matters Scheduled for Hearing on August 16, 2022* [Docket No. 319] (the "Adjournment Notice") notifying counterparties to the Assignable Contracts (the "Counterparties") that the hearing on the request for relief in the Motion regarding the Debtors' authority to potentially assume and assign the Assignable Contracts was adjourned to August 24, 2022 (the "Contracts Hearing"); and upon adequate and sufficient notice of the Contracts Hearing;

---

[2] For the avoidance of doubt, all rights, benefits and protections granted under this Authorization Order to the Purchaser (as such term is used in the APA) shall extend to and include any designee of such Purchaser.
[3] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA.

and the Debtors' having filed their *Notice of (I) Debtors' Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Debtors' Proposed Cure Amounts* [Docket No. 219] (the "Original Cure Notice"), as modified by the Debtors' *Notice Regarding Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. [●]] (the "Omnibus Notice")[4], setting forth the Cure Amounts (as defined therein) associated with each identified Assignable Contract; and the request for entry of an order authorizing the assumption and assignment of the Assignable Contracts to the Purchaser (the "Authorization Order") now coming before the Court; and the Court having reviewed and considered the Motion, all relief sought therein with respect to the Assignable Contracts and related thereto and any objections thereto; and upon the full record in support of such relief; and all interested parties having been heard or having been afforded an opportunity to be heard with respect to the Debtors' request for authority to assume and assign the Assignable Contracts; and it further appearing that the legal and factual bases set forth in the Motion and at the Sale Hearing and the Contracts Hearing (together, the "APA Hearings") establish just cause for the relief granted herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors,

---

[4] Pursuant to the Bidding Procedures Order, Counterparties to contracts and leases not identified in the Original Cure Notice, including those set forth in the Debtors' filing of their *Supplemental Notice of (I) Debtors' Request for Authority to Assume and Assign Certain Executory Contracts and Unexpired Leases, and (II) Debtors' Proposed Cure Amounts* [Docket No. 346] (the "First Supplemental Cure Notice") (collectively, the "Supplemental Contracts"), are afforded 10 days to object to the assumption and assignment of such Supplemental Contracts. The Court acknowledges that the First Supplemental Cure Notice was filed less than 10 days before the Contracts Hearing. Accordingly, the Court's findings and conclusions regarding the Debtors' authority to assume and assign shall be limited to those contracts and leases set forth in the Original Cure Notice, as modified by the Omnibus Notice, and the Debtors' potential assumption and assignment of the Supplemental Contracts shall be determined pursuant to the procedures set forth in Section VI of this Authorization Order (the "Supplemental Contract Procedures").

their estates, their creditors and all other parties in interest; and after due deliberation thereon, and good and sufficient cause appearing therefor,

**THE COURT HEREBY FINDS THAT**:

    **I.**    **Jurisdiction, Final Order, and Statutory Predicates**

    A.    The Court has jurisdiction to hear and determine the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

    B.    The statutory predicates for the relief requested in the Motion are sections 105(a), 363, and 365 of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004 and 6006.

    C.    The Court may enter a final order consistent with Article III of the United States Constitution. This Authorization Order constitutes a final order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rules 6004(h) and 6006(d), and to any extent necessary under Bankruptcy Rule 9014 and Rule 54(b) of the Federal Rules of Civil Procedure, as made applicable by Bankruptcy Rule 7054, the Court expressly finds that there is no just reason for delay in the implementation of this Authorization Order, waives any stay, and expressly directs entry of judgment as set forth herein.

    **II.**    **Notice of the Cure Amounts, the Contracts Hearing and the Potential Assumption and Assignment of the Assignable Contracts**

    D.    As evidenced by the affidavits of service and publication previously filed with the Court, and based on the representations of counsel, due, proper, timely, adequate and sufficient notice of the Cure Amounts, the Contracts Hearing and the potential assumption and assignment of the Assignable Contracts has been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 9007, 9008 and 9014, and the Local Rules. The Debtors have complied with all obligations to provide notice of the Motion, the APA, the Contracts Hearing

and this Authorization Order. The aforementioned notices are good, sufficient and appropriate under the circumstances, and no other or further notice of the Motion, the APA, the Contracts Hearing, this Authorization Order or the potential assumption and assignment of the Assignable Contracts is, or shall be, required. The requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

E.      Pursuant to the APA, on July 28, 2022, the Debtors filed and served the Original Cure Notice on each Counterparty to the Assignable Contracts identified in such notice, and on August 22, 2022, the Debtors filed and served the Omnibus Notice, which modified the Original Cure Notice by removing certain Contracts and Leases from the list of Assignable Contracts. The Original Cure Notice and Omnibus Notice provided notice of the potential assumption and assignment of the Assignable Contracts designated as such by Original Cure Notice (as modified by the Omnibus Notice) and the Cure Amounts associated with each such Assignable Contract. The Bidding Procedures Order established a General Objection Deadline of August 15, 2022 for Counterparties to the Assignable Contracts designated as such by the Original Cure Notice (as modified by the Omnibus Notice) to object on the basis of adequate assurance of future performance pursuant to section 365(b)(1)(C) of the Bankruptcy Code ("Adequate Assurance") or on the basis of the Cure Amounts set forth in the Original Cure Notice, as modified by the Omnibus Notice.

F.      A reasonable opportunity to object and be heard with respect to the potential assumption and assignment of the Assignable Contracts designated as such by the Original Cure Notice (as modified by the Omnibus Notice) pursuant to the APA has been afforded to all interested persons and entities, including the Objection Notice Parties (as defined in the Bidding Procedures Order).

4881-7943-2494

G.      As demonstrated by the evidence proffered or adduced and the representations of counsel at the Contracts Hearing, the Debtors have complied in all material respects with the Assumption and Assignment Procedures set forth in the Bidding Procedures Order.

