Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Thomas J. Zavala
State Bar No. 24116265
HAYNES AND BOONE, LLP
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: tom.zavala@haynesboone.com

**ATTORNEYS FOR DEBTORS**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

### DEBTORS' EXPEDITED FINAL OMNIBUS MOTION TO REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006

**IF YOU HAVE RECEIVED THIS MOTION AND ARE A CONTRACT COUNTERPARTY OR LESSOR OF THE DEBTORS, PLEASE REVIEW SCHEDULE 1 AND SCHEDULE 2 ATTACHED TO THE PROPOSED ORDER ATTACHED HERETO TO DETERMINE IF THIS MOTION AFFECTS YOUR RIGHTS THEREUNDER.**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch") (case dismissed effective Sept. 16, 2022); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

**AN EXPEDITED HEARING HAS BEEN REQUESTED ON THIS MATTER FOR DECEMBER 19, 2022 AT 1:30 P.M. CENTRAL TIME. IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING, SPECIFICALLY ANSWERING EACH PARAGRAPH OF THIS PLEADING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE WITH THE CLERK OF THE BANKRUPTCY COURT PRIOR TO THE HEARING DATE. YOU MUST SERVE A COPY OF YOUR RESPONSE ON THE PERSON WHO SENT YOU THIS MOTION; OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

Corsicana Bedding, LLC and its debtor affiliates, as debtors and debtors-in-possession in the above-referenced chapter 11 cases (collectively, the "Debtors") hereby file this *Debtors' Expedited Final Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006* (the "Motion"). In support of the Motion, the Debtors respectfully state as follows:

### Jurisdiction and Venue

1.      The United States District Court for the Northern District of Texas (the "District Court") has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. The District Court's jurisdiction has been referred to this Court pursuant to 28 U.S.C. § 157 and the District Court's Miscellaneous Order No. 33, *Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc* dated August 3, 1984. This is a core matter pursuant to 28 U.S.C. § 157(b), which may be heard and finally determined by this Court. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

### Background

2.      On June 25, 2022 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") commencing the above captioned cases (the "Chapter 11 Cases"). The Debtors continue to manage

and operate their businesses as debtors-in-possession pursuant to Bankruptcy Code sections 1107 and 1108.

3.     On July 8, 2022, an official committee of unsecured creditors (the "Committee") was appointed in these Chapter 11 Cases. No trustee or examiner has been appointed in these Chapter 11 Cases.

4.     On August 24, 2022, the Court entered its *Order (I) Approving the Sale of the Debtors' Assets Free and Clear of all Liens, Claims and Encumbrances, (II) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* [Docket No. 370] (the "Sale Order") pursuant to the terms of the Asset Purchase Agreement dated as of June 29, 2022, by and among the Stalking Horse Bidder (as defined in the Sale Order) and the Debtors (as amended, the "Stalking Horse APA").

5.     Pursuant to the Sale Order, on September 16, 2022 (the "Closing Date"), the Debtors closed the sale transaction with the Stalking Horse Bidder in accordance with the terms of the Stalking Horse APA. Pursuant to paragraph 28 of the Sale Order, a 75-day Contract Designation Period (as defined in the Sale Order) began on the Closing Date during which the Debtors may designate Assignable Contracts as Assumed Contracts subject to payment of all Cure Amounts or as Excluded Contracts. Inclusion of a contract or lease in this Motion constitutes notice of designation of such contract or lease as an Excluded Contract pursuant to paragraph 28 of the Sale Order.

6.     A detailed description of the Debtors and their businesses, and the facts and circumstances supporting the Motion and the Debtors' Chapter 11 Cases are set forth in greater detail in the *Declaration of Michael Juniper in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 15] (the "Juniper Declaration").

## Description of the Contracts and Leases to be Rejected

7.      The Debtors have determined in their business judgment that the following executory contracts and unexpired leases (collectively, the "Contracts and Leases") are burdensome to the estate and should be rejected as of the proposed Effective Dates of rejection (the "Effective Dates") indicated below:

| # | Contract Counterparty | Debtor Party | Title of Contract | Additional Details | Effective Dates |
|---|---|---|---|---|---|
| 1. | CDW Direct LLC | Corsicana Bedding, LLC | Veeam Premium Support - Technical Support (Renewal) | Software and IT support | 11/30/2022 |
| 2. | Kenya Rax | Corsicana Bedding, LLC | Retention Bonus Agreement with Bedding | Retention Bonus Agreement | 11/30/2022 |
| 3. | Phoenix Multi-State Holdings One LLC | Corsicana Bedding, LLC | Lease Agreement By And Between Moran Real Estate Properties, Ltd, As Landlord And Corsicana Operating Co., LLC, As Tenant | State Route 505, Winlock, Washington - plant lease | 1/31/2023 |

8.      Corsicana is party to that certain Veeam Premium Support - Technical Support (Renewal) agreement (the "CDW Contract") with contract counterparty CDW Direct LLC ("CDW") relating to software and information technology support (the "CDW Services"). As of the filing of this Motion, the Stalking Horse Bidder and CDW have entered into new agreements related to the CDW Services. Accordingly, the Debtors have determined, in their business judgment, that rejection of the CDW Contract effective as of November 30, 2022 is in the best interests of the estates.