### III.    Best Interests of the Estates and No Further Objections on the Basis of Adequate Assurance or Cure Amounts

H.      To the extent the Debtors assume and assign Assignable Contracts to the Purchaser pursuant to the terms of the APA, such assumption and assignment is integral to the Debtors' performance of their obligations under the APA and is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and represents the Debtors' reasonable exercise of sound and prudent business judgment.

I.       The schedule attached hereto as **Exhibit B** sets forth the Assignable Contracts and the Cure Amounts corresponding to each Assignable Contract set forth in the Original Cure Notice, as modified by the Omnibus Notice. The statements of counsel and the evidence presented at the APA Hearings have demonstrated Adequate Assurance. The General Objection Deadline has passed, and Counterparties to the Assignable Contracts may no longer object to the potential assumption and assignment of the Assignable Contracts on the basis of Adequate Assurance or the Cure Amounts. The failure to include an executory contract or unexpired lease on **Exhibit B** shall not preclude the Debtors from designating such contract or lease as a Supplemental Contract by a subsequent notice.

### THE COURT HEREBY ORDERS THAT:

### IV.    General Provisions.

1.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to these chapter 11 cases pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact

constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2.       This Authorization Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

## V.   The Debtors are Authorized, but not Directed, to Assume and Assign the Assignable Contracts to the Purchaser

3.       The Debtors' request in the Motion for authority to assume and assign the Assignable Contracts is granted as provided herein. Pursuant to sections 105(a), 363, and 365 of the Bankruptcy Code, and subject to and conditioned upon the closing of the Sale to the Purchaser pursuant to the terms of the APA, the Debtors are authorized, but not directed, to assume and assign the Assignable Contracts to the Purchaser at the Cure Amounts set forth on **Exhibit B** attached hereto. The Purchaser's assumption of any Assignable Contracts on the terms set forth in the APA is hereby approved, and the requirements of section 365(b)(1) of the Bankruptcy Code with respect thereto are hereby deemed satisfied.

4.       To the extent a Counterparty to an Assignable Contract has failed to timely object to a Cure Amount, such Cure Amount shall be deemed to be finally determined and any such Counterparty shall be prohibited from challenging, objecting to, or denying the validity and finality of the Cure Amount at any time, and such Cure Amount, or such lesser amount as may be agreed to by the Purchaser and the Counterparty, when paid, shall completely revive any Assignable Contract to which it relates. No sections or provisions of any Assignable Contract that purport to provide for additional payments, penalties, charges, or other financial accommodations in favor of the Counterparty to the Assignable Contract shall have any force or effect with respect to the assumptions and assignments authorized by this Authorization Order, and such provisions

constitute unenforceable anti-assignment provisions under section 365(f) of the Bankruptcy Code and are otherwise unenforceable under section 365(e) of the Bankruptcy Code.

5.     To the extent any Counterparty to an Assignable Contract identified in the Original Cure Notice or the Omnibus Notice timely filed an objection is hereby preserved and shall be scheduled for separate hearing on a date to be determined or otherwise resolved by the parties as set forth in paragraph d. of the Omnibus Notice.

6.     Within 75 days of the Closing Date (the "Contract Designation Period"), the Debtors shall file and serve notice of each Assignable Contract that is designated by the Purchaser as an Assumed Contract or an Excluded Contract (as such terms are defined in the APA), and the filing of each notice of Assumed Contracts shall constitute the effective date of assignment of the Assumed Contracts to the Purchaser (the "Assignment Date"), subject to payment of all Cure Amounts therein, unless a Counterparty agrees in writing to a lesser Cure Amount. The Debtors shall comply with the Counterparty notice requirements set forth in the APA regarding the designation of Assumed Contracts. All Assignable Contracts not designated as Assumed Contracts as of the end of the Contract Designation Period shall constitute Excluded Contracts under the APA.

7.     In the event that any Counterparty to an Assumed Contract has timely disputed the Cure Amount applicable to such Assumed Contract or has filed a timely objection to the assumption and assignment of such contract on any other ground prior, the assumption and assignment of such Assumed Contract, and payment of any applicable Cure Amounts, shall be made following the entry of an order of the Court resolving any such dispute (or upon the consensual resolution of such dispute as may be agreed by the Purchaser and such counterparty). Notwithstanding anything to the contrary herein, the Purchaser shall have the right to designate

such contract or unexpired lease as an Excluded Contract at any time following the Closing Date in the event that any such dispute is not resolved to the Purchaser's satisfaction. Upon an election of the Purchaser to designate a contract or unexpired lease as an Excluded Contract, the Purchaser shall have no liability whatsoever to the counterparty to such contract or unexpired lease that may arise prior to or after the Closing Date.

8. Until the end of the Contract Designation Period, the Purchaser shall have the right to amend the designation of any Assignable Contract as an Assumed Contract to an Excluded Contract or an Excluded Contract to an Assumed Contract.

9. Effective on the Assignment Date, subject to the payment of Cure Amounts (or such lesser amount as may be agreed to by a Counterparty to an Assumed Contract), all defaults or other obligations of the Debtors under the Assumed Contracts arising or accruing prior to the Assignment Date (without giving effect to any acceleration clauses or any default provisions of the kind specified in section 365(b)(2) of the Bankruptcy Code), whether monetary or non-monetary, shall be deemed cured.

10. Effective on the Assignment Date, and without the need for further order of this Court, the Assumed Contracts shall be transferred to and remain in full force and effect for the benefit of the Purchaser in accordance with their respective terms, notwithstanding any provision in any such Assumed Contract that prohibits, restricts or conditions such assignment transfer (including those of the type described in sections 365(b)(2), (e) and (f) of the Bankruptcy Code). Pursuant to section 365(k) of the Bankruptcy Code, the Debtors shall be relieved from any further liability with respect to the Assumed Contracts after such assignment to and assumption by the Purchaser.