9.      Corsicana is party to that certain Retention Bonus Agreement dated March 31, 2022 (the "Rax Bonus Agreement") with contract counterparty Ms. Kenya Rax ("Ms. Rax"). As of the date of this Motion, Ms. Rax is no longer employed by the Debtors or the Stalking Horse Bidder, and the Stalking Horse Bidder has designated the Rax Bonus Agreement as an Excluded Contract for rejection pursuant to the APA. Accordingly, the Debtors have determined, in their business judgment, that rejection of the Rax Bonus Agreement effective as of November 30, 2022 is in the best interests of the estates.

10.     Corsicana is party to that certain *Lease Agreement* dated as of September 28, 2015 (as amended by that certain *Omnibus Amendment to Leases* dated as of August 2018, and as further amended by that certain *Omnibus Amendment to Leases* dated as of June 9, 2021) (the "Winlock Lease"), by and between Phoenix Multi-State Holdings One, LLC, as successor landlord ("Phoenix"), and Corsicana, as tenant, which governs the lease of a plant located at 222 State Route 505, Winlock, WA 98532 (the "Winlock Plant"). The Winlock Lease expires on September 28, 2024 pursuant to section 6 of the *Lease Schedule* attached to the Winlock Lease. By this Motion, the Debtors seek to reject the Winlock Lease effective as of January 31, 2023 because the Stalking Horse Bidder has designated the Winlock Lease as an Excluded Contract for rejection pursuant to the Stalking Horse APA, and the Debtors will have vacated and surrendered the Winlock Plant to Phoenix as of the proposed Effective Date of January 31, 2023. Accordingly, the Debtors have determined, in their business judgment, that rejection of the Winlock Lease effective as of January 31, 2023 is in the best interests of the estates.[2]

### Relief Requested

11.     By this Motion, pursuant to section 365 of the Bankruptcy Code and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Debtors seek entry of an order, substantially in the form of **Exhibit A** (the "Proposed Order"), authorizing and approving the rejection of the Contracts and Leases, which are listed on **Schedule 1** and **Schedule 2** of the Proposed Order (collectively, the "Schedules").[3] The Debtors further request that rejection of the

---

[2] The relief requested herein with respect to the Winlock Lease is not intended to, and shall not, affect the status of any other real property leases with lease counterparty Phoenix and/or its affiliates, as set forth in the *Second Notice Regarding Potential Assumption and Assignment of Certain Executory Contracts and Unexpired Leases* [Docket No. 359] (the "Second Notice"), which leases remain subject to pending negotiations regarding cure amounts with the respective lease counterparties as set forth in the Second Notice.

[3] Inclusion of a contract or unexpired lease on the Schedules shall not constitute an admission by the Debtors that such contract or unexpired lease is executory or that there are any unperformed obligations under such contract or unexpired lease.

Contracts and Leases be authorized and approved as of the Effective Dates corresponding with each Contract and Lease as set forth on the Schedules.

**Basis for Relief Requested**

**A.     Rejection of the Contracts and Leases is Supported by the Debtors' Sound Business Judgment**

12.     Section 365(a) of the Bankruptcy Code provides, in pertinent part, as follows: "the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). Rejection under section 365 is generally intended to enable the debtor to relieve itself and the bankruptcy estate from burdensome and unprofitable contracts and leases in order to preserve and maximize the value of the bankruptcy estate. *See Stewart Title Gaur. Co. v. Old Rep. Nat'l Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (noting that section 365 "allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed.") (citation omitted).

13.     Bankruptcy courts use the business judgment standard to determine whether to approve rejection of an executory contract or unexpired lease. *See Mission Product Holdings, Inc. v. Tempnology, LLC*, 139 S. Ct. 1652, 1658 (2019) ("The bankruptcy court will generally approve [a debtor's rejection of executory contracts and unexpired leases], under the deferential 'business judgment' rule."); *Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Group of Inst. Inv. v. Chicago, Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943)) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment.'"); *In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). Under the business judgment standard, rejection is appropriate where such rejection would benefit the bankruptcy estate and courts generally defer to the Debtor's judgment absent

bad faith or abuse. *See In re Pisces Energy, LLC*, Case No. 09-36591-H5-11, 2009 WL 7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("[T]he [business judgment] rule as applied to a bankrupt's decision to reject an executory contract because of perceived business advantage requires that the decision be accepted by courts unless it is shown that the bankrupt's decision was one taken in bad faith or in gross abuse of the bankrupt's retained business discretion.") (citations omitted).