11.     No assignment of any Assumed Contract pursuant to the terms of the APA shall in any respect constitute a default under such Assumed Contract. The Counterparties to each Assumed Contract shall be deemed to have consented to its assignment under section 365(c)(1)(B) of the Bankruptcy Code, and the Purchaser shall enjoy all of the Debtors' rights and benefits under each such Assumed Contract as of the Assignment Date without the necessity of obtaining such Counterparty's written consent to the assumption or assignment thereof.

12.     Upon the reasonable requests of the Purchaser, the Counterparties to the Assumed Contracts shall cooperate and expeditiously execute and deliver, and shall not charge the Debtors or the Purchaser for, any instruments, applications, consents, or other documents which may be required or requested by any public or quasi-public authority or other party or entity to effectuate the applicable transfers of the Assumed Contracts to the Purchaser pursuant to the APA.

## VI.     Procedures Regarding Assumption and Assignment of Supplemental Contracts

13.     The Debtors have served the First Supplemental Cure Notice on the Counterparties to the Supplemental Assignable Contracts identified therein and the time to object to such Cure Amounts will expire on September 1, 2022. The Debtors shall file and serve upon Counterparties additional supplemental cure notices (each an "Additional Supplemental Cure Notice") as necessary to the extent the Debtors discover any additional Supplemental Contracts. Should the Debtors seek to assume and assign any additional Supplemental Contracts, the Debtors shall comply with the Counterparty notice requirements set forth in the Bidding Procedures Order.

14.     Pursuant to paragraph 16 of the Bidding Procedures Order, Counterparties to Supplemental Contracts are afforded 10 days after a Supplemental Contract is identified on an Additional Supplemental Cure Notice to object to the assumption and assignment of such Supplemental Contracts to the Purchaser (a "Supplemental Objection") on any basis, including

without limitation the proposed cure amounts or adequate assurance of future performance, which objection shall be filed and served upon the Debtors and the Purchaser.

15.     If a Counterparty timely files a Supplemental Objection, then, to the extent that the Purchaser designates the applicable Supplemental Contract as an Assumed Contract, the potential assumption and assignment of such Supplemental Assignable Contract and the Supplemental Objection shall be scheduled for hearing on a date to be determined or otherwise resolved by parties.

16.     On the eleventh day following the filing of the First Supplemental Cure Notice or any Additional Supplemental Cure Notice (as applicable), all Supplemental Contracts listed therein for which a Supplemental Objection has been withdrawn or not timely filed and served pursuant to the foregoing procedures shall become Assignable Contracts that the Debtors are authorized, but not directed, to assume and assign to the Purchaser at the Cure Amount set forth in the related cure notice, and the assumption and assignment of such Supplemental Contract to the Purchaser shall not be subject to further objection.

## VII.     Related Relief

17.     Nothing in this Order, the Sale Order, the Motion, or in any notice or any other document is or shall be deemed an admission by the Debtors that any Assignable Contract or other contract or lease is an executory contract or unexpired lease or must be assumed and assigned pursuant to the APA to consummate the Sale to the Purchaser.

18.     The failure of the Debtors or the Purchaser to enforce one or more terms or conditions of any Assignable Contract at any time shall not be a waiver of such term(s) or condition(s) or of the Debtors' and Purchaser's rights to enforce every term and condition of such Assignable Contract.

19.     All parties to the Assumed Contracts are forever barred and enjoined from raising or asserting against the Purchaser any assignment fee, default, breach, Claim, pecuniary loss, or condition to assignment arising under or related to the Assumed Contracts existing as of the Closing Date or arising by reason of the Sale, except for any Cure Amounts or as otherwise provided in this Authorization Order or the APA.

20.     If any order under section 1112 of the Bankruptcy Code is entered, such order shall provide (in accordance with sections 105 and 349 of the Bankruptcy Code) that this Authorization Order and the rights granted to the Purchaser hereunder shall remain effective and, notwithstanding such dismissal, shall remain binding on all parties-in-interest. The Purchaser's inability to satisfy any Cure Amounts shall not be a basis for termination, rejection or avoidance (as applicable) of the APA and the transactions contemplated therein, and shall not prevent the assumption and assignment of fully cured Assumed Contracts to the Purchaser.

21.     The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court.

22.     For the avoidance of doubt, nothing herein or in the APA amends, modifies, or alters the Debtors' obligations under the Assumed Contracts and section 365(d)(3) of the Bankruptcy Code. The Assumed Contracts shall only be deemed assumed and assigned upon payment of any outstanding Cure Amounts as set forth in the Cure Notices or as may be agreed upon between the Debtors and the contract Counterparty or further Order of this Court if the Cure Amount is in dispute.

23.     The Court shall retain exclusive jurisdiction to, among other things, interpret, implement, and enforce the terms and provisions of this Authorization Order, the Sale Order and

the APA, all amendments thereto and any waivers and consents thereunder, and each of the agreements executed in connection therewith to which any Debtor is a party or which has been assigned by the Debtors to the Purchaser, and to adjudicate, if necessary, any and all disputes concerning or relating in any way to the Assignable Contracts, including, but not limited to, retaining jurisdiction to: (a) compel a Counterparty's compliance with the terms of an Assigned Contract; (b) interpret, implement, and enforce the provisions of this Authorization Order; and (c) enter any orders under sections 363 and 365 of the Bankruptcy Code with respect to the Assumed Contracts.

24.      The Purchaser shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code in order to give any notice permitted by the APA or to enforce any of its remedies under the APA or any other Sale-related document. The provisions of this Authorization Order are non-severable and mutually dependent.

25.      To the extent this Authorization Order is inconsistent with any prior order, except for the Sale Order, or any other pleading filed in these chapter 11 cases related to the Motion, the terms of this Authorization Order shall govern.