14.     Bankruptcy Rule 6006(f) allows a debtor to file an omnibus motion to reject multiple executory contracts or unexpired leases. FED. R. BANKR. P. 6006(f). Such an omnibus motion to reject multiple contracts and leases must (1) conspicuously state the parties subject to the rejection, (2) list such parties alphabetically and identify their contract or leases, (3) be numbered consecutively with other omnibus motions, and (4) be limited to no more than 100 executory contracts or unexpired leases. *Id.*

15.     In the sound exercise of their business judgment, the Debtors have determined that rejecting the Contracts and Leases is in the best interests of their estates and creditors.

16.     With respect to the Contracts and Leases, the Debtors and the Stalking Horse Bidder have carefully evaluated their necessity to operations and the fees and expenses associated with continued benefits thereunder. The Stalking Horse Bidder has designated each of the Contracts and Leases set forth in this Motion as an Excluded Contract for rejection. Given that the Debtors no longer have ongoing business operations, and the Stalking Horse Bidder does not wish to assume the Contracts and Leases, the Debtors have determined, in their business judgment, that the cost and burden of maintaining the Contracts and Leases outweighs any benefits that the Debtors or their estates might receive. The Contracts and Leases are not necessary to the Debtors' business going forward but are, instead, a drain on the Debtors' limited resources. Thus, rejection of the Contracts and Leases will benefit the Debtors' estates.

17.    The Debtors submit that they have satisfied the requirements of Bankruptcy Rule 6006. The Debtors have identified the parties that are subject to this Motion and counterparties to the Contracts and Leases and listed them alphabetically. The Debtors' motions to reject have been numbered consecutively and no more than 100 Contracts and Leases are included in each motion.

18.    Based on the foregoing facts and circumstances, the Debtors submit that the rejection of the Contracts and Leases is supported by sound business judgment and is necessary, prudent, and is in the best interests of the Debtors' estates and the Debtors' creditors.

**B.    The Effective Dates for Rejection of the Contracts and Leases is Appropriate**

19.    The Debtors request that the rejection of the Contracts and Leases be effective as of the Effective Dates. There is substantial authority for permitting rejection retroactive to the date the motion seeking rejection was filed. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384 (Bankr. N.D. Tex. 2003) (approving rejection of closed restaurants retroactively to the later of the date the motion to reject was filed or the date the leased space was vacated); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) ("nothing precludes a bankruptcy court, based on the equities of the case, from approving the trustee's rejection of a non-residential real property lease retroactively to an earlier date."); *see also In re Mid-Cities Home Med. Equip. Co., Inc.*, Case No. 19-41232 (ELM) (Bankr. N.D. Tex. May 17, 2019) (Docket No. 140) (order granting debtor's omnibus motion to reject retroactively to the date the premises were vacated).

20.    Here, the equities weigh in favor of granting the relief requested with respect to the Contracts and Leases as of the Effective Dates. As of the Effective Dates, the Debtors no longer require the relevant services, are no longer receiving services or will have vacated the leased premises, as applicable. The Contracts and Leases are no longer of value to the Debtors' estates and rejection effective as of the Effective Dates will permit the Debtors to avoid incurring

obligations for unnecessary services or rent payments, thereby minimizing the Debtors'
administrative expense obligations.

## **Reservation of Rights**

21.      Nothing contained herein is intended or shall be construed as (i) an admission as to
the validity of any claim against the Debtors, (ii) a waiver of the Debtors' or any party in interest's
rights to dispute the amount of, basis for or validity of any claim or lien against the Debtors, (iii) an
admission of any unperformed obligations on the part of the Debtors pursuant to any unexpired
lease or contract, or (iv) an admission that any unexpired lease or contract is executory. The
Debtors expressly reserve their rights to contest any claim arising under any unexpired lease or
contract to which the Debtors may be party.

## **Notice**

22.      Notice of this Motion will be provided to the parties listed on the Debtors' service
list in accordance with the *Order Granting Complex Chapter 11 Bankruptcy Case Treatment*
[Docket No. 55].

WHEREFORE the Debtors respectfully request that the Court (i) grant the Motion and
(ii) grant such other and further relief as is just and proper.