# # # END OF ORDER # # #

## Exhibit A

**APA**

*[Intentionally omitted; available at Docket No. 108]*

**<u>Exhibit B</u>**

**Assignable Contracts and Related Cure Amounts**

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 1 | 3001 HIGHWAY 287 LLC (BENEFIT MORGAN STANLEY) 28110 WEST HARRISON PARKWAY VALENCIA, CA 91355 | Corsicana Bedding, LLC | Unknown | Real Property Lease - 3001 S Highway 287, Corsicana, TX 75109 | $ - |
| 2 | 3001 HIGHWAY 287 LLC (BENEFIT MORGAN STANLEY) 28110 WEST HARRISON PARKWAY VALENCIA, CA 91355 | Corsicana Bedding, LLC | Lease Agreement dated September 29, 2015 and related Holdover Agreement with Corsicana Operating Co, LLC | 3001 S Highway 287, Corsicana, Texas - plant lease | $ - |
| 3 | 3GTMS LLC 4 ARMSTRONG ROAD SHELTON, CT 6484 | Corsicana Bedding, LLC | Unknown | Online Trucking Broker System | $ 26,933.73 |
| 4 | 475 WILLARD ASSOCIATES LLC C/O THE LIGHTSTONE GROUP ATTN: GENERAL COUNSEL, COMMERCIAL LEASING 1985 CEDAR BRIDGE AVE SUITE 1 LAKEWOOD, NJ 08701 | Corsicana Bedding, LLC | LEASE by and between SHELBOURNE NEWINGTON, LLC (Landlord) and CORSICANA BEDDING, LLC (Tenant) | Alumni Road, Newington, Connecticut - plant lease | $ 102,834.84 |
| 5 | AFCO CREDIT CORPORATION 1133 AVENUE OF THE AMERICAS, SUITE 2735-39 NEW YORK, NY 10036 | Corsicana Bedding, LLC | Acct: 30-10-144528-7 | Premium Financing | $ - |
| 6 | AFFIRM, INC. 650 CALIFORNIA STREET. 12TH FLOOR SAN FRANCISCO, CA 94108 | Symbol Mattress of Wisconsin, Inc. | Order Form No. 1 and Amendment to Order Form No. 1 | Online Merchant Services | $ - |
| 7 | AIDANT FIRE PROTECTION COMPANY 15836 N. 77TH STREET SCOTTSDALE, AZ 85260-1700 | Corsicana Bedding, LLC | Unknown | Fire Protection Services - AZ Plant | $ - |
| 8 | AIRGAS USA AIRGAS HARTFORD 259 N RADNOR-CHESTER ROAD RADNOR, PA 19087 | Corsicana Bedding, LLC | Unknown | PROPANE TANKS - NC plant | $ 3,913.56 |
| 9 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Corsicana Bedding, LLC | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 10 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Eastern Sleep Products Company | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 11 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 12 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Hylton House Furniture, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 13 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Luuf, LLC | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 14 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 15 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Olive Branch Building, LLC | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 16 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 17 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 18 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 19 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 20 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Thetford Leasing LLC | Business Insurance Policy | Primary Management Liability - Policy No. USF00934622 | $ - |
| 21 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Corsicana Bedding, LLC | Business Insurance Policy | Run-Off: Eastern Sleep Products Company (D&O, Employment Practices Liability, Fiduciary) - Policy No. USF00956721 | $ - |
| 22 | ALLIANZ GLOBAL RISK US INSURANCE COMPANY THOMAS VILLAROSA 28 LIBERTY STREET 25TH FLOOR NEW YORK, NY 10005 | Eastern Sleep Products Company | Business Insurance Policy | Run-Off: Eastern Sleep Products Company (D&O, Employment Practices Liability, Fiduciary) - Policy No. USF00956721 | $ - |
| 23 | AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. ATTN: DEPARTMENT 87 P.O. BOX 299051 FORT LAUDERDALE, FL 33329 | Corsicana Bedding, LLC | American Express® Card Acceptance Agreement | Online Merchant Services | $ - |
| 24 | AMERIGAS 460 NORTH GULPH ROAD KING OF PRUSSIA, PA 19406 | Corsicana Bedding, LLC | Acct 200158508 | PROPANE TANKS - NC plant | $ 5,286.87 |
| 25 | ANDRADES TRUCKING LLC 601 E AIMEE ST FORNEY, TX 75126 | Corsicana Bedding, LLC | Trucking Contract | interstate and intrastate transportation services | $ 11,547.60 |
| 26 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Corsicana Bedding, LLC | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 27 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Eastern Sleep Products Company | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 28 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 29 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Hylton House Furniture, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 30 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Luuf, LLC | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 31 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 32 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Olive Branch Building, LLC | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 33 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 34 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 35 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 36 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 37 | ASSOCIATED INDUSTRIES INSURANCE CO, INC. R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Thetford Leasing LLC | Business Insurance Policy | Excess D&O - Policy No. ANV152226A | $ - |
| 38 | AVALARA, INC. 255 S. KING ST., SUITE 1800 SEATTLE, WA 98104 | Corsicana Bedding, LLC | Annual Contract | Avalara CertCapture | $ - |
| 39 | AVALARA, INC. 255 S. KING ST., SUITE 1800 SEATTLE, WA 98104 | Corsicana Bedding, LLC | Annual Contract | Avalara AvaTax | $ - |
| 40 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Corsicana Bedding, LLC | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 41 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Eastern Sleep Products Company | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 42 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Englander-Symbol Mattress of Mississipp, LLC | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 43 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Hylton House Furniture, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 44 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Luuf, LLC | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 45 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 46 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Olive Branch Building, LLC | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 47 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 48 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 49 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 50 | AXIS INSURANCE CO. 111 SOUTH WACKER DRIVE CHICAGO, IL 60606 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 51 | AXIS INSURANCE CO.<br>111 SOUTH WACKER DRIVE<br>CHICAGO, IL 60606 | Thetford Leasing LLC | Business Insurance Policy | Excess D&O - Policy No. P-001-000518200-02 | $ - |
| 52 | BLANCA FRANCIA<br>ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 53 | BLUECROSS BLUESHIELD OF TEXAS<br>1001 EAST LOOKOUT DRIVE<br>RICHARDSON, TX 75082 | Corsicana Bedding, LLC | BlueCare Dental | Employee Dental Benefit Program - PPO High Plan | $ - |
| 54 | BLUECROSS BLUESHIELD OF TEXAS<br>1001 EAST LOOKOUT DRIVE<br>RICHARDSON, TX 75082 | Corsicana Bedding, LLC | BlueCare Dental | Employee Dental Benefit Program - PPO Low Plan | $ - |
| 55 | BLUECROSS BLUESHIELD OF TEXAS<br>KATHERINE JACKSON<br>1001 EAST LOOKOUT DRIVE<br>RICHARDSON, TX 75082 | Corsicana Bedding, LLC | ERISA Regulated Group Health Plan (PPO) | Employee Group Health Plan | $ - |
| 56 | BROOKE ANDERSON<br>ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 57 | CDW DIRECT LLC<br>200 N MILWAUKEE AVE<br>VERNON HILLS, IL 6061 | Corsicana Bedding, LLC | Veeam Premium Support - technical support (renewal) | Software and IT support | $ 53,230.39 |
| 58 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Corsicana Bedding, LLC | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 59 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Eastern Sleep Products Company | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 60 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 61 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Hylton House Furniture, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 62 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Luuf, LLC | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 63 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Master Craft Sleep Products, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 64 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Olive Branch Building, LLC | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 65 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 66 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 67 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 68 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 69 | CERTAIN UNDERWRITERS AT LLOYDS<br>1 LIME ST<br>LONDON, EC3M 7HA<br>UNITED KINGDOM | Thetford Leasing LLC | Business Insurance Policy | Windstorm Deductible BuyBack - Policy No. 1104-359893 | $ - |