RESPECTFULLY SUBMITTED this 30th day of November, 2022.

**HAYNES AND BOONE, LLP**

By: */s/ Stephen M. Pezanosky*
Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Thomas J. Zavala
State Bar No. 24116265
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: tom.zavala@haynesboone.com

**ATTORNEYS FOR DEBTORS**

**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| Corsicana Bedding, LLC, *et al.*,[1] | § | Case No. 22-90016-elm11 |
| | § | |
| Debtors. | § | Jointly Administered |

**ORDER GRANTING DEBTORS' EXPEDITED FINAL OMNIBUS MOTION TO
REJECT CERTAIN CONTRACTS AND UNEXPIRED LEASES PURSUANT TO
SECTION 365 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 6006**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Corsicana Bedding, LLC (3019) ("Corsicana"); Thetford Leasing LLC (7227) ("Thetford"); Olive Branch Building, LLC (7227) ("Olive Branch") (case dismissed effective Sept. 16, 2022); Eastern Sleep Products Company (1185) ("Eastern Sleep"); Englander-Symbol Mattress of Mississippi, LLC (5490) ("Englander Symbol"); Hylton House Furniture, Inc. (5992) ("Hylton House"); Luuf, LLC (3450) ("Luuf"); Symbol Mattress of Florida, Inc. (4172) ("Symbol Florida"); Symbol Mattress of Pennsylvania, Inc. (3160) ("Symbol Pennsylvania"); Symbol Mattress of Wisconsin, Inc. (0871) ("Symbol Wisconsin"); Symbol Mattress Transportation, Inc. (1185) ("Symbol Transportation"); and Master Craft Sleep Products, Inc. (4961) ("Master Craft"). The location of the Debtors' service address is P.O. Box 3233, Fort Worth, TX 76113.

4858-3360-3904

On this date the Court considered the *Debtors' Expedited Final Omnibus Motion to Reject Certain Executory Contracts and Unexpired Leases Pursuant to Section 365 of the Bankruptcy Code and Bankruptcy Rule 6006* (the "Motion")[2] of Corsicana Bedding, LLC, *et al.* (collectively, the "Debtors"). The Court finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtors, their estates, and their creditors; (iv) proper and adequate notice of the Motion has been given and no other or further notice is necessary; and (v) upon the record herein after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein. Therefore,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is granted as set forth herein.

2.      Pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006, the Contracts included on **Schedule 1** attached hereto are hereby rejected as of November 30, 2022 without further order of the Court and without the need for further action by the Debtors or any other party.

3.      Pursuant to Bankruptcy Code section 365 and Bankruptcy Rule 6006, the Lease included on **Schedule 2** attached hereto is hereby rejected as of January 31, 2023 without further order of the Court and without the need for further action by the Debtors or any other party.

4.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # # END OF ORDER # # #

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to such terms in the Motion.

4858-3360-3904

**Submitted by:**

Stephen M. Pezanosky
State Bar No. 15881850
Eli O. Columbus
State Bar No. 24028062
David L. Staab
State Bar No. 24093194
Thomas J. Zavala
State Bar No. 24116265
**HAYNES AND BOONE, LLP**
301 Commerce Street, Suite 2600
Fort Worth, TX 76102
Telephone: 817.347.6600
Facsimile: 817.347.6650
Email: stephen.pezanosky@haynesboone.com
Email: eli.columbus@haynesboone.com
Email: david.staab@haynesboone.com
Email: tom.zavala@haynesboone.com

**ATTORNEYS FOR DEBTORS**

## Schedule 1

| # | Contract Counterparty | Debtor Party | Title of Contract | Additional Details | Cure Notice | Item # | Effective Date |
|---|---|---|---|---|---|---|---|
| 1. | CDW Direct LLC | Corsicana Bedding, LLC | Veeam Premium Support - Technical Support (Renewal) | Software and IT support | Dkt. 348 | 57 | 11/30/2022 |
| 2. | Kenya Rax | Corsicana Bedding, LLC | Retention Bonus Agreement with Bedding | Retention Bonus Agreement | Dkt. 348 | 129 | 11/30/2022 |

4858-3360-3904

## Schedule 2

| # | Contract Counterparty | Debtor Party | Title of Contract | Additional Details | Cure Notice | Item # | Effective Date |
|---|---|---|---|---|---|---|---|
| 1. | Phoenix Multi-State Holdings One LLC | Corsicana Bedding, LLC | Lease Agreement By And Between Moran Real Estate Properties, Ltd, As Landlord And Corsicana Operating Co., LLC, As Tenant | State Route 505, Winlock, Washington - plant lease | Dkt. 219 | 202 | 1/31/2023 |