| 70 | COMMERCE AND INDUSTRY INSURANCE COMPANY<br>ATTN LEGAL DEPT<br>1271 AVENUE OF THE AMERICAS 35TH FL<br>NEW YORK, NY 10020-1304 | Corsicana Bedding, LLC | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 71 | COMMERCE AND INDUSTRY INSURANCE COMPANY<br>ATTN LEGAL DEPT<br>1271 AVENUE OF THE AMERICAS 35TH FL<br>NEW YORK, NY 10020-1304 | Eastern Sleep Products Company | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 72 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 73 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Hylton House Furniture, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 74 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Luuf, LLC | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 75 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 76 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Olive Branch Building, LLC | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 77 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 78 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 79 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 80 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 81 | COMMERCE AND INDUSTRY INSURANCE COMPANY ATTN LEGAL DEPT 1271 AVENUE OF THE AMERICAS 35TH FL NEW YORK, NY 10020-1304 | Thetford Leasing LLC | Business Insurance Policy | Storage Tank Third-Party Liability, Corrective Action and Cleanup Costs - Policy No. 003033829 | $ - |
| 82 | CONCUR TECHNOLOGIES, INC 601 106TH AVENUE NE, SUITE 1000 BELLEVUE, WA 98004 | Corsicana Bedding, LLC | Order Form | Travel and Expense System | $ 3,615.20 |
| 83 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Corsicana Bedding, LLC | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 84 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Eastern Sleep Products Company | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 85 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 86 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Hylton House Furniture, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 87 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Luuf, LLC | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 88 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 89 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Olive Branch Building, LLC | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 90 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 91 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 92 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 93 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 94 | CONTINENTAL INSURANCE COMPANY 151 NORTH FRANKLIN ST CHICAGO, IL 60606 | Thetford Leasing LLC | Business Insurance Policy | Umbrella - Policy No. 6020740105 | $ - |
| 95 | DATASITE LLC CALLYN LOUGHREY 733 S. MARQUETTE AVE MINNEAPOLIS, MN 55402 | Corsicana Bedding, LLC | Statement of Work ("SOW"): Datasite® DiligenceTM | Data site hosting | $ - |
| 96 | DELL FINANCIAL SERVICES L.L.C. GLORIOSA CATITER ONE DELL WAY ROUND ROCK, TX 78682 | Corsicana Bedding, LLC | Contract # 001-9011226-001 | Computer Equipment lease | $ 30,661.23 |
| 97 | EASTGATE LLC 246 SHELHORN ST HENDERSON, NV 89052 | Eastern Sleep Products Company | License and Indemnity Agreement and as Amended | Real Property Lease - 1007 S. 12th St, Watertown, WI 53094 | $ 6,500.00 |
| 98 | ERIC JENT ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Summary Terms if Employment with Corsicana Mattress Company | Employment Agreement | $ - |
| 99 | ERIC RHEA ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | (Employment) Agreement | Employment Agreement | $ - |
| 100 | FIDELITY INVESTMENTS 88 BLACK FALCON AVE STE 167 BOSTON, MA 2210 | Corsicana Bedding, LLC | Corsicana Bedding, LLC 401(k) Plan | Employee 401(k) plan | $ - |
| 101 | FOREST HOME INVESTORS LLC ANTHONY, TRACEY 401 E KILBOURN AVE STE 201 MILWAUKEE, WI 53202 | Corsicana Bedding, LLC | LEASE AGREEMENT By and Between MORAN REAL ESTATE PROPERTIES, LTD, as Landlord and CORSICANA OPERATING CO., LLC, as Tenant | W. Colter St., Glendale, Arizona - plant lease | $ 27,540.00 |
| 102 | FXI, INC. HAROLD EARLEY 100 MATSONFORD RD 5 RADNOR CORPORATE CTR, SUITE 300 RADNOR, PA 19087-4560 | Corsicana Bedding, LLC | SUPPLY AGREEMENT | Agreement for supply of foam for mattresses | $ 3,987,238.00 |
| 103 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Corsicana Bedding, LLC | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 104 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Eastern Sleep Products Company | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 105 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 106 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Hylton House Furniture, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 107 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Luuf, LLC | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 108 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 109 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Olive Branch Building, LLC | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 110 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 111 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 112 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 113 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 114 | GREAT AMERICAN INSURANCE COMPANY ADMINISTRATIVE OFFICES GREAT AMERICAN TOWER AT QUEEN CITY SQUARE 301 E 4TH ST CINCINNATI, OH 45202 | Thetford Leasing LLC | Business Insurance Policy | Environmental Site Liability - Policy No. PRE 3342396 01 | $ - |
| 115 | HEPATICA HILL HOLDINGS, LTD. 1200 N MAYFAIR RD SUITE 310 MILWAUKEE, WI 53226 | Eastern Sleep Products Company | License and Indemnity Agreement and as Amended | Real Property Lease - 1007 S. 12th St, Watertown, WI 53094 | See item no. 97 |
| 116 | HOT MELT 2197 CANTON RD, STE 102 MARIETTA, GA 30068 | Corsicana Bedding, LLC | Unknown | Equipment rental - AZ plant | $ - |
| 117 | INTERNATIONAL MARKET CNTRS INC DB WMCV PHASE 2 SPE 475 S. GRAND CENTERAL PARKWAY, SUITE 1615 LAS VEGAS, NV 89106 | Corsicana Bedding, LLC | LEASE AGREEMENT | Real Property Lease - World Market Center Building B, Showroom B1280, 475 S. Grand Central Parkway, Las Vegas, NV 89106 | $ 41,992.00 |
| 118 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Bartow, FL | $ 171,390.89 |
| 119 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Corsicana TX (2) | $ 910,051.76 |
| 120 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Glendale, AZ | $ 353,775.89 |
| 121 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Shelbyville, TN | $ 668,918.01 |
| 122 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Winlock, WA | $ 195,881.08 |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 123 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Greensboro, NC | $ 329,225.77 |
| 124 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Aurora, IL | $ 7,056.00 |
| 125 | J.B. HUNT TRANSPORT, INC. NICK HOBBS PO BOX 130 615 CORPORATE DR LOWELL, AR 72745 | Corsicana Bedding, LLC | Dedicated Contract Services Carrier Agreement | Agreement to supply trucking services - Newington, CT | $ 508,081.65 |
| 126 | JENNIFER COE ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 127 | JOHN DAVISS ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 128 | JOHNSON CONTROL 4700 EXCHANGE COURT, SUITE 300 BOCA RATON, FL 33431 | Corsicana Bedding, LLC | Unknown | Security Alarms - AZ plant | $ - |
| 129 | KENYA RAX ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 130 | KONICA MINOLTA PREMIER FINANCE P.O. BOX 070241 PHILADELPHIA, PA 19176-0241 | Eastern Sleep Products Company | Unknown | 7 copiers / printers at multiple locations | $ 2,712.08 |
| 131 | KONICA MINOLTA BUSINESS SOLUTIONS DEPT. AT 952823 ATLANTA, GA 31192-2823 | Eastern Sleep Products Company | Unknown | Maintenance on office machines | See item no. 132 |
| 132 | KONICA MINOLTA 100 WILLIAMS DR. RAMSEY, NJ 7446 | Eastern Sleep Products Company | Unknown | Copier Lease - Virginia Plant | $ 914.00 |
| 133 | KUEBIX LLC 5 MILL & MAIN PLACE #400 MAYNARD, MA 1754 | Eastern Sleep Products Company | Sales Order with Symbol Mattress | Online Trucking Broker System | $ - |
| 134 | LEAF CAPITAL FUNDING, LLC PENNY WAMSLEY PO BOX 5066 HARTFORD, CT 06102-5066 | Corsicana Bedding, LLC | FINANCE AGREEMENT | Operating Equipment lease | $ 5,031.98 |
| 135 | LINDSEY WILLIAMS ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 136 | LIZ FRAZIER ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 137 | MARGO COOK ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 138 | MATEERS STORAGE TRAILER RENTALS, INC 115 S REGIONAL RD GREENSBORO, NC 27409 | Corsicana Bedding, LLC | Acct 4991 | Storage Trailers - NC Plant | $ 6,577.20 |
| 139 | METROPOLITAN LIFE INSURANCE COMPANY 200 PARK AVENUE NEW YORK, NY 10166 | Corsicana Bedding, LLC | Hospital Indemnity Insurance | Hospital Indemnity Insurance | $ - |
| 140 | NANCY MAST ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 141 | NAVIGATORS MANAGEMENT COMPANY MGU NAVIGATORS INSURANCE COMPANY ATTN AMANDA ORLANDO 400 ATLANTIC ST 8TH FL STAMFORD, CT 06901-3512 | Corsicana Bedding, LLC | Surety Bond | Import Bond - Importer Number: 47-172301900 | $ - |
| 142 | NET LEASE-POOL 3 LLC DBA MTP 1100 S 12TH ST LLC JESSY VOLPE SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Symbol Mattress of Wisconsin, Inc. (WI) | Lease Agreement between NL VENTURES XI WATERTOWN, L.L.C. as Lessor and Symbol Mattress of Wisconsin and Eastern Sleep Products Company, collectively, jointly and severally, as Lessee | S. 12th Street, Watertown, Wisconsin - plant lease | $ 38,300.00 |
| 143 | NET LEASE-POOL 3 LLC DBA MTP 1100 S 12TH ST LLC JESSY VOLPE SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Eastern Sleep Products Company | Lease Agreement between NL VENTURES XI WATERTOWN, L.L.C. as Lessor and Symbol Mattress of Wisconsin and Eastern Sleep Products Company, collectively, jointly and severally, as Lessee | S. 12th Street, Watertown, Wisconsin - plant lease | $ - |
| 144 | NET LEASE-POOL 3 LLC DBA MTP 2001 BELLWOOD RD LLC C/O SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Eastern Sleep Products Company | LEASE AGREEMENT | Real Property Lease - 2001 Bellwood Rd, Richmond, VA 23237 | $ 35,225.00 |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 145 | NET LEASE-POOL3 LLC DBA MTP 8300 INDUSTRIAL DR LLC ANGELICA SAVAGE SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Englander Symbol Mattress of Mississippi, LLC | Lease Agreement between NL VENTURES XI OLIVE BRANCH, L.L.C. as Lessor and ENGLANDER-SYMBOL MATTRESS OF MISSISSIPPI, LLC and Eastern Sleep Products Company, collectively, jointly and severally, as Lessee | Industrial Drove, Olive Branch, Mississippi - plant lease | $ - |
| 146 | NET LEASE-POOL3 LLC DBA MTP 8300 INDUSTRIAL DR LLC ANGELICA SAVAGE SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Eastern Sleep Products Company | Lease Agreement between NL VENTURES XI OLIVE BRANCH, L.L.C. as Lessor and ENGLANDER-SYMBOL MATTRESS OF MISSISSIPPI, LLC and Eastern Sleep Products Company, collectively, jointly and severally, as Lessee | Industrial Drove, Olive Branch, Mississippi - plant lease | $ - |
| 147 | NET LEASE-POOL3 LLC DBA MTP 8300 INDUSTRIAL DR LLC STEPHANIE BLESSING SOMERA ROAD 130 W 42ND ST FL 22 NEW YORK, NY 10036 | Eastern Sleep Products Company | Deed of Lease Between NL VENTURES XI BELL WOOD, L.L.C. as Lessor and Eastern Sleep Products Company as Lessee | Bellwood Rd, Richmond, Virginia - plant lease | $ - |
| 148 | NICOLE CASELLA ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 149 | NORTHSTAR RECYCLING (PROVIDES BALERS) 94 MAPLE STREET PO BOX 188 EAST LONGMEADOW, MA 01028 | Corsicana Bedding, LLC | Unknown | 4 Balers (equipment) - NC Plant | $ - |
| 150 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Corsicana Bedding, LLC | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 151 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Eastern Sleep Products Company | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 152 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 153 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Hylton House Furniture, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 154 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Luuf, LLC | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 155 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 156 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Olive Branch Building, LLC | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 157 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 158 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 159 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 160 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 161 | OBSIDIAN SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Thetford Leasing LLC | Business Insurance Policy | Excess D&O - Policy No. OSIC-410-DOX-1-2022-1 | $ - |
| 162 | OHM SYSTEMS INC 10895 INDECO DRIVE CINCINNATI, OH 45241 | Corsicana Bedding, LLC | Unknown | ERP system | $ 481,337.08 |
| 163 | PAULA SCHULMEISTER ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 164 | PAYCOM PAYROLL, LLC 7501 W MEMORIAL ROAD OKLAHOMA CITY, OK 73142 | Corsicana Bedding, LLC | Payroll and Human Capital Management Services Agreement and related documents | Payroll processing and related services | $ - |
| 165 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Corsicana Bedding, LLC | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 166 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Eastern Sleep Products Company | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 167 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Englander-Symbol Mattress of Mississippi, LLC | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 168 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Hylton House Furniture, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 169 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Luuf, LLC | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 170 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Master Craft Sleep Products, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 171 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Olive Branch Building, LLC | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 172 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Symbol Mattress of Florida, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 173 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Symbol Mattress of Pennsylvania, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 174 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Symbol Mattress of Wisconsin, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 175 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Symbol Mattress Transportation, Inc. | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 176 | PEOPLES PREMIUM FINANCE JOHN BINAGGIO 600 SW JEFFERSON SUITE 204 LEE'S SUMMIT, MO 64063 | Thetford Leasing LLC | Acct: 1104-359893 - Corsicana Investors LLC | Premium Financing | $ - |
| 177 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Corsicana Bedding, LLC | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $ - |
| 178 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Eastern Sleep Products Company | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 179 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 180 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Hylton House Furniture, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 181 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Luuf, LLC | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 182 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 183 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Olive Branch Building, LLC | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 184 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 185 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 186 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 187 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 188 | PHOENIX INSURANCE COMPANY 205 MAIN STREET CHESTER, NJ 07930 | Thetford Leasing LLC | Business Insurance Policy | Automobile - Policy No. BA-OP957391-21-14 | $               - |
| 189 | PITNEY BOWES GLOBAL FINANCIAL SVC PO BOX 981022 BOSTON, MA 02298-1022 | Eastern Sleep Products Company | Unknown | Office equipment lease; Symbol Mattress -Corp office Richmond, VA | $               - |
| 190 | QUENCH USA, INC. P.O. BOX 781393 PHILADELPHIA, PA 19178-1393 | Eastern Sleep Products Company | Unknown | Water coolers (office & Plant); Symbol Mattress -Corp office Richmond, VA | $          571.96 |
| 191 | ROBIN CHANDLER ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $               - |
| 192 | RY HOLDINGS PROPERTY 300 LLC 1200 N MAYFAIR RD SUITE 310 MILWAUKEE, WI 53226 | Eastern Sleep Products Company | License and Indemnity Agreement and as Amended | Real Property Lease - 1007 S. 12th St, Watertown, WI 53094 | See Item No. 97 |
| 193 | SAGE SOFTWARE, INC 6561 IRVINE CENTER DRIVE IRVINE, CA 92618 | Corsicana Bedding, LLC | Unknown | Fixed Asset Listing IT system | $               - |
| 194 | SCHNEIDER NATIONAL CARRIERS, INC. PO BOX 2545 GREEN BAY, WI 54306-2545 | Corsicana Bedding, LLC | Dedicated Capacity Transportation Agreement | Agreement to supply trucking services to Watertown, WI | $     100,984.30 |
| 195 | SCHNEIDER NATIONAL CARRIERS, INC. PO BOX 2545 GREEN BAY, WI 54306-2545 | Corsicana Bedding, LLC | Dedicated Capacity Transportation Agreement | Agreement to supply trucking services to Olive Branch, MS | $     130,332.09 |
| 196 | SOUTHERN CARLSON 10840 HARNEY STREET OMAHA, NE 68154 | Corsicana Bedding, LLC | Unknown | Frame shop hand scanners - NC Plant | $       6,395.38 |
| 197 | SOUTHERN CARLSON 10840 HARNEY STREET OMAHA, NE 68154 | Corsicana Bedding, LLC | Unknown | BEA hand Staplers - NC Plat | See Item No. 196 |
| 198 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Corsicana Bedding, LLC | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $               - |
| 199 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Eastern Sleep Products Company | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $               - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 200 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 201 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Hylton House Furniture, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 202 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Luuf, LLC | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 203 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 204 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Olive Branch Building, LLC | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 205 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 206 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 207 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 208 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 209 | STARSTONE SPECIALTY INSURANCE COMPANY R-T SPECIALTY LLC 180 N. STETSON AVENUE SUITE 4600 CHICAGO, IL 60601 | Thetford Leasing LLC | Business Insurance Policy | Excess D&O - Policy No. D72808221ASP | $ - |
| 210 | SUMERA ASGHAR ADDRESS INTENTIONALLY OMITTED | Corsicana Bedding, LLC | Retention Bonus Agreement with Corsicana Mattress Co | Retention Bonus Agreement | $ - |
| 211 | SUNBELT RENTALS 2341 DEERFIELD DRIVE FORT MILL, SC 29715 | Corsicana Bedding, LLC | Acct 602298 | Scissor lift - NC plant | $ 39,936.30 |
| 212 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Corsicana Bedding, LLC | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 213 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Corsicana Bedding, LLC | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 214 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Eastern Sleep Products Company | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 215 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Eastern Sleep Products Company | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 216 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 217 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 218 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Hylton House Furniture, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 219 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Hylton House Furniture, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 220 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Luuf, LLC | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 221 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Luuf, LLC | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 222 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 223 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Master Craft Sleep Products, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 224 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Olive Branch Building, LLC | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 225 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Olive Branch Building, LLC | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 226 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 227 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 228 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 229 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 230 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 231 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 232 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 233 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 234 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Thetford Leasing LLC | Business Insurance Policy | Property - Policy No. 660-0P950549-21-14; | $ - |
| 235 | TRAVELERS INDEMNITY CORPORATION OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Thetford Leasing LLC | Business Insurance Policy | General Liability - Policy No. 660-0P950549-21-14 | $ - |
| 236 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Corsicana Bedding, LLC | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 237 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Eastern Sleep Products Company | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 238 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 239 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Hylton House Furniture, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 240 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Luuf, LLC | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 241 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 242 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Olive Branch Building, LLC | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 243 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 244 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 245 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 246 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 247 | TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA 1 TOWER SQ HARTFORD, CT 06183-0003 | Thetford Leasing LLC | Business Insurance Policy | Excess Liability - Policy No. 6S129831-EX | $ - |
| 248 | TRULY NOLEN PEST CONTROL 432 S WILLIAMS BLVD TUCSON, AZ 85711 | Corsicana Bedding, LLC | Unknown | Pest Control Services AZ Plant | $ 500.00 |
| 249 | UNITED STATES POSTMASTER 251 LANASTER AVE FT WORTH, TX 76102 | Corsicana Bedding, LLC | Post Office Box Service | PO Box - Corp office | $ - |
| 250 | UNITED STATES POSTMASTER POSTMASTER CORSICANA, TX 75110 | Eastern Sleep Products Company | Unknown | PO Box - AZ Plant | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 251 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Corsicana Bedding, LLC | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 252 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Eastern Sleep Products Company | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 253 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Englander-Symbol Mattress of Mississippi, LLC | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 254 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Hylton House Furniture, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 255 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Luuf, LLC | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 256 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Master Craft Sleep Products, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 257 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Olive Branch Building, LLC | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 258 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Florida, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |

| Item # | Contract Counterparty Name & Address | DEBTOR ENTITY NAME | TITLE OF CONTRACT | CONTRACT TYPE | ESTIMATED CURE AS OF PETITION DATE |
|---|---|---|---|---|---|
| 259 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Pennsylvania, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 260 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress of Wisconsin, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 261 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Symbol Mattress Transportation, Inc. | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 262 | VARIOUS TRAVELERS SUBSIDIARIES INCLUDING THE TRAVELERS INDEMNITY COMPANY OF CONNECTICUT, TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, THE PHOENIX INSURANCE COMPANY, AND OTHERS TRAVELERS INDEMNITY COMPANY OF CONNECTICUT 1 TOWER SQ HARTFORD, CT 06183-0003 | Thetford Leasing LLC | Business Insurance Policy | Worker's Compensation - Policy No. UB-7R704054-21-14 | $ - |
| 263 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051785 | Storage Trailer - NC Plant | $ 5,526.48 |
| 264 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051787 | Storage Trailer - NC Plant | See Item No. 263 |
| 265 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051716 | Storage Trailer - NC Plant | See Item No. 263 |
| 266 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42052543 | Storage Trailer - NC Plant | See Item No. 263 |
| 267 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42052544 | Storage Trailer - NC Plant | See Item No. 263 |
| 268 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051717 | Storage Trailer - NC Plant | See Item No. 263 |
| 269 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051718 | Storage Trailer - NC Plant | See Item No. 263 |
| 270 | XTRA LEASE 7911 FORSYTH BLVD STE 600 SAINT LOUIS, MO 63105 | Corsicana Bedding, LLC | Acct 42051723 | Storage Trailer - NC Plant | See Item No. 263 